**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | Case No. 2:16-cv-693-JRG |
| Plaintiff, | |
| v. | LEAD CASE |
| CENTURYLINK, INC., *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |
| | |
| ALACRITECH, INC., | |
| Plaintiff, | Case No. 2:16-cv-695-JRG |
| v. | JURY TRIAL DEMANDED |
| DELL INC., | |
| Defendant. | |

**DEFENDANT DELL INC.'S
ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendant Dell Inc. ("Dell") responds to Alacritech, Inc.'s Complaint as follows.  Any allegation Dell does not expressly admit should be deemed denied.

**THE PARTIES**[1]

1.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.      Dell admits the allegations of Paragraph 2 of the Complaint.

---

[1] To avoid confusion, Dell uses the headings used by Alacritech, but Dell does not intend any admissions or endorsement of their contents.

## NATURE OF THE ACTION

3.      Dell admits that this is a patent infringement case but denies that Plaintiff has any viable claim.

4.      Dell admits Alacritech purports to seek injunctive relief and monetary damages in its Complaint. Dell denies the remaining allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Dell admits this is a patent infringement case and that the Court has subject matter jurisdiction but denies that Plaintiff has any viable claim.

6.      Dell admits it transacts business within the State of Texas. Dell further admits its global headquarters are in Round Rock, Texas, and that it maintains facilities in Austin, Texas. Dell admits this Court has personal jurisdiction over it. Dell denies it has committed any acts of infringement in this or any judicial district and denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Dell admits it has been a party to previous patent cases in this District.

8.      Dell admits venue is proper in this District but reserves the right to argue that another venue may be clearly more convenient. Dell denies the remaining allegations of Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

### Alacritech's History

9.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies them.

10.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies them.

11.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies them.

12.     Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies them.

**Alacritech's Asserted Patents**

13.     Paragraph 13 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 14 of the Complaint.

15.     Paragraph 15 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 15 of the Complaint.

16.     Paragraph 16 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 21 of the Complaint.

22.     Paragraph 22 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 23 of the Complaint.

24.     Paragraph 24 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 24 of the Complaint.

25.     Paragraph 25 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 25 of the Complaint.

26.     Paragraph 26 contains subjective characterizations of technology not related to Plaintiff's claims to which no response is required. To the extent a response is required, Dell denies the allegations in Paragraph 26 of the Complaint.

**Dell's [Allegedly] Infringing Technologies**

27.     Dell denies the allegations of Paragraph 27 of the Complaint.

28.     Dell denies the allegations of Paragraph 28 of the Complaint.

29.     Dell denies the allegations of Paragraph 29 of the Complaint.

30.     Dell denies the allegations of Paragraph 30 of the Complaint.

## COUNT I

### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,124,205

31.     Dell incorporates Paragraphs 1-30 of this Answer as if set forth fully here.

32.     Dell admits that what appears to be a copy of United States Patent No. 7,124,205 ("the '205 Patent"), entitled "Network Interface Device that Fast-Path Processes Solicited Session Layer Read Commands," is attached as Exhibit A to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 of the Complaint, and therefore denies them.

33.     Dell denies the allegations of Paragraph 33 of the Complaint.

34.     Dell denies the allegations of Paragraph 34 of the Complaint.

35.     Dell denies the allegations of Paragraph 35 of the Complaint.

36.     Dell denies the allegations of Paragraph 36 of the Complaint.

37.     Dell admits that counsel for Dell Products LP disclosed the existence of the '205 Patent to the U.S. Patent and Trademark Office in an Information Disclosure Statement during prosecution of U.S. Patent Application No. 11/625,179, but denies that this disclosure constituted,

among other things, any sort of admission or notice of infringement or created any awareness of risk of allegations of infringement of the '205 Patent. Dell denies the remaining allegations of Paragraph 37 of the Complaint.

38.      Dell denies the allegations of Paragraph 38 of the Complaint.

39.      Dell denies the allegations of Paragraph 39 of the Complaint.

40.      Dell denies the allegations of Paragraph 40 of the Complaint.

41.      Dell denies the allegations of Paragraph 41 of the Complaint.

42.      Dell denies the allegations of Paragraph 42 of the Complaint.

43.      Dell denies the allegations of Paragraph 43 of the Complaint.

44.      Dell denies the allegations of Paragraph 44 of the Complaint.

## COUNT II

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,237,036

45.      Dell incorporates Paragraphs 1-44 of this Answer as if set forth fully here.

46.      Dell admits that what appears to be a copy of United States Patent No. 7,237,036 ("the '036 Patent"), entitled "Fast-Path Apparatus for Receiving Data Corresponding a TCP Connection," is attached as Exhibit B to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Complaint, and therefore denies them.

