# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH, INC., | § § | |
| *Plaintiff*, | § § | Civil Action No. 2:16-cv-693-JRG |
| v. | § § | JURY TRIAL DEMANDED |
| | § § | |
| TIER 3, INC., SAVVIS COMMUNICATIONS CORP., CENTURYLINK COMMUNICATIONS, LLC | § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS TIER 3, INC., SAVVIS COMMUNICATIONS CORP., AND CENTURYLINK COMMUNICATIONS, LLC'S MOTION TO DISMISS PLAINTIFF ALACRITECH INC.'S INDIRECT INFRINGEMENT CLAIMS <u>PURSUANT TO RULE 12(B)(6)</u>

**I.      INTRODUCTION**

Defendants CenturyLink Communications, LLC, Savvis Communications Corp. and Tier 3, Inc. (collectively, "CenturyLink") hereby move to dismiss Plaintiff Alacritech, Inc.'s ("Alacritech") indirect infringement claims contained in its First Amended Complaint (D.I. 29, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. Specifically, Alacritech's allegations of (1) induced infringement and (2) contributory infringement are deficiently pled and should be dismissed. Alacritech supports its indirect infringement claims with nothing more than legal conclusions and attorney argument. Rather than tie specific factual allegations to CenturyLink's actions, Alacritech repeats the same conclusory language for each of the eight asserted patents. The mere recitation of the legal standards for induced and contributory infringement fails to provide the factual underpinnings for the required elements of these claims. Because Alacritech has not supported its allegations with facts that fairly put CenturyLink on notice of what it must defend, Alacritech's indirect infringement claims should be dismissed.

**II.     ALACRITECH'S BOILERPLATE ALLEGATIONS**

Alacritech's infringement allegations against CenturyLink are unusual in that the primary basis for the alleged infringement is CenturyLink's use of third party hardware, specifically Dell servers and Intel controllers. (*See* FAC ¶¶ 34, 40, 53, 65, 79, 92, 104, 117, 130.) It is undisputed that CenturyLink does not make or manufacture the specific products identified in the First Amended Complaint. (*See id.* (accusing CenturyLink of "using servers and other network devices from Dell and others").) Rather, Alacritech relies on CenturyLink's use of Dell and Intel hardware as the foundation for all of its infringement claims. (*See id.*) Despite asserting eight separate patents, however, Alacritech uses nearly identical language across each of the patents—language which is also repeated nearly verbatim in Alacritech's lawsuit against Dell. (*Compare*

1

16-cv-00695 D.I. 1, "Dell Complaint" ¶¶ 35, 49, 63, 75, 88, 101, 114, 127 *with* FAC ¶¶ 40, 53, 65, 79, 92, 104, 117, 130.)

For induced infringement, Alacritech repeats the same boilerplate allegations, which include no CenturyLink-specific facts:

> CenturyLink makes, uses, imports, offers for sale, and/or sells the . . . Accused Activities (including, for example, those described above) with knowledge of or willful blindness to the fact that its actions will induce CenturyLink's customers to infringe the [asserted patent]. CenturyLink induces others to infringe the [asserted patent] in violation of 35 U.S.C. § 271 by encouraging and facilitating others to practice the [Asserted Patent's] inventions for accelerated network communications with intent that those performing the acts infringe the [Asserted Patent]. For example, CenturyLink provides . . . Accused Activities, such as services wherein CenturyLink supports and provides, sets up and/or operates equipment for its customers, causing its customers to [perform infringing functionality or practice infringing protocols]. When CenturyLink's customers utilize these Accused Activities, they practice one or more claims of the [asserted patent]. By providing its customers with . . . Accused Activities that cause its customers to [perform infringing functionality and/or practice infringing protocols], CenturyLink induces those customers to infringe the [asserted patent].

