IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., *Plaintiff*, v. TIER 3, ET AL., WISTRON CORPORATION ET AL., DELL INC., *Defendants*. | 2:16-cv-00693-JRG (LEAD CASE) 2:16-cv-00692-JRG 2:16-cv-00695-JRG |

## ORDER REGARDING E-DISCOVERY

WHEREAS, Plaintiff Alacritech, Inc. and Defendants Tier 3, Inc., Savvis Communications, Corp., and CenturyLink Communications LLC (collectively, the "CenturyLink Group"), Wistron Corp., Wywinn Corp., and SMS Infocomm Corp. (collectively, the "Wistron Group"), and Dell Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of Electronically Stored Information ("ESI");

WHEREAS, the Parties seek an Order to streamline ESI discovery to promote a just, speedy, and inexpensive determination of this action in accordance with the Court's Model Order Regarding E-Discovery in Patent Cases and Federal Rule of Civil Procedure 1;

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

2.  The following parameters shall apply to ESI production:

    (a) **General Document Image Format**. Each electronic document not produced in its native format shall be produced in single-page Tagged Image File Format ("TIFF") format, JPEG format, or Portable Document Format ("PDF"). TIFF and JPEG files shall be single page and shall be named with a unique production number followed by the appropriate file extension. PDF files shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF and PDF files. If a document produced in TIFF or JPEG format is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    (b) **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    (c) **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

    (d) **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

    (e) **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    (f) **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be

    collected and preserved.

3.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

4.     E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] including 15 such e-mail custodians for each of Alacritech, Dell, of the Wistron Group, and the CenturyLink Group,[2] infringement contentions, and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

[2] The parties have agreed to the identification of number of most significant custodians and production from requested custodians set forth in this Order based on (1) the defendants' representations that there will be significant overlap between each defendant within a defendant group and (2) plaintiff's representations that Alacritech has a limited number of potential custodians. Only relevant custodians must be identified, which may result in a party or defendant group identifying fewer than 15 custodians if no additional relevant custodians exist. The parties agree to cooperate to modify these limits where ESI discovery has been taken in good faith and the parties cannot reasonably complete their discovery from an opposing party within the applicable limits.

        proper time frame for e-mail production requests.[3] The court may allow additional discovery upon a showing of good cause.

5. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of 8 custodians for each of Dell, Alacritech, the Wistron Group, and the CenturyLink Group for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

6. Each requesting party shall limit its e-mail production requests to a total of five search terms per custodian. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate

---

[3] The discovery provided for in this sentence (e.g. written requests and the deposition) is supplemental to the Discovery Order, and therefore, does not count against the limits provided for in that Order.

search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

7. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

8. Nothing in this Order shall require production of ESI, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If ESI, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces ESI, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced ESI, information or other material. The recipient(s) shall gather and return all copies of such ESI, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

9. The mere production of ESI in a litigation as part of a mass production shall not itself

- 6 -

   constitute a waiver for any purpose.

10. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

11. This Order does not govern the format for the production of source code, which shall be produced pursuant to the relevant provisions of the Protective Order. The parties agree that the search terms will not be applied to source code.

**So ORDERED and SIGNED this 28th day of September, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE