# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ALACRITECH, INC., a California corporation, | )<br>)<br>) |
| Plaintiff, | ) 2:16-cv-00693-JRG (LEAD CASE)<br>) |
| v. | ) 2:16-cv-00692-JRG<br>) |
| TIER 3, ET AL., WISTRON CORPORATION, ET AL., DELL INC., a Delaware corporation, | ) 2:16-cv-00695-RWS<br>)<br>) JURY TRIAL DEMANDED |
| Defendant. | )<br>) |

## CAVIUM, INC.'S DECLARATORY JUDGMENT COMPLAINT IN INTERVENTION

Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Cavium, Inc. ("Cavium") hereby alleges for its Complaint in Intervention as follows:

## PARTIES

1.  Cavium seeks a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

2.  Cavium is a Delaware corporation with its worldwide headquarters in San Jose, California. QLogic Corporation ("QLogic") is a wholly-owned subsidiary of Cavium and designs, manufactures, and sells, among other products, network adapters for use in computer systems. QLogic became part of Cavium after the filing of the Complaint by Alacritech.

3.  Upon information and belief, Plaintiff and Defendant in Intervention, Alacritech Inc., is a California corporation with its principal place of business in San Jose, California.

4.  This action arises under the patent law of the United States, 35 U.S.C. §§ 101 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Alacritech by virtue of, inter alia, its filing of the Complaint in this action.

## FACTUAL BACKGROUND

6.      On June 30, 2016, Alacritech filed a Complaint in this action accusing Cavium/QLogic customer Dell Inc. ("Dell") of making, using, selling, offering to sell and/or importing products that allegedly infringe United States Patent Nos. 7,124,205; 7,237,036; 7,337,241; 7,673,072; 7,945,699; 8,131,880; 8,805,948; 9,055,104 (respectively, the '205 Patent, the '036 Patent, the '241 Patent, the '072 Patent, the '699 Patent, the '880 Patent, the '948 Patent, and the '104 Patent; collectively, the "Asserted Patents"). [Complaint (Dkt. 1) in Case No. 2:16-CV-00695 RWS]

7.      Dell designs, manufactures, and sells certain computer systems that incorporate Cavium subsidiary QLogic's network adapters.

8.      Among other allegations, certain of Alacritech's allegations under seven of the Asserted Patents are directed against Dell's products that incorporate QLogic's network adapters.

9.      Alacritech's assertion that computer systems in which QLogic products provide networking functionality infringe certain of its patents is equivalent to accusing Cavium of infringement. For example, the Complaint alleges that Dell has infringed seven of the asserted patents based on its making, using, selling, offering for sale, and/or importing "the QLogic 57810S dual-port 10GbE SFP+ converged network adapter" among other QLogic products purchased by Dell and included in its accused servers. [Complaint (Dkt. 1), ¶34]. Alacritech's infringement claims include accusations specifically identifying QLogic products throughout the complaint. [Complaint (Dkt. 1), ¶¶ 34, 48, 61, 74, 100, 113 and 126]. Thus, Cavium has a direct and substantial interest in defending against Alacritech's infringement accusations in this action.

10. Cavium has agreed to a request from Dell to indemnify Dell, according to certain agreements between Dell and QLogic, in connection with Alacritech's claims directed at QLogic technology used in Dell's products. As a result, QLogic's parent, Cavium, has a substantial financial interest in the outcome of this litigation.

11. As a result of Alacritech's infringement allegations against Dell products and QLogic technology, Cavium has an objectively reasonable apprehension that Alacritech will claim that its products directly or indirectly infringe one or more of the Asserted Patents. Therefore, an actual controversy exists between Cavium and Alacritech. By intervening in this action, Cavium seeks the Court's assistance and declaration concerning these matters, which have been and are a subject of disagreement among the parties.

## COUNT I

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 7,124,205

12. Cavium incorporates by reference the allegations set forth in paragraphs 1-11.

13. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '205 Patent.

14. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '205 Patent.

15. Dell does not directly or indirectly infringe any claim of the '205 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium's networking technology.

16. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT II

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 7,237,036

17. Cavium incorporates by reference the allegations set forth in paragraphs 1-16.

18. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '036 Patent.

19. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '036 Patent.

20. Dell does not directly or indirectly infringe any claim of the '036 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium's networking technology.

21. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT III

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 7,337,241

22. Cavium incorporates by reference the allegations set forth in paragraphs 1-21.

23. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '241 Patent.

24. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '241 Patent.

25. Dell does not directly or indirectly infringe any claim of the '241 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium's networking technology.

26. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT IV

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 7,673,072

27. Cavium incorporates by reference the allegations set forth in paragraphs 1-26.

28. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '072 Patent.

29. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '072 Patent.

30. Dell does not directly or indirectly infringe any claim of the '072 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium's networking technology.

31. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT V

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 8,131,880

32. Cavium incorporates by reference the allegations set forth in paragraphs 1-31.

33. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '880 Patent.

34. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '880 Patent.

35. Dell does not directly or indirectly infringe any claim of the '880 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium's networking technology.

36. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT VI

### DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 8,805,948

37. Cavium incorporates by reference the allegations set forth in paragraphs 1-36.

38. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '948 Patent.

39. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '948 Patent.

40. Dell does not directly or indirectly infringe any claim of the '948 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium's networking technology.

41. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT VII

### DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 9,055,104

42. Cavium incorporates by reference the allegations set forth in paragraphs 1-41.

43. A valid and justiciable controversy has arisen and exists between Cavium and Alacritech regarding the '104 Patent.

44. By making, using, selling, offering to sell, marketing, licensing or importing its QLogic products, Cavium does not directly or indirectly infringe any claim of the '104 Patent.

45. Dell does not directly or indirectly infringe any claim of the '104 Patent by making, using, selling, offering to sell, marketing, licensing or importing products because of its use of Cavium networking technology.

46. A judicial declaration concerning these matters is necessary and appropriate at this time so that Cavium can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## **REQUEST FOR RELIEF**

Therefore, Cavium requests judgment as follows:

1. For a declaration that neither Cavium nor any of its products infringe (directly, indirectly, literally and/or under the doctrine of equivalents) any claim of the Asserted Patents;

2. For a declaration that no claim of the Asserted Patents is infringed (directly, indirectly, literally and/or under the doctrine of equivalents) by Dell or any other Cavium customer, by virtue of incorporating any Cavium product into any such customer's products;

3. For a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Cavium of its attorneys' fees, costs, and expenses in connection with this action; and

4. Such other further equitable or legal relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

      Cavium hereby demands a jury trial as to all issues triable to a jury.

| | |
|---|---|
| Dated: February 15, 2017 | Respectfully submitted, |

                                              */s/ Karineh Khachatourian*
                                              Karineh Khachatourian (CA Bar No. 202634)
                                              Duane Morris LLP
                                              2475 Hanover Street
                                              Palo Alto, CA  94304-1194
                                              Telephone:  (650) 847-4150
                                              Fax:  (650) 847-4151
                                              karinehk@duanemorris.com

                                              Melissa Richards Smith
                                              TX State Bar No. 24001351
                                              GILLAM & SMITH, LLP
                                              303 South Washington Avenue
                                              Marshall, Texas  75670
                                              Telephone:  (903) 934-8450
                                              Fax:  (903) 934-9257
                                              melissa@gillamsmithlaw.com

                                              Attorneys for Cavium, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 15, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith