**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | |
| v. | Case No. 2:16-cv-693-JRG |
| CENTURYLINK, INC., *et al.*, | LEAD CASE |
| Defendants. | |

**DEFENDANTS' FIRST MOTION TO AMEND INVALIDITY CONTENTIONS**

On December 20, 2016, Alacritech notified Defendants of what it perceived as deficiencies in Defendants' Patent L.R. 3-3 disclosures on November 11, 2016. Defendants began investigating these deficiencies and became aware of clerical errors that occurred in the creation of the PDFs produced to Alacritech. Through a series of correspondence and updated charts on January 10 and January 11, 2017, Defendants provided Alacritech with corrected charts. Defendants seek first to amend their invalidity contentions with the corrected charts they provided to Alacritech on January 10 and 11, 2017. Alacritech has indicated that it does not believe this supplementation prejudices it but regards Defendants' motion to thus amend its contentions as untimely.

Second, Intervenor Intel served invalidity contentions in this case on February 7, 2017, including art that Defendants were not aware of from their own prior art searches and further details about Intel prior art that was unavailable to Defendants when they filed their November 11 disclosures. Intel has successfully intervened in this case and will be permitted to assert the invalidity. Defendants seek to amend their invalidity contentions to incorporate Intel's

disclosures by reference.  There is no prejudice to Alacritech in having to investigate and defend against invalidity arguments it will already have to defend from Intel.

### A. The Errors in the November 11 Disclosures Remedied by the January 10 Charts Were Clerical in Nature and Defendants Worked Promptly to Remedy Them

On November 11, 2016, Defendants served PDFs containing their infringement contentions on Plaintiff.  For almost 40 days, Alacritech did not say anything about these contentions or any deficiencies thereof.  On December 20, 2016, Alacritech sent a letter to Defendants identifying what it believed to be deficiencies in Defendants' contentions.

While investigating Alacritech's objections to the sufficiency of Defendants' disclosures, Defendants identified two types of inadvertent clerical errors.  The first type dealt with the final creation for the charts sent to Plaintiff.  Defendants inadvertently missed copying and pasting a handful of line-item citations from several items of prior art when copying from their draft prior art reference-by-reference claim charts into the simplified "master" prior art claim charts for each patent to present to Plaintiff.  A small number of charts prepared by Defendants were also inadvertently not copied and pasted into the master charts.  The majority of Defendants' supplemental charts served on Plaintiff on January 10 correct this type of "cut-and-paste" error. Plaintiff has had these corrected charts in its possession since January 10, weeks before the parties' exchange of proposed claim constructions.  Defendants do not propose to identify any new art by correcting this error, but only to include citations for elements and certain references inadvertently not copied into the master charts.  Because Defendants are not introducing any new, undisclosed prior art references, only correcting and updating citations to specific elements within those prior art references, there will be minimal or no prejudice to Plaintiff by allowing these amendments.  *See Location Services IP, LLC v. Blue Cross & Blue Shield Assoc.*, Case No. 2:16-cv-00194-JRG, ECF No. 172, slip op. at * (Feb. 14, 2017) ("[T]he claimed prejudice is

particularly unpersuasive, because Defendants are not introducing new prior art references into the case.").

The second type of error resulted from a printing error when printing from Microsoft Word to PDF format, where the chart of prior art references for the '104 Patent inadvertently truncated the remainder of every row whenever it printed an image whose bounds slightly exceeded the margins of the page.  As a result, a large number of citations to prior art that appeared below those images for a given claim element were truncated for a number of elements. Defendants corrected this printing error (making no changes whatsoever to the substance of the underlying Word document used to create the November 11, 2016 contentions) and provided an updated chart to Alacritech on January 10, 2017.

Defendants were not aware of any of these clerical errors until they began investigating the served PDFs after Alacritech's December 20, 2016 letter, and promptly served the supplemental charts with explanations on January 10-11, 2017.  This represents a diligent attempt by Defendants to apprise Plaintiff of the issue once they became aware of it.  *Cf. Realtime Data v. Actian Corp.*, Case No. 6:15-cv-463, ECF No. 369, slip op. at *3 (Aug. 12, 2016, E.D. Tex.) (finding that filing a motion to amend contentions five months after original contentions was diligent and not dilatory because defendants reached out to plaintiff quickly in an attempt to come to an agreement).  There is no prejudice to Alacritech from allowing Defendants to make these corrections.

