# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | Case No. 2:16-cv-693-JRG |
| v. | (LEAD CASE) |
| CENTURYLINK COMMUNICATIONS, LLC, ET AL, WISTRON CORPORATION, ET AL., DELL INC., | JURY TRIAL DEMANDED |
| Defendants, | |
| INTEL CORPORATION, CAVIUM INC., | |
| Intervenors. | |

**PLAINTIFF ALACRITECH'S SUR-REPLY TO DEFENDANTS' FIRST MOTION TO AMEND INVALIDITY CONTENTIONS (DKT. 165)**

To justify their proposed amendment, the law requires Defendants to address four factors: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. P.R. 3-6(b); *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Defendants' Motion and Reply essentially ignore two of the four requisite factors. Defendants provide no elucidation whatsoever regarding the substantive importance of the proposed amendment nor do they justify their failure to meet their deadline for invalidity contentions, which passed ***nearly five months ago***. This is not a situation where Defendants have diligently conducted follow-up discovery or otherwise sought to address known discrepancies in their invalidity contentions. Instead, Defendants essentially argue that they should be allowed a windfall merely because Intel intervened in the case and submitted its own invalidity contentions.[1] This is not the law.

## I. DEFENDANTS HAVE PROVIDED NO EXPLANATION FOR THEIR DELAY

In their Motion, Defendants seek leave to (i.) adopt the amended charts served on January 10; (ii.) provide an updated cover pleading at some unspecified time in the future that will elucidate which references they intend to rely on for anticipation and/or obviousness defenses and (iii.) adopt wholesale the contentions Intel served on February 7.

### A. Defendants Should Not Be Allowed To Piggyback On Intel's Contentions

In their Motion, Defendants simply state that they did not know about the unique

---

[1] The regressive nature of this position is illustrated by the present case. If Defendants' request for a do-over of their invalidity contentions is indulged merely because Intel joined the case, Alacritech has every expectation that it will see the same requests again when Cavium provides its invalidity contentions and yet again if other intervenors join or related suits are litigated. Were this the standard, Patent Local Rules 3-3 and 3-4 would lose all meaning and serve no notice function at all.

evidence and prior art references reflected in Intel's Invalidity Contentions. (Reply at 5.) They provide no explanation for why they could not have, with reasonable diligence, located and identified such art by their P.R. 3-3 / 3-4 deadline in November. Defendants have not submitted a single declaration or other evidence detailing the diligence or discovery efforts that uncovered the fifteen new references they now seek to add to their invalidity contentions. This is because no such evidence exists. Instead, Defendants made no efforts to locate additional art and simply waited for Intel to join and prepare its contentions. At least thirteen of the fifteen references are publicly available and the remainder are Intel products to which Defendants clearly had access given that Intel has indemnified and taken over the defenses of Defendants.

As this Court recognized in denying a motion for leave to supplement invalidity contentions, simply taking "more time beyond the original deadline to find these new arts, in and of itself, is no excuse for a late supplementation. To hold otherwise would render the explanation for the party's failure to meet the deadline a non-factor." *Innovative Display Techs. LLC v. Acer Inc.*, No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *1 (E.D. Tex. June 19, 2014) (internal quotation omitted). Because Defendants can articulate no reason these references could not have been located earlier, Defendants' motion should denied.

Defendants' case law is inapposite. The *Core Wireless* court allowed defendants to amend their invalidity contentions because defendants had already produced the art and served charts in a related IPR petition. *Core Wireless Licensing S.A.R.L. v. LG Electronics, Inc.*, Case No. 2:14-cv-00911, 2016 WL 3655302, at *3-4 (E.D. Tex. March 21, 2016). Two other references offered by defendants that were *not* previously disclosed were **excluded** by the court. *Id.* In *e-Watch*, the references included **foreign prior art** submitted "four months prior to Plaintiff's opening claim construction brief." *e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-

2

JRG-RSP, 2014 WL 12668405, at *1 (E.D. Tex. Dec. 5, 2014). Here, the majority of the new references are U.S. patents and publications that were easily locatable, and claim construction briefing has already begun. The *Kroy* court specifically noted that "defendants' alleged difficulty in finding the [] reference would ***not by itself justify*** extending the deadline to supplement," but because plaintiff had entirely changed its infringement theory, the Court permitted the supplement. *Kroy IP Holdings, LLC v. AutoZone, Inc.*, 2:13-cv-888-WCB, 2014 WL 7463099, at *1 (E.D. Tex. Dec. 30, 2014). Here, Defendants have not even alleged Plaintiff has made changes to its infringement theories—particular not any changes that necessitated amendments to their invalidity contentions.

