**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | |
| v. | Case No. 2:16-cv-693-JRG |
| CENTURYLINK, INC., *et al.*, | LEAD CASE |
| Defendants. | |

**DELL'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE AMENDED INFRINGEMENT CONTENTIONS AGAINST DEFENDANT DELL**

Alacritech argues that Dell is applying a "flawed and overly technical reading of the Patent Local Rules." ECF No. 230, p. 1, n.1.  Dell has applied this Court's rules and precedents that state that Alacritech cannot amend its infringement contentions absent "good cause," which it has not shown in its original motion or in the arguments advanced in its reply.  P.R. 3-6.  In particular, this Court has been extremely clear that plaintiffs are expected "to rigorously analyze all publicly available information before bringing suit." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005).  Alacritech still has provided no evidence of its attempts to identify Dell's products using publicly available information or an explanation of why those methods failed to identify systems and controllers it now seeks to add to this case.  Alacritech has not shown that its proposed amendment is important, and it has taken inconsistent positions regarding how much additional discovery it expects from Dell if its motion for leave to amend is granted.  Because Alacritech has not shown good cause, its motion should be denied.

1. **Alacritech Still Has Provided No Explanation for Its Failure to Meet the Original Deadline**

Alacritech's original motion for leave to amend its infringement contentions provided no explanation for why Alacritech was unable to identify the previously-sold products it now seeks to identify.  ECF No. 174.  In its reply, Alacritech admits that although the identity of server products and the network adapters it now seeks to add by amendment may have been publicly known prior to when it filed its original contentions, the specific web pages Dell identified in its opposition to Alacritech's motion do not specify which adapters go into which products.  ECF No. 230, p. 1, n.1.[1]

---

[1] The Mellanox ConnectX-4 product brief that Alacritech implies was not publicly available because Dell did not cite its public source in its opposition is publicly available at http://i.dell.com/sites/doccontent/shared-content/data-sheets/en/Documents/ConnectX-4_Ethernet_PCIe_Standup_Adapter.pdf (last accessed May 1, 2017).

Product pages for Dell systems often include a list of network adapters compatible with that system. *See, e.g.*, Ex. 1, Archived Dell PowerEdge T630 Product Page (March 23, 2016) (listing, under "Communications," multiple network cards accused in this case for the T630 product Alacritech is now attempting to include). Because Alacritech has provided no evidence explaining its self-described "diligent search" and why that search failed to identify dozens of publicly available systems, Dell cannot identify exactly why Alacritech failed to further recognize the listings of available adapters for the accused products. In any event, Alacritech must have had a process that enabled it to identify network controllers used in the system products (once it identified a system) because it identified system/controller combinations in its original contentions. *See* ECF No. 230, Ex. A, pp. 1-2. It should have been able to use that same process to identify which network controllers were available for the systems that were publicly available on Dell's website, but apparently elected not to do so.

Alacritech further asserts, without evidence, that there was an "agreement in principal [sic] to mutual supplementation" that Dell abruptly withdrew and that this excuses Alacritech's delay in filing its motion. ECF No. 230, p. 2. In fact, the exhibits Alacritech adds to its own Reply demonstrate that no such agreement was ever reached. ECF No. 230, Ex. D, pp. 1-2 ("While we have been engaged in discussions about such an agreement, no such agreement has been reached," and (after receiving Alacritech's list of products for its proposed amendment for the first time), "I did not agree you could amend your contentions for products you could have known about before you filed your original contentions.").

## 2. The Unimportance of the Proposed Amendment Weighs Against Its Allowance

Alacritech believes that any argument that the proposed amendment is "unimportant" is "irrelevant" to deciding its motion, which explains why Alacritech put forth no evidence that its proposed amendment *was* important in its original motion to amend. ECF No. 230, p. 3.

Alacritech's original motion ignored one of the four factors that this Court considers when determining whether to allow parties to amend contentions, "the importance of what the Court is excluding." *Keranos, LLC v. Silicon Storage Technology*, No. 2:13-cv-17-MHS, 2013 WL 5763738, at *2 – *4 (E.D. Tex. Aug. 5, 2013), *vacated for further fact-finding*, 797 F.3d 1025 (Fed. Cir. 2015). Alacritech's only evidence of the "importance" of its proposed amendment is now disclosed in its reply, where it states the revenue associated with the products it is now attempting to add. ECF No. 230, p. 3. As detailed in Dell's opposition filed under seal, the number of accused product *sales* associated with Alacritech's proposed amendment is relatively small compared to the number of product *models* associated with the amendment. ECF No. 209, p. 8.

