**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTURYLINK COMMUNICATIONS LLC, et al. <br><br> Defendants. | Case No. 2:16-cv-693-JRG-RSP <br><br> LEAD CASE <br><br> JURY TRIAL DEMANDED |
| ALACRITECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> WINSTRON CORPORATION, et al., <br><br> Defendants. | Case No. 2:16-cv-692-JRG-RSP <br><br> JURY TRIAL DEMANDED <br><br> MEMBER CASE |
| ALACRITECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELL INC., <br><br> Defendant. <br><br> INTEL CORPORATION, <br><br> CAVIUM, INC., <br><br> Intervenors. | Case No. 2:16-cv-695-RWS-RSP <br><br> JURY TRIAL DEMANDED <br><br> MEMBER CASE |

**PLAINTIFF ALACRITECH'S RESPONSE TO CAVIUM INC.'S BRIEF IN SUPPORT
OF TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Despite choosing to involve itself in the present litigation, filing its own declaratory judgment complaint in this forum, and actively litigating for several months[1], Cavium now seeks to transfer the case to the Northern District of California. But Cavium's participation in this case and its tardy brief do nothing more than underscore why transfer should be denied. *See Godo Kaisha IP Bridge v. Broadcom Ltd.*, No. 2:16-cv-0134-JRG-RSP, 2017 WL 750290, at *7-9 (E.D. Tex. Feb. 27, 2017) (delays in briefing motion to transfer caused by movant(s), during which "time and effort" were invested in the litigation by the parties and court, weighed definitively against transfer); *Beam Laser Sys., Inc. v. Cox Commcn's, Inc.*, 117 F. Supp. 2d 515, 518 (E.D. Va. 2000) ("By voluntarily bringing himself into the action [the intervenor] has waived his privilege not to be required to engage in litigation'" here) (quoting 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1918, at 485 (2d ed. 1986)). Cavium does not identify a single specific witness or source of evidence necessary for trial that is located in the Northern District of California (the "transferee district") nor articulate any reason why transfer would be more fair or efficient to the parties or the Court.

## I. THE INTERESTS OF JUSTICE FAVOR DENIAL OF TRANSFER

Cavium expends much effort to demonstrate the Alacritch could have elected to bring suit ***against Cavium*** in the transferee district. That Cavium could have been sued in the transferee district is irrelevant because Alacritech did not bring suit against Cavium. Instead, Cavium elected to join the on-going litigation here. *Beam Laser*, 117 F. Supp. 2d at 518. In

---

[1] Cavium has engaged Alacritech's national and local counsel in extensive, time-consuming negotiations over forum-specific procedures and pleadings, including protective orders, docket control orders, and initial/additional disclosures. *See, e.g.*, Dkt. 164 (detailing negotiations over Cavium's first demand for a supplemental Protective Order); Ex. A, B (discussing Cavium's intent to continue withholding documents and source code pending motion for reconsideration of the Court's order on Cavium's first Protective Order motion); Dkt. 222 (second Protective Order Addendum); Ex. C (reflecting ongoing negotiations regarding the Amended DCO and Cavium's compliance therewith).

addition, Cavium filed its Complaint for Declaratory Judgment before this Court, seeking a declaration of non-infringement of the Asserted Patents for all its products (not just those sold to Defendants). Having elected to enter this case of its own accord, Cavium cannot complain about the situs of the current litigation.