47.      Dell denies the allegations of Paragraph 47 of the Complaint.

48.      Dell denies the allegations of Paragraph 48 of the Complaint.

49.      Dell denies the allegations of Paragraph 49 of the Complaint.

50.      Dell denies the allegations of Paragraph 50 of the Complaint.

51.      Dell denies the allegations of Paragraph 51 of the Complaint.

52.     Dell denies the allegations of Paragraph 52 of the Complaint.

53.     Dell denies the allegations of Paragraph 53 of the Complaint.

54.     Dell denies the allegations of Paragraph 54 of the Complaint.

55.     Dell denies the allegations of Paragraph 55 of the Complaint.

56.     Dell denies the allegations of Paragraph 56 of the Complaint.

57.     Dell denies the allegations of Paragraph 57 of the Complaint.

## COUNT III

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,337,241

58.     Dell incorporates Paragraphs 1-57 of this Answer as if set forth fully here.

59.     Dell admits that what appears to be a copy of United States Patent No. 7,337,241 ("the '241 Patent"), entitled "Fast-Path Apparatus for Receiving Data Corresponding to a TCP Connection," is attached as Exhibit C to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Complaint, and therefore denies them.

60.     Dell denies the allegations of Paragraph 60 of the Complaint.

61.     Dell denies the allegations of Paragraph 61 of the Complaint.

62.     Dell denies the allegations of Paragraph 62 of the Complaint.

63.     Dell denies the allegations of Paragraph 63 of the Complaint.

64.     Dell denies the allegations of Paragraph 64 of the Complaint.

65.     Dell denies the allegations of Paragraph 65 of the Complaint.

66.     Dell denies the allegations of Paragraph 66 of the Complaint.

67.     Dell denies the allegations of Paragraph 67 of the Complaint.

68.     Dell denies the allegations of Paragraph 68 of the Complaint.

69.     Dell denies the allegations of Paragraph 69 of the Complaint.

70.     Dell denies the allegations of Paragraph 70 of the Complaint.

## COUNT IV

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,673,072

71.     Dell incorporates Paragraphs 1-70 of this Answer as if set forth fully here.

72.     Dell admits that what appears to be a copy of United States Patent No. 7,673,072 ("the '072 Patent"), entitled "Fast-Path Apparatus for Transmitting Data Corresponding to a TCP Connection," is attached as Exhibit D to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 72 of the Complaint, and therefore denies them.

73.     Dell denies the allegations of Paragraph 73 of the Complaint.

74.     Dell denies the allegations of Paragraph 74 of the Complaint.

75.     Dell denies the allegations of Paragraph 75 of the Complaint.

76.     Dell denies the allegations of Paragraph 76 of the Complaint.

77.     Dell denies the allegations of Paragraph 77 of the Complaint.

78.     Dell denies the allegations of Paragraph 78 of the Complaint.

79.     Dell denies the allegations of Paragraph 79 of the Complaint.

80.     Dell denies the allegations of Paragraph 80 of the Complaint.

81.     Dell denies the allegations of Paragraph 81 of the Complaint.

82.     Dell denies the allegations of Paragraph 82 of the Complaint.

83.     Dell denies the allegations of Paragraph 83 of the Complaint.

## COUNT V

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,945,699

84.     Dell incorporates Paragraphs 1-83 of this Answer as if set forth fully here.

85.     Dell admits that what appears to be a copy of United States Patent No. 7,945,699 ("the '699 Patent"), entitled "Obtaining a Destination Address so that a Network Interface Device Can Write Network Data without Headers Directly into Host Memory," is attached as Exhibit E to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 85 of the Complaint, and therefore denies them.

86.     Dell denies the allegations of Paragraph 86 of the Complaint.

87.     Dell denies the allegations of Paragraph 87 of the Complaint.

88.     Dell denies the allegations of Paragraph 88 of the Complaint.

89.     Dell denies the allegations of Paragraph 89 of the Complaint.

90.     Dell denies the allegations of Paragraph 90 of the Complaint.

91.     Dell denies the allegations of Paragraph 91 of the Complaint.

92.     Dell denies the allegations of Paragraph 92 of the Complaint.

93.     Dell denies the allegations of Paragraph 93 of the Complaint.

94.     Dell denies the allegations of Paragraph 94 of the Complaint.

95.     Dell denies the allegations of Paragraph 95 of the Complaint.

96.     Dell denies the allegations of Paragraph 96 of the Complaint.

## COUNT VI

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,131,880

97.     Dell incorporates Paragraphs 1-96 of this Answer as if set forth fully here.

98.     Dell admits that what appears to be a copy of United States Patent No. 8,131,880 ("the '880 Patent"), entitled "Intelligent Network Interface Device and System for Accelerated Communication," is attached as Exhibit F to the Complaint. Dell is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98 of the Complaint, and therefore denies them.