(FAC at ¶¶ 43, 55, 68, 81, 94, 107, 120, 133.)[1]

Alacritech's contributory infringement allegations are similarly conclusory and lack facts specific to CenturyLink:

> CenturyLink also contributes to the infringement of the [asserted patent] in violation of 35 U.S.C. § 271. CenturyLink knows that infringing components of equipment it provides in connection with the . . . Accused Activities are especially made or especially adapted for use in the infringement of the [asserted patent]. The infringing components of this equipment are not staple articles or commodities of commerce suitable for substantial non-infringing use, and the infringing components of this equipment are a material part of the invention of the [asserted patent]. The equipment CenturyLink provides in connection with the . . . Accused Activities contains infringing components such as specialized hardware and/or software for [performing infringing functionality and/or practicing infringing protocols], which are separable from the equipment, material to practicing the [asserted patent]'s inventions for accelerated network

---

[1] That Alacritech asserted nearly identical indirect—and direct—infringement allegations in its parallel case against Dell further demonstrates that Alacritech's allegations are generic and not specifically tied to CenturyLink's actions. (*See* Dell Complaint at ¶¶ 38, 52, 65, 74, 84, 100, 113, 126.)

2

> communications, and have no substantial noninfringing use. Accordingly, CenturyLink is also contributing to the direct infringement of the [asserted patent] by its customers.

(FAC at ¶¶ 44, 56, 69, 82, 95, 108, 121, 134.)

As discussed in further detail below, this rote recitation of the legal requirements of induced and contributory infringement for each of the eight asserted patents is insufficient to state a claim for relief. Alacritech's boilerplate allegations of indirect infringement should be dismissed.

### III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Id*. In disposing of a Rule 12(b)(6) motion the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

IV.    **ARGUMENT**

Alacritech accuses CenturyLink of directly and indirectly infringing eight distinct patents. Yet Alacritech recites the same conclusory indirect infringement allegations—nearly *verbatim*—for each of these patents. (*Compare* FAC ¶¶ 43, 55, 68, 81, 94, 107, 120, 133.) At their core, these allegations are little more than legal conclusions and attorney argument and are insufficient to defeat CenturyLink's motion. *See SCLC v. Sup. Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation and citation omitted). Specifically, Alacritech fails to plead any *facts* supporting (1) pre-suit knowledge of the asserted patents—a requirement for pre-suit indirect infringement; (2) CenturyLink's alleged specific intent—a required element for induced infringement; and (3) allegations that the accused products have no uses other than infringement—as required by the Federal Circuit's *Bill of Lading* decision.

A.    **Alacritech Fails to Plead Facts Supporting Pre-Suit Indirect Infringement**

Knowledge of the existence of the patent that is allegedly infringed is a requirement for indirect infringement. *See Global-Tech Appliances Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011) (knowledge of patent required for both inducement of infringement and contributory infringement claims); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (A claim for inducement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."). When filing its complaint, then, Alacritech was "required to have a good faith basis" for its allegations of induced and contributory infringement. *See* Declaration of Stephen Morton ("Morton Decl."), Ex. 1, *Bush Seismic Techs., LLC v. Am. Gem. Soc.*, No. 2:14-cv-1809-JRG, slip op. at 5 (E.D. Tex. Apr. 13, 2016) (citing Fed. R. Civ. P. 8, 11(b).).

4

As such, to the extent Alacritech sought to assert a claim for any alleged *pre-suit* indirect infringement, it was required to plead facts that would support a "plausible inference" that CenturyLink had *pre-suit* knowledge of the patents at issue. *Iqbal*, 556 U.S. at 678. Alacritech has failed to do so. Rather, Alacritech simply alleges that "CenturyLink has actual knowledge of Alacritech's rights in [the asserted patents] and the details of CenturyLink's infringement of [the asserted patents] based on *at least* the filing and service of the Original Complaint." (FAC ¶¶ 42, 54, 67, 80, 93, 106, 119, 132 (emphasis added).) This is insufficient to support a claim for pre-suit indirect infringement. *See* Morton Decl. Ex. 1, *Bush Seismic*, slip op. at 5 (dismissing induced infringement claims based solely on post-suit conduct which "had not yet occurred"); *cf.* Morton Decl. Ex. 2, *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, Case No. 2-13-cv-750-JRG (E.D. Tex. May 15, 2014) (dismissing indirect infringement claims based solely on filing of complaint where patents expired days after filing).

Nowhere does Alacritech provide a plausible factual basis—or even allege—that defendants had knowledge of *any* asserted patent prior to Alacritech filing its First Amended Complaint. Accordingly, the Court should dismiss Alacritech's *pre-suit* indirect infringement claims.