Defendants did not formally move to amend their invalidity contentions based on these corrections until now because they were under the impression that Alacritech was still reviewing the supplemental charts and that a conversation was still ongoing with Alacritech regarding the sufficiency of the corrected contentions.  *See* Ex. 1, Jan. 11, 2017 Email from Mike Newton to

Michelle Clark (responding to questions that Alacritech said they asked "to facilitate [their] evaluation of [Defendants'] letter and the new charts").  Defendants heard nothing further from Alacritech regarding these charts until Alacritech sent a letter on February 1 indicating it planned to move to strike Defendants' contentions within 48 hours.  Notably, in that motion to strike, Alacritech indicated that it would not oppose these proposed supplemental charts.  *See* Dkt. 124 at 2, n. 1 ("The prior art references Plaintiff seeks to strike by this motion do not include those references for which charts were corrected or completed with the January 11, 2017 proposed supplemental contentions.").  Defendants and Alacritech had a lead and local meet and confer regarding the contentions (and other matters) on February 28, 2017, and continued to negotiate thereafter regarding a proposed amendment that would work for all parties.

To preempt any argument that this motion is untimely, before submitting this motion to amend, Defendants waited for Alacritech to review the supplemental charts and had also waited to see if Intel provided additional information in its supplemental invalidity contentions that would be relevant, in order to only make one combined motion to amend.  Defendants and Plaintiff have continued to discuss whether they could reach agreement regarding these amendments of invalidity contentions and amendment of infringement contentions, though Alacritech did not send their proposal regarding infringement contentions until March 17.  *See* Ex. 2, March 17 email from Joe Paunovich to Michael Newton (discussing the ongoing "horse trade" discussion between plaintiff and defendants regarding amendment of contentions). Despite these good-faith negotiations, it appears that this motion is still contested by Alacritech. Given the ongoing negotiations between the two sides to attempt to arrive at an agreed-upon motion, this motion is timely, even further in view of the fact that Alacritech has had these proposed amendments in hand since January 10.

**B.  Defendants Should be Allowed to Amend The Cover Pleading to Identify References Originally Identified as Anticipatory as Section 103 References**

A small number of claims are identified as anticipated by certain references despite the fact that an element of those claims is not charted against the prior art reference in the original or corrected charts.  The current charts for these prior art references are correct but the cover pleading was not.  As an administrative matter, Defendants seek to identify these claims as obvious, rather than anticipated, in view of those references.

**C.  The Invalidity Contentions Served by Intel on February 7, 2017 Include Information Previously Unknown to Defendants and No Prejudice Can Result to Alacritech by Defendants' Incorporating These Contentions by Reference**

Intel served its own invalidity contentions on Alacritech on February 7, 2017.  In its contentions, Intel includes several detailed accounts of prior art invention by Intel and Microsoft, including confidential details that were not available to Defendants when they served their own invalidity contentions in November.  Intel also includes charts and references to several prior art patents, systems, and publications that were not known to Defendants or returned to Defendants from any prior art search prior to receiving Intel's invalidity contentions on February 7, 2017 For example, the Petersen, Matsunami, Erickson, Kerr, Aditya, Hendel, Rutsche 92, Patterson Book, Floyd, Intel 82596CA, Intel 82550, Intel 82543GC, Touch, Patridge 1993, and Gibson references in Intel's invalidity contentions were unknown to Defendants prior to receiving Intel's contentions on February 7, despite diligently searching the prior art and commissioning multiple prior art searches.  Defendants believe that several of these new prior art references constitute important anticipatory art and informed Alacritech on February 24 that they intended to move to amend to incorporate those contentions by reference.