### B. Defendants Have Still Not Corrected Their Cover Pleading

Defendants' purported justification for their delay is unavailing. Defendants admit that Plaintiff notified them on December 20, 2016 of certain deficiencies in their invalidity contentions. (Mot. at 1.) Defendants then waited for two full months after the invalidity contention deadline (until January 11, 2017) to serve replacement charts that corrected some— but not all—of the deficiencies noted by Alacritech. (*Id.* at 2-3.) With the replacement charts, Defendants explained that "[they] are ***still reviewing*** the charts to identify all errors, but our investigation to date reveals" errors in the charts for seven of the eight asserted patents—or over 80% of the charts. Ex. A (Jan. 10, 2017 Letter from M. J. Newton to J. M. Paunovich) at 1-2. To this day, Defendants have ***still not served*** a corrected cover pleading accurately identifying (1) whether each reference is being used as an anticipatory or obviousness reference and (2) the complete set of claims anticipated and/or rendered obvious by each reference. Without this fundamental disclosure, which was required ***over five months ago*** under the local rules, Plaintiff cannot possibly evaluate the relevance or importance of Defendants' contentions or the

amendments it seeks to add through this motion.[2]

## II.     THE AMENDMENTS ARE APPARENTLY UNIMPORTANT

In its Motion, Defendants initially failed to address the importance of their proposed amendments.  *See* Dkt. 165.  Defendants' Reply does not fare much better; their importance argument spans a couple sentences and contains only bare conclusions.  *See* Reply at 1 ("In fact, the proposed corrections served on Plaintiff on January 10 and 11 are important, as are the references discovered by Intel.").  Courts in this District require much more from defendants seeking leave to amend invalidity contentions.  This Court denied supplementation where, just as here, the defendants argued "in a conclusory fashion — that it is 'critically important' that the new art be considered and that these arts provide a 'unique ground' for both anticipation and obviousness."  *Innovative Display Techs. LLC v. Acer, Inc.,* No. 2:13-CV-00522-JRG, 2014 WL 2796555 at *2 (E.D. Tex. June 19, 2014).  In addition, Judge Love denied a similar motion where the defendants "fail[ed] to show that the additional prior art reference is non-cumulative."  *MacroSolve, Inc. v. Antenna Software, Inc.*, Nos. 6:11-CV-287-MHS-JDL, 6:12-CV-74-MHS, 2013 WL 3833079, at *4 (E.D. Tex. July 23, 2013).

Defendants have provided no more information than did the defendants in the *Innovative Display* or *MacroSolve* cases.  Defendants did not even specify in its motion or reply which patents it claims are allegedly invalidated by the new references, much less why this prior art allegedly is not cumulative of the **90 prior art references** already identified in Defendants' 150-

---

[2]  Although Defendants note that Plaintiff is seeking to amend its infringement contentions (Reply at 4-5 & n. 1), the circumstances surrounding the two amendments are not comparable. First, Plaintiff is seeking to add defendants' own products to its infringement contentions— products with which the defendants are already intimately familiar.  With this motion, Defendants are seeking to add ***publicly available*** prior art that was accessible long before Intel filed its contentions.  Second, the nature of the undisclosed references fundamentally alters Defendants' invalidity theories; otherwise, the amendments would be unnecessary.  The nature of Plaintiff's infringement theories, on the other hand, remains unchanged.

4

page cover pleading and thousands of pages of charts included in their original invalidity contentions. As the *MacroSolve* court explained, "the Court cannot determine the importance of the amendment based solely on zealous argument," nor from thousands of pages of charts.[3] *Id.*

### III. DEFENDANTS ADVANCE A FALSE DICHOTOMY REGARDING PREJUDICE

Defendants' lack of any showing of importance only heightens the prejudice to Plaintiff. Alacritech should not have to divert resources to investigate *fifteen new references* of dubious importance. As Judge Love explained in denying a similar motion to supplement invalidity contentions, "[h]aving [the patent holder] contend with an additional seven references, which Defendants do not show to be noncumulative, would needlessly detract from time spent on claim construction as well as the already disclosed references." *MacroSolve,* 2013 WL 3833079, at *5.

Defendants allege "[i]f the [amendments] are of dubious importance, as Plaintiff claims, then Plaintiff would suffer little prejudice in addressing them." (Reply at 1.) Defendants' false dichotomy misses the mark. Unimportant references are just as onerous to defend against as important references because the same amount of expert analysis, time, and resources are required in distinguishing each reference. In fact, weak prior art likely has even more points of distinction over the claimed invention than strong art and thus requires lengthier expert review, analysis, and opinion. Defendants cannot carry their burden in showing a lack of prejudice simply by turning Plaintiff's lack of importance argument on its head.[4] Defendants' motion should therefore be denied.

---

[3] Moreover, some of Defendants' amendments would be futile because the Intel art was conceived of and reduced to practice within a four year window well *after* the priority dates of the patents-in-suit. *See* Dkt. 175 at 9-10.

[4] The observation that Intel *might* choose to present some of these same references as part of its invalidity case (Reply at 2) does not mitigate the prejudice to Plaintiff as to the references Intel selects not to present, in defending against two separate invalidity attacks based on the same prior art, or in the delayed disclosure of Defendants' detailed invalidity contentions and theories.

5

Dated: April 25, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Brian Mack*

Claude M. Stern
California State Bar No. 96737
*claudestern@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Joseph M. Paunovich
*joepaunovich@quinnemanuel.com*
California State Bar No. 228222
Diane L. Cafferata
*dianecafferata@quinnemanuel.com*
California State Bar No. 190081
Jordan Brock Kaericher
California State Bar No. 265953
*jordankaericher@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323

ATTORNEYS FOR PLAINTIFF ALACRITECH, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on this 25th day of April, 2017. Local Rule CV-5(a)(3)(A).

<i>/s/ Brian Mack</i><br>
Brian Mack