### 3. Dell's Prejudice Is Real

Just weeks after telling the Court that "Dell will have to produce additional documents regarding the Newly Identified Dell Products, including identifying any non-infringement positions it may have related thereto," Alacritech has now taken the position that "Alacritech's proposed amendment imposes literally no additional discovery burden on Dell." *Compare* ECF No. 174, p. 9 *with* ECF No. 230, p. 5. In support of that revised position, Alacritech cites two publicly available pages that Dell produced in its October 21, 2016 production of public marketing documents that incidentally identify two of the products Alacritech now seeks to add—further undermining Alacritech's argument that it was diligent in seeking to identify these products.[2]

Dell is skeptical that Alacritech will not seek additional discovery regarding these products and believes that adding them to the case now will impose significant additional work (and cost) on Dell. Requiring Dell to revisit document discovery and interrogatory responses and to also

---

[2] Alacritech also suggests that Dell has represented to the Court that Dell "has already produced all technical documents in its possession, custody, or control responsive to Alacritech's discovery requests" (ignoring, apparently, Dell's objections to those requests), but the page it cites makes no such representation. *Cf.* ECF No. 178, p. 2.

review documents and code to identify potential new non-infringement arguments is obviously prejudicial to Dell.  *See Imperium IP Holdings (Cayman), Ltd. v. Samsung Electronic Co.*, Case No. 4:14-cv-371, ECF No. 301, at *4-5 (Mar. 30, 2016).  Dell equests that the Court decline to thus reward Alacritech's failure to identify products in its original infringement contentions.

Alacritech suggests that because Dell has not yet provided it with its suppliers' confidential information regarding material differences in the way the accused network controllers operate, then no such differences must exist, even while it acknowledges that the suppliers, not Dell, have this information.  ECF No. 230, p. 5.  As the plaintiff, Alacritech carries the burden to demonstrate that the accused products—which implement non-standardized technologies designed by different vendors over multiple product families—operate in materially the same way.  *See* P.R. 3-1.  Its deficient contentions have not met that burden.  *See* ECF No. 230, Ex. A.

### 4.  Alacritech's Proposed Amendment Would Still Be Deficient

The sufficiency of Alacritech's proposed amendments under P.R. 3-1 *is* at issue in Alacritech's motion, because the Court should not permit amendments to P.R. 3-1 disclosures that would not themselves comply with the Local Rules' requirements.  A motion to amend contentions is governed by the same standard as a motion to strike those contentions. *Davis-Lync, Inc. v. Weatherford Int'l, Inc.,* Case No. 6:07-cv-559, 2009 WL 81874, at *3 (E.D. Tex. 2009) ("The tests for determining whether to allow a party to supplement infringement contentions and for determining whether to strike infringement contentions are essentially the same.").

Defendants and Intel have repeatedly put Alacritech on notice of the deficiencies in its existing infringement contentions and particularly regarding the lack of specificity regarding its infringement theories for products other than the Intel 82599 and Mellanox ConnectX-3.  *See, e.g.*, Ex. 2, Email from Joe Paunovich to Stephen Crenshaw (Nov. 16, 2016) (Alacritech's counsel agreeing to meet and confer with Defendants regarding their request that Alacritech "provide more

specificity in its infringement contentions, including with regard to non-Intel controllers"); Ex. 3, Letter from Garland Stephens to Claude Sterne (Feb. 17, 2017) (Intel's counsel detailing multiple deficiencies in Alacritech's infringement contentions, including failure to provide infringement theories for products other than the Intel 82599); ECF No. 186 (Intel's presently-withdrawn motion to strike Alacritech's infringement contentions).[3]  Accordingly, Alacritech's assertion that Dell's opposition is the "very first time" Dell has "feigned ignorance" over the scope or nature of Alacritech's infringement theories is not supported by the facts. *See* ECF No. 230, p. 3.

Alacritech's proposed amendment only adds a list of accused products, including controllers from multiple suppliers who independently designed their non-standardized accused products.  Nothing is provided regarding Alacritech's theories of why these additional products— most of which are not manufactured by Intel or Mellanox—would infringe in substantially the same way as the two products actually charted in Alacritech's contentions.  This amendment would not meet P.R. 3-1's requirement that Alacritech provide a chart "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."  *See UltimatePointer, LLC v. Nintendo Co., Ltd., et al.*, Case No. 6:11-cv-496, ECF. No. 269 at *5 (E.D. Tex. May 28, 2013) ("While Plaintiff may deem it unnecessary to occupy thousand[s] of pages charting the accused instrumentalities, the breadth of the accused products does not excuse Plaintiff from the duty of providing infringement contentions that are reasonably precise and detailed to provide defendants with adequate notice of the plaintiff's theories of infringement."). Alacritech should not be permitted to conceal its actual theories of infringement from Dell for these additional products while still adding them to the case.

---

[3] Alacritech implies, without any support, that Intel's motion was withdrawn because "Intel realized its Motion was weak."  ECF No. 230, p. 4, n.2.

5

Respectfully submitted,

Dated: May 2, 2017

/s/ *Michael J. Newton*
Michael J. Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
ALSTON & BIRD, LLP
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201-2139
Tel: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
(903) 705-1117
(903) 581-2543 Fax
ddacus@dacusfirm.com

Kirk T. Bradley (NC Bar No. 26490)
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1000
Fax: (704) 444-1111
kirk.bradley@alston.com

Lindsey Yeargin (GA Bar No. 248608)
Emily Welch (GA Bar No. 606071)
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree St NW #4900
Atlanta, GA 30309
Tel: 404-881-7000
Fax: 404-881-7777
lindsey.yeargin@alston.com
emily.welch@alston.com

**ATTORNEYS FOR DEFENDANT DELL INC.**

## **Certificate of Service**

The undersigned hereby certifies that the foregoing document was served via CM/ECF on all counsel of record.

This 2nd day of May, 2017.

*/s/ Michael J. Newton*
Michael J. Newton