Moreover, transfer of this litigation would violate the parties' and judicial interests in an efficient resolution of the co-pending litigation. Even assuming Cavium has demonstrated that *its* case could have been brought in the transferee district, Cavium has not demonstrated that the same is true for the co-pending litigation against the CenturyLink and Wistron defendants. Instead, the fact declarations and pleadings submitted by those parties make clear that the co-pending lawsuits, which involve overlapping parties, issues, and patents to Cavium's litigation are *immune* from transfer because those actions could *not* have been filed initially in the Northern District of California. For example, the -692 action against the Wistron Defendants, which Alacritech filed the same day it filed suit against Dell, and which is consolidated with this action for pretrial purposes, involves at least one defendant (SMS Infocomm) that is a Texas corporation with its primary (or sole) place of business in Texas. SMS Infocomm offered a fact declaration attesting that it does not sell or offer to sell the accused products such that it could be found subject to jurisdiction in California based on the stream of commerce theory. Dkt. 59-024 at ¶ 6. The other two Wistron defendants are foreign corporations, but they admit to doing business in Texas, including maintaining a manufacturing center in McKinney and a service center in Dallas. (Dkt. 68 at ¶¶ 7-13.) None of the Wistron Defendants have proven that suit could have been initiated against them in the transferee forum. Similarly, none of the CenturyLink Defendants against whom Alacritech brought suit identified specific contacts with the transferee district. To the contrary, two of the three named defendants in that case, Savvis

and CenturyLink, are located in the South (much closer to this Court), and have substantial business operations, including data centers, in Texas. While CenturyLink Defendants' corporate declaration attests that *some, unspecified* CenturyLink entity does business in California, it does not identify any ties between Savvis and CenturyLink Communications and the transferee district. Dkt. 59-21 at ¶ 4, 8-9; Dkt. 29 at ¶¶ 9-11. Since the moving parties failed to prove that the litigation over *all defendants* could have been brought in the transferee district, "***Defendants' motions fail from the start***." *Stragent*, 2011 WL 2912907 at *4; *Intravisual, Inc. v. Fujitsu Ltd.*, 2:10-cv-90, 2011 Wl 4378080, at *2 (E.D. Tex. Sept. 20, 2011). There is no fairness or efficiency benefit to be had from transferring Cavium's case when the rest must stay here.

As a result, taking all of Cavium's allegations as true, if the existence of co-pending and prior related litigation weighs in favor of anyone's choice of venue, it is Alacritech's, not Cavium's. *Compare Kroy IP Holdings, LLC v. Starbucks Corp.*, 2:13-cv-936, 2014 WL 5343168, at *4 (E.D. Tex. Sept. 30, 2014) (holding that copendency of "multiple lawsuits involving the same issues" weigh against transfer); *Norman Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495-LED, 2013 WL 12139161, at *4-5 (E.D. Tex. Mar. 15, 2013) (same) *with Industrial Tech. Res. Institute v. LG Corp.*, 6:10cv628, et al, 2011 WL 10622246, at *7 (E.D. Tex. Nov. 29, 2011) (finding unrelated cases involving "different products and defendants" did not weigh in favor of transfer); *Gibbons v. Brown*, 716 So. 2d 868, 870 (Fla. Dist. Ct. App. 1st Dist. 1998) (a party's initiation of litigation in forum does not preclude it from challenging the appropriateness of that venue for unrelated lawsuits). While Alacritech may have engaged in litigation with different parties, on different patents, ten years ago in the transferee district, Cavium brought claims before this Court two months ago, where three actions were pending relating to the same technology, the same patents, and for which the overlapping subject matter

3

formed a primary basis for Cavium's intervention. The interests of judicial economy and fairness weigh heavily in favor of keeping Cavium's case along with the other co-pending litigation before this Court, which has already invested substantial resources in the related matters (including reviewing close to two hundred briefs filed by the parties, resulting in no less than 33 judicial orders).[2] *See in re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010).

## II. CAVIUM DOES NOT IDENTIFY ANY RELEVANT WITNESSES OR EVIDENCE IN THE NORTHERN DISTRICT OF CALIFORNIA

Cavium argues that the location of its witnesses and evidence outweigh the significant factor of co-pending litigation based on *In re Google*, but there, the Court emphasized that the prevailing factor was Google's "strong presence in the transferee district" – a factor absent from this case. As established by the previously submitted briefing, none of Defendants or Intervenors have a significant presence in the transferee district, including Cavium. Cavium contends its salient products are "primarily designed and developed in Aliso Viejo" by QLogic (Cavium's subsidiary), which is in the Central District of California. *See* Dkt. 226-1 at ¶ 4. Unlike in *Google*, the QLogic employees responsible for work relating to the accused products neither work nor reside in the transferee district. Ex. D. Instead, review of Cavium's initial disclosures indicates that it believes salient witnesses and evidence are located in Israel, Washington, California, and other places throughout the United States.