99.     Dell denies the allegations of Paragraph 99 of the Complaint.

100.    Dell denies the allegations of Paragraph 100 of the Complaint.

101.    Dell denies the allegations of Paragraph 101 of the Complaint.

102.    Dell denies the allegations of Paragraph 102 of the Complaint.

103.    Dell denies the allegations of Paragraph 103 of the Complaint.

104.    Dell denies the allegations of Paragraph 104 of the Complaint.

105.    Dell denies the allegations of Paragraph 105 of the Complaint.

106.    Dell denies the allegations of Paragraph 106 of the Complaint.

107.    Dell denies the allegations of Paragraph 107 of the Complaint.

108.    Dell denies the allegations of Paragraph 108 of the Complaint.

109.    Dell denies the allegations of Paragraph 109 of the Complaint.

## COUNT VII

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,805,948

110.    Dell incorporates Paragraphs 1-109 of this Answer as if set forth fully herein.

111.    Dell admits that what appears to be a copy of United States Patent No. 8,805,948 ("the '948 Patent"), entitled "Intelligent Network Interface System and Method for Protocol Processing," is attached as Exhibit G to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 of the Complaint, and therefore denies them.

112.    Dell denies the allegations of Paragraph 112 of the Complaint.

113.    Dell denies the allegations of Paragraph 113 of the Complaint.

114.     Dell denies the allegations of Paragraph 114 of the Complaint.

115.     Dell denies the allegations of Paragraph 115 of the Complaint.

116.     Dell denies the allegations of Paragraph 116 of the Complaint.

117.     Dell denies the allegations of Paragraph 117 of the Complaint.

118.     Dell denies the allegations of Paragraph 118 of the Complaint.

119.     Dell denies the allegations of Paragraph 119 of the Complaint.

120.     Dell denies the allegations of Paragraph 120 of the Complaint.

121.     Dell denies the allegations of Paragraph 121 of the Complaint.

122.     Dell denies the allegations of Paragraph 122 of the Complaint.

## COUNT VIII

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,055,104

123.     Dell incorporates Paragraphs 1-122 of this Answer as if set forth fully here.

124.     Dell admits that what appears to be a copy of United States Patent No. 9,055,104 ("the '104 Patent"), entitled "Freeing Transit Memory on a Network Interface Device Prior to Receiving an Acknowledgement that Transmit Data Has Been Received by a Remote Device," is attached as Exhibit H to the Complaint. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 of the Complaint, and therefore denies them.

125.     Dell denies the allegations of Paragraph 125 of the Complaint.

126.     Dell denies the allegations of Paragraph 126 of the Complaint.

127.     Dell denies the allegations of Paragraph 127 of the Complaint.

128.     Dell denies the allegations of Paragraph 128 of the Complaint.

129.     Dell denies the allegations of Paragraph 129 of the Complaint.

130.  Dell denies the allegations of Paragraph 130 of the Complaint.

131.  Dell denies the allegations of Paragraph 131 of the Complaint.

132.  Dell denies the allegations of Paragraph 132 of the Complaint.

133.  Dell denies the allegations of Paragraph 133 of the Complaint.

134.  Dell denies the allegations of Paragraph 134 of the Complaint.

135.  Dell denies the allegations of Paragraph 135 of the Complaint.

**PLAINTIFF'S PRAYER FOR RELIEF**

Dell denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

**DEMAND FOR JURY TRIAL**

Dell admits that Plaintiff demands a trial by jury on all issues so triable in this action. Dell also demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and without assuming any burden it would not otherwise bear, Dell currently asserts the following defenses to Plaintiff's Complaint:

**First Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Defense**

Dell does not infringe, and has not infringed, any claim of the Asserted Patents literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## Third Defense

The claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Fourth Defense

By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications resulting in the issuance of the Asserted Patents, Plaintiff is estopped from claiming infringement by Dell of one or more claims of the Asserted Patents.

## Fifth Defense

Plaintiff's claims for patent infringement are precluded in whole or in part: (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to Dell by an entity or entities having express or implied licenses to the Asserted Patents; and/or (ii) under the doctrine of patent exhaustion.

## Sixth Defense

Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages before the filing of its Complaint. Plaintiff is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## Seventh Defense

Plaintiff is barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands. On information and belief, by delaying filing this suit for more than six years after the date it was or should have been aware of Dell's allegedly infringing acts, Plaintiff has sought to gain an advantage over Dell, and Dell has been materially prejudiced. Plaintiff is also barred by issue preclusion from reasserting or altering its,

or its predecessor-in-interest's, positions on factual and legal issues that were previously adjudicated.