**B.   Alacritech Fails to Plead Facts Showing Specific Intent to Induce Infringement**

In order to state a claim for induced infringement under 35 U.S.C. § 271(b), a plaintiff must plausibly allege (1) that a third party, or the defendant in combination with a third party, has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-06 (Fed. Cir. 2006); *MEMC Elec. Materials, Inc. v. Mitsubishi Material Silicon Corp*, 420 F.3d

5

1369, 1378 (Fed. Cir. 2005). In other words, a claim of induced infringement "must contain facts plausibly showing that [the defendant] *specifically intended* [its] customers to infringe the [asserted] patent and *knew* that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339 (emphasis added); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (emphasis added).[2] Mere recitation of the aforementioned elements is insufficient. *See* Morton Decl., Ex. 3, *Nobel Biz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-360-MHS, slip op. at 6 (E.D. Tex. Oct. 14, 2014) ("[A] claim for induced infringement cannot survive a motion to dismiss if the complaint 'merely repeats the exact language from the statute without adding any factual allegations.'") (internal citations omitted). Finally, specific intent requires more than "mere knowledge of possible infringement." *In re Bill of Lading*, 681 F.3d at 1339.

Here, Alacritech merely paraphrases the legal standard without pleading any facts that could support an inference of CenturyLink's specific intent to induce infringement. Instead, Alacritech relies on generic allegations, which, if accepted as sufficient, would render the Federal Circuit's pleading requirements superfluous. For each asserted patent, Alacritech recites the same conclusory legalese: "CenturyLink induces others to infringe the [asserted patents] in violation of 35 U.S.C. § 271 by encouraging and facilitating others to practice the [asserted

---

[2] *See also Global-Tech,* 1563 U.S. at 766 ("[A]ccordingly, we now hold that induced infringement under § 271(b) *requires knowledge* that the induced *acts constitute patent infringement*.") (emphasis added); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1928 (2015) ("Global-Tech requires . . . proof the defendant knew the acts were infringing. And the Court's opinion was clear in rejecting any lesser mental state as the standard."); *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-CV-38-JRG, 2014 U.S. Dist. LEXIS 28249, at *4-5 (E.D. Tex. Mar. 3, 2014) (A "plaintiff must plausibly allege (1) that a third party, or the defendant in combination with a third party, has performed acts sufficient to constitute infringement; (2) that the defendant knew of the patent and that the acts in question would infringe; and (3) that the defendant had specific intent to encourage the third party's infringement.") (internal citations omitted).

6

patents'] inventions for accelerated network communication with intent that those performing acts infringe the [asserted patents]." (FAC at ¶¶ 43, 55, 68, 81, 94, 107, 120, 133.) In support of these legal conclusions, Alacritech points only to CenturyLink's provision of "services wherein CenturyLink supports and provides, sets up and/or operates equipment for its customers." (*Id.*) The acts of supporting, providing, setting up, and/or operating equipment are universal business practices and would be present in nearly every single case of alleged infringement. Allowing plaintiffs to escape Rule 12 scrutiny simply by pointing to generic activities conducted by every single business entity does not fairly apprise CenturyLink of what actions it must defend and, as such, flies in the face of *Iqbal*, *Twombly*, and *Bill of Lading*.

Alacritech's recitation of legal conclusions without identifying any specific facts supporting CenturyLink's alleged specific intent to induce infringement is insufficient. *See* Morton Decl. Ex. 3, *Nobel Biz* at 7 (finding the court was "without sufficient factual allegations to draw inferences in [plaintiff's] favor that [defendant] knew of the [asserted patents] and intended others to infringe those patents."). Alacritech simply failed to plead a single fact from which the Court can conclude that CenturyLink knowingly induced any third party to infringe the asserted patents or specifically intended to encourage such infringement. Nor does the First Amended Complaint allege facts from which the Court can reasonably infer that CenturyLink had actual "knowledge that the induced acts constitute patent infringement," or at least "willful blindness," as required by *Global-Tech*, 563 U.S. at 766. Any one of these deficiencies is sufficient to dismiss of Alacritech's inducement claims—together they render dismissal a necessity.

### C.  Alacritech's Contributory Infringement Allegations Wholly Fail to Address Substantial Non-Infringing Uses

A patentee alleging contributory infringement under § 271(c) must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading,* 681 F.3d at 1337. "[T]he inquiry focuses on whether the accused products can be used for purposes *other than* infringement." *Id.* at 1338 (emphasis in original). A substantial non-infringing use is "any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'" *Id.* at 1337 (citing *Vita-Mix*, 581 F.3d at 1327-29).