Intel will be able to assert the prior art references disclosed in their contentions as invalidating art at trial.  There is no prejudice in allowing Defendants to also assert these theories

of invalidity.  *Cf. Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, Case No. 2:14-cv-00911, 2016 WL 3655302, at *2 (E.D. Tex. 2016) (finding no prejudice to plaintiff when plaintiff was already served with the prior art in other proceedings).  Furthermore, even if these references had not already been disclosed by Intel, claim construction has not yet occurred and fact discovery does not close for another three months, so any prejudice to Alacritech would be minimal.

## CONCLUSION

Defendants' suggested amendments are mostly procedural in nature and only put Alacritech on formal notice of invalidity theories they are already aware of in this case. Defendants sent corrected charts to remedy clerical errors shortly after Alacritech raised what it believed were deficiencies in Defendants' contentions and Defendants consequently became aware of the errors through their investigation.  Defendants also should be permitted to rely on the invalidity theories that Intel raises in its own invalidity contentions, particularly the theories that relate to Intel's own prior art that Intel had unique access to.  Defendants have negotiated diligently with Plaintiff after Intel submitted its invalidity contentions and there is no prejudice to Plaintiff because it is already aware of this prior art.

Respectfully submitted,

Dated: March 24, 2017

/s/ *Michael J. Newton*
Michael J. Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
ALSTON & BIRD, LLP
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201-2139
Tel: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
(903) 705-1117
(903) 581-2543 Fax
ddacus@dacusfirm.com

David M. Stein (TX Bar No. 00797494)
ALSTON & BIRD, LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-3004
Tel: (213) 576-1000
Fax: (213) 576-1100
david.stein@alston.com

Kirk T. Bradley (NC Bar No. 26490)
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1000
Fax: (704) 444-1111
kirk.bradley@alston.com

Lindsey Yeargin (GA Bar No. 248608)
Emily Welch (GA Bar No. 606071)
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree St NW #4900
Atlanta, GA 30309
Tel: 404-881-7000
Fax: 404-881-7777
lindsey.yeargin@alston.com
emily.welch@alston.com

**Attorneys for Defendant Dell Inc.**


/s/ Harold H. Davis, Jr. with permission
Ravi S. Deol (State Bar No. 24090073)
ravi.deol@klgates.com
K&L GATES LLP
1717 Main St., Suite 2800

Dallas, Texas  75201
214.939.5500
214.939.5849 Facsimile

Harold H. Davis, Jr., Lead Counsel
California Bar No. 235552 (admitted in E.D. Tex.)
harold.davis@klgates.com
Howard Chen
Texas Bar No. 24009953
Rachel Burnim
California Bar No. 292952 (admitted in E.D. Tex.)
K&L GATES LLP
Four Embarcadero, Suite 1200
San Francisco, CA 94111
Telephone: 415.882.8200
Facsimile: 415.882.8220

**Attorneys for Defendants Wistron Corp., Wiwynn**
**Corp., and SMS Infocomm Corp.**


*/s/ Frank V. Pietrantonio with permission*
Deron R. Dacus
Texas Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel:     (903) 705-1117
Fax:    (903) 705-1117
ddacus@dacusfirm.com

Jonathan G. Graves (VA Bar 46136)
Frank V. Pietrantonio (VA Bar 25473)
Stephen C. Crenshaw (VA Bar 82016)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-800
Fax: (703) 456-8100
jgraves@cooley.com
fpietrantonio@cooley.com
screnshaw@cooley.com

Phillip E. Morton (DC Bar 1032243)
COOLEY LLP
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
pmorton@cooley.com

***Attorneys for Defendants Tier 3, Inc., Savvis
Communications Corp., and CenturyLink
Communications LLC***

**Certificate of Conference**

I certify that on February 28, 2017, I met and conferred with Claude Sterne, counsel for Alacritech, regarding the relief sought in this motion, and continued to meet and confer thereafter with Joe Paunovich on behalf of Defendants in an effort to reach agreement, but the parties have been unable to reach agreement.

This 24th day of March, 2017.

/s/ Michael J. Newton
Michael J. Newton

**Certificate of Service**

The undersigned hereby certifies that the foregoing document was served via CM/ECF on all counsel of record.

This 24th day of March, 2017.

/s/ Michael J. Newton
Michael J. Newton