Moreover, Cavium's brief should be disregarded because it fails to identify any particular source of evidence or witnesses with sufficient specificity to allow the Court to assess their relevance and materiality. Indeed, Cavium's brief does not mention any witness by name,

---

[2] Cavium's point that Alacritech has acceded to choice of law and venue clauses in its contracts with other entities who are not parties to the current litigation has been dismissed as irrelevant to the transfer analysis. *See, e.g.*, *MOSAID Tech., Inc., v. Sony Ericsson Mobile Commc'ns*, 885 F. Supp. 2d 720, 724-25 (D. Del. 2012).

4

state the relevant and material information they may have, or demonstrate such witnesses are likely to be called to testify at trial. This court routinely rejects the type of high-level, equivocal assertions that proliferate Cavium's submission. *See Stragent*, 2013 WL. 8467476 at *4-5; *see also IDQ Operating, Inc. v. Aerospace Commc'ns Holdings Co.*, 2016 WL 5349488, at *6-8 (E.D. Tex. Jun. 10, 2016) (parties seeking transfer must "provide information showing that [the transferee district is more convenient for witnesses that] have relevant and material information to present at trial"); *Adv. Processor Tech, LLC v. Atmel*, 2013 WL 12779053, at *4-6 (E.D. Tex. Mar. 26, 2013) (refusing to consider witnesses not identified with sufficient specificity).[3]

Cavium's identification of allegedly relevant third parties fares no better. Cavium neither identifies specific witnesses nor their relevance in its brief, much less establishes that Cavium intends to call the third parties to testify at trial such that their location would matter to the transfer analysis. In addition almost all of the third parties Cavium identifies are either not located in the transferee district or are controlled by Cavium (so are not third parties who would need to be compelled to attend trial at all): Broadcom's witnesses are in Irvine and its evidence is in Colorado (Ex. E); Microsoft is headquartered in Washington; and both Brocade's adaptor business and NetXen were acquired by QLogic years ago, which has since been acquired by Cavium (Ex. F; G). *Compare Atmel*, 2013 WL 1279053 at *8. Thus, Cavium has not offered any evidence that favors transfer of this litigation.

---

[3] Cavium's fact declarant also ***never*** alleges that the transferee district is more convenient for any of Cavium's witnesses than the Eastern District of Texas. In any event, the convenience and location of Cavium's witnesses and those its controls (such as the QLogic witnesses) has become less significant since Cavium decided to become a party to the litigation. *See, e.g.*, *Rockwell Automation Inc. v. 3S-Smart Software Solutions, GmbH*, No. 2:15-cv-1543, 2016 WL 5118641, at *3 (E.D. Tex. Sept. 21, 2016) (convenience of party witnesses is given less weight in the transfer analysis). For the same reason, the old headquarters of Brocade are irrelevant – as that entity was acquired by QLogic in 2014 (and thereafter acquired by Cavium in 2016) and Cavium admits that the relevant witnesses are likely located in Aliso Viejo. Dkt. 226-1 at ¶ 6.

5

| | |
|---|---|
| Dated: May 5, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

s/ *Michelle Ann Clark*

Claude M. Stern
California State Bar No. 096737
*claudestern@quinnemanuel.com*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Joseph M. Paunovich
*joepaunovich@quinnemanuel.com*
California State Bar No. 228222
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Michael D. Powell
*mikepowell@quinnemanuel.com*
California State Bar No. 202850
Michelle Ann Clark
*michelleclark@quinnemanuel.com*
California State Bar No. 243777
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063

*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR PLAINTIFF
ALACRITECH, INC.

8

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on this 5th day of May, 2017.  Local Rule CV-5(a)(3)(A).

/s/ *Michelle A. Clark*
Michelle A. Clark