## PRAYER FOR RELIEF

Dell respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that the Asserted Patents be found invalid and not infringed, that Plaintiff take nothing from this Complaint, that this case be found exceptional in Dell's favor under 35 U.S.C. § 285, and that Dell be awarded its reasonable attorney fees, expenses, costs, and such further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Dell counterclaims against Plaintiff Alacritech, Inc. as follows:

## NATURE AND BASIS OF ACTION

136.   This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 et seq. Dell requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent Nos. 7,124,205; 7,237,036; 7,337,241; 7,673,072; 7,945,699; 8,131,880; 8,805,948; and 9,055,104 (collectively, "Asserted Patents"); and (ii) the claims of the Asserted Patents are invalid.

## THE PARTIES

137.   Dell is a Delaware Corporation with its principal place of business at 1 Dell Way, Round Rock, Texas 78682-2222.

138.   According to Plaintiff's Complaint, Plaintiff is a California corporation with its principal place of business at P.O. Box 20307, San Jose, California 95160.

## JURISDICTION AND VENUE

14

139.    Subject to Dell's defenses and denials, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court also has supplemental jurisdiction over Dell's Counterclaims under 28 U.S.C. § 1367.

140.    Subject to Dell's defenses and denials, and any request to seek transfer of venue under 28 U.S.C. § 1404(a), personal jurisdiction and venue are proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because, among other reasons, Plaintiff has submitted to the venue of this Court by filing its Complaint here.

## FACTUAL ALLEGATIONS

141.    Upon information and belief, Plaintiff purports to be the owner by assignment of the Asserted Patents.

142.    Dell does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the Asserted Patents.

143.    Upon information and belief, all claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

144.    Dell realleges and reincorporates the allegations of Paragraphs 136 through 143, inclusive, of its Counterclaims as if set forth here in full.

145.    Dell has not infringed, and does not directly or indirectly infringe (such as by inducement or contributory infringement) any valid and enforceable claim of the Asserted Patents and has not otherwise committed any acts of patent infringement or in violation of 35 U.S.C. § 271.

146.    An actual case and controversy exists between Dell and Plaintiff based on Plaintiff having filed the Complaint against Dell alleging infringement of the Asserted Patents.

147.    Dell has been injured and damaged by Plaintiff's lawsuit.

148.    Dell therefore seeks a declaration that it has not infringed, and does not directly or indirectly infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

149.    Dell realleges and reincorporates the allegations of Paragraphs 136 through 143, inclusive, of its Counterclaims as if set forth here in full.

150.    The claims of the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*, including §§ 101, 102, 103, and/or 112.

151.    An actual controversy exists between Dell and Plaintiff based on Plaintiff having filed the Complaint against Dell alleging infringement of the Asserted Patents.

152.    Dell has been injured and damaged by Plaintiff's lawsuit.

153.    Dell therefore seeks a declaration that the Asserted Patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. § 1 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Dell respectfully prays for judgment in its favor and against Plaintiff as follows:

a.    Dismissing with prejudice Plaintiff's Complaint.

b.    Denying Plaintiff any relief against Dell.

c.    Declaring that the claims of the '205 Patent are invalid.

d.    Declaring that the claims of the '036 Patent are invalid.

16

e.  Declaring that the claims of the '241 Patent are invalid.

f.  Declaring that the claims of the '072 Patent are invalid.

g.  Declaring that the claims of the '699 Patent are invalid.

h.  Declaring that the claims of the '880 Patent are invalid.

i.  Declaring that the claims of the '948 Patent are invalid.

j.  Declaring that the claims of the '104 Patent are invalid.

k.  Declaring that the claims of the '205 Patent are not infringed by Dell.

l.  Declaring that the claims of the '036 Patent are not infringed by Dell.

m.  Declaring that the claims of the '241 Patent are not infringed by Dell.

n.  Declaring that the claims of the '072 Patent are not infringed by Dell.

o.  Declaring that the claims of the '699 Patent are not infringed by Dell.

p.  Declaring that the claims of the '880 Patent are not infringed by Dell.

q.  Declaring that the claims of the '948 Patent are not infringed by Dell.

r.  Declaring that the claims of the '104 Patent are not infringed by Dell.

s.  Declaring that this is an exceptional case under 35 U.S.C. § 285 entitling Dell to its reasonable attorney fees, expenses, and costs in this action; and

t.  Awarding Dell such further relief as the Court may deem just and proper.

Dated:  August 25, 2016

Respectfully submitted,

*/s/ Michael J. Newton*
Deron R Dacus
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Tel: 903/705-1117
Fax: 903/581-2543
ddacus@dacusfirm.com

Michael J. Newton
Brady Cox
ALSTON & BIRD, LLP
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201-2139
Tel: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

David M. Stein
ALSTON & BIRD, LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-3004
Tel: (213) 576-1000
Fax: (213) 576-1100
david.stein@alston.com

Kirk T. Bradley
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1000
Fax: (704) 444-1111
kirk.bradley@alston.com

**Attorneys for Defendant**
**Dell Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2016, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Michael J. Newton*
Michael J. Newton