*Bill of Lading* makes clear that to plead contributory infringement, a patentee must allege more than the bare statutory language that a component is not "suitable for substantial noninfringing use," and cannot merely allege that a component can be used to infringe. 681 F.3d at 1337. The patentee must "plead facts that allow an inference" that the accused component has <u>no</u> substantial non-infringing uses. *Id.* at 1327 Courts in this district, applying *Bill of Lading*, routinely dismiss claims of contributory infringement that fail to adequately allege a lack of substantial non-infringing uses. *See, e.g., inMotion Imagery Techs.*, 2012 WL 3283371, at *4 (dismissing contributory infringement claims for failure to allege "facts adequate for the Court to find an inference that such components have no substantial non-infringing uses"); Morton Decl., Ex. 4, *Blue Spike, LLC v. Tex. Instruments Inc.*, No. 6:12- cv-499, slip op. at 3, E.D. Tex. October 16, 2014 (dismissing contributory infringement claims where patentee alleged only that the accused systems "have no substantial non-infringing purpose"); *Cirrus Logic,* 2013 WL 8482270, at *4 (dismissing contributory infringement claims and noting "allegation that customers infringe when they use operating systems and components in accordance with [defendant's] instructions actually creates an inference that they might otherwise be used in a non-infringing manner"); Morton Decl. Ex. 3, *Nobel Biz* at 4-6 (dismissing contributory claims

for failure to allege knowledge of patents); Morton Decl. Ex. 5, *Cellular Commc'ns Equip. LLC v. HTC Corp.*, Case No. 6:13-cv-507, slip op. at 9-10 (E.D. Tex. Mar. 27, 2015) (dismissing contributory infringement claims); *Clear With Computers*, 2010 WL 3155888, at *1- *4 (dismissing indirect infringement claims).

Here, Alacritech's First Amended Complaint falls far short of the Federal Circuit's requirement. Indeed, Alacritech pleads *no facts* whatsoever supporting *any* inference that CenturyLink's products and services lack substantial non-infringing uses. Instead, Alacritech's "analysis" of substantial non-infringing uses for each of the eight asserted patents consists entirely of conclusory attorney argument:

> The equipment CenturyLink provides in connection with the . . . Accused Activities contains infringing components such as specialized hardware and/or software for [performing infringing functionality and/or practicing infringing protocols], which are separable from the equipment, material to practicing the [asserted patent]'s inventions for accelerated network communications, and have no substantial noninfringing use.

(FAC at ¶¶ 44, 56, 69, 82, 95, 108, 121, 134.) At best, these allegations are exactly the kind rejected in *Bill of Lading*: "they say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" 681 F.3d at 1338. Critically, Alacritech fails to (1) actually identify the allegedly infringing components beyond "hardware and/or software for" performing allegedly infringing acts; (2) explain how such unidentified components are "separable from the equipment;" (3) explain why such unidentified components are "material to practicing" the asserted patents; and (4) address whether the accused products can be used for purposes *other than* infringement, as required by *Bill of Lading*.

For all these reasons, Alacritech's contributory infringement claims should be dismissed for failing to allege facts supporting a plausible claim that the accused products lack any

9

substantial non-infringing use, as required by § 271(c) and *Bill of Lading*.

## V.  CONCLUSION

For the foregoing reasons CenturyLink respectfully requests that, pursuant to Rule 12(b)(6), the Court dismiss as insufficiently pled (i) Alacritech's allegations of pre-suit indirect infringement; (ii) Alacritech's allegations of induced infringement; and (iii) Alacritech's allegations of contributory infringement.

Dated:  September 16, 2016

Respectfully submitted,

By: */s/ Phillip E. Morton*

Jonathan G. Graves (VA Bar 46136)
Frank V. Pietrantonio (VA Bar 25473)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:  (703) 456-8000
Fax:  (703) 456-8100
fpietrantonio@cooley.com
jgraves@cooley.com

Phillip E. Morton (DC Bar 1032243)
COOLEY LLP
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax:  (202) 842-7899
pmorton@cooley.com

*Attorneys for Defendant* CENTURYLINK, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV- 5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 16th day of September, 2016.

      */s/ Phillip E. Morton*

135618216 v5