# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ALACRITECH, INC.,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**CENTURYLINK, INC.,** *et al.***,**<br><br>　　　　　　Defendants,<br><br>**INTEL CORPORATION,**<br><br>**CAVIUM, INC.**<br><br>　　　　　　Intervenors. | Case No. 2:16-cv-693-RWS-RSP<br><br>LEAD CASE<br><br>Jury Trial Demanded |

# PARTIES' CONTESTED MOTION FOR
# REDUCTION OF ASSERTED PATENT CLAIMS AND PRIOR ART REFERENCES

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1
II. PARTIES' COMPETING PROPOSALS ........................................................................1
III. RATIONALE FOR DEFENDANTS' AND INTERVENORS' PROPOSAL ..................2
IV. RATIONALE FOR PLAINTIFF'S PROPOSAL .............................................................5

## I. INTRODUCTION

Plaintiff, Defendants, and Intervenors in the above-captioned actions (the "Parties") agree that to efficiently resolve these actions, the asserted patent claims and prior art references should be narrowed approaching trial. However, the Parties have been unable to agree on a timeline for narrowing, and on the corresponding levels of narrowing at each milestone of any timeline. Therefore, the Parties respectfully seek the Court's assistance in formulating an appropriate case-narrowing plan.[1] Below, the Parties present their competing proposals and respective rationales.

## II. PARTIES' COMPETING PROPOSALS

The current proposals of the Parties are as follows:

| **Milestone** | **Defendants' / Intervenors' Proposal** | **Plaintiff's Proposal** (from May 2, 2017 letter) |
|---|---|---|
| **Plaintiff's First Election of Patent Claims** | **June 9, 2017:** Election of **32 total claims** (with no more than **10 per patent**), consistent as to all Defendants/Intervenors, as per the Federal Circuit Model Order. | **July 17, 2017:** Election of **60 total claims** (with no more than **14 per patent**), consistent as to all Defendants/Intervenors. |
| **Defendants' / Intervenors' First Election of Prior Art** | **June 30, 2017:** Election of **40 total prior art references** (with no more than **12 per patent**), as per the Federal Circuit Model Order. | **July 28, 2017:** Election of **75 total prior art references and/or combinations** (with no more than **14 per patent**, and wherein each obviousness combination counts as a separate reference). |

---

[1] Defendants and Intervenors only seek this Court's assistance in this regard to the extent the cases are not transferred to another jurisdiction in light of the Supreme Court's *TC Heartland* decision and/or any pending motion(s) to transfer in these cases. Alacritech does not agree that *TC Heartland* has any impact on the appropriate venue for this litigation or that Defendants' and Intervenors' requested relief can be made on a "conditional" basis.

| Milestone | Defendants' / Intervenors' Proposal | Plaintiff's Proposal (from May 2, 2017 letter) |
|---|---|---|
| **Plaintiff's Second Election of Patent Claims** | N/A | **October 13, 2017:** Narrowing to **35 total claims** (with no more than **9 per patent**), consistent as to all Defendants/Intervenors. |
| **Defendants' / Intervenors' Second Election of Prior Art** | N/A | **October 20, 2017:** Narrowing to **50 total prior art references and/or combinations** (with no more than **12 per patent**, and wherein each obviousness combination counts as a separate reference). |
| **Plaintiff's Final Election of Patent Claims** | **September 8, 2017:** Narrowing to **16 total claims** (with no more than **5 per patent**), consistent as to all Defendants/Intervenors, as per the Federal Circuit Model Order. | **Later of 30 days following entry of the Markman Order, or December 8, 2017:** Narrowing to **16 total claims** (with no more than **6 per patent**), consistent as to all Defendants/Intervenors. |
| **Defendants' / Intervenors' Final Election of Prior Art** | **September 22, 2017:** Narrowing to **20 total prior art references** (with no more than **6 per patent**), as per the Federal Circuit Model Order. | **One week after Plaintiff's final election of claims:** Narrowing to **20 total prior art references and/or combinations** (with no more than **6 per patent**, and wherein each obviousness combination counts as a separate reference). |

**III.    RATIONALE FOR DEFENDANTS' AND INTERVENORS' PROPOSAL**

Plaintiff currently asserts 127 claims of 8 patents—an unreasonably large number as the case begins claim construction. A substantial reduction is appropriate now. Defendants' and Intervenors' proposal follows the same narrowing recommendations of the Federal Circuit's Model Order Limiting Excess Patent Claims and Prior Art (attached as Exh. A).

2

Defendants' and Intervenors' *Markman* brief is due July 7, 2017, with Plaintiff's Reply due July 14, 2017. Unlike Defendants' and Intervenors' proposal, Plaintiff's proposal would not narrow the case at all before *Markman* briefing is complete, requiring Defendants and Intervenors to waste time and effort briefing issues that will be mooted by Plaintiffs' reduction of claims, and complicating the Court's review of the briefing before the *Markman* hearing because the briefs will include terms no longer at issue. This wasteful approach makes no sense.

Similarly, Plaintiff's proposal for a final election of asserted claims (December 8, 2017) would fall after all expert disclosures are served (October 30 and November 20), again requiring the parties to waste time and money on claims that will be dropped.

Plaintiff's proposal also includes unreasonable and unfairly short time periods for Defendants and Intervenors to elect prior art, particularly when contrasted with long periods for Plaintiff to make its elections. Specifically, Plaintiff proposes only 11 days between Plaintiff's first election of claims and Defendants'/Intervenors' first election of prior art, followed by 2.5 months until Plaintiff's second election of claims, followed by only 7 days until Defendants'/Intervenors' second election of prior art. Consistent with such biased proposals, after taking more than a month to make its final election, Plaintiff would give Defendants/Intervenors only another 7 days to elect final prior art.

Plaintiff's proposed limits on the number of prior art references are also facially unfair. Plaintiff proposes that in its first election of claims it may assert as many as 14 claims per patent, but would limit Defendants and Intervenors to no more than 14 references per patent at that stage, potentially precluding obviousness combinations. Plaintiff's proposal that each obviousness combination count as a separate reference compounds the unfairness of this

3

unreasonably low number of prior art references relative to the limits on asserted claims, and is wholly inconsistent with the letter and spirit of the Model Order.

In an apparent effort to prolong the prejudice and disproportionate burden imposed on Defendants and Intervenors by maintaining 127 asserted claims, Plaintiff began a motion-filing campaign after being presented with this opposed motion to manufacture issues where there are none.[2] Cavium has, in fact, produced technical documents, source code, and interrogatory responses, and supplementation is ongoing (including a production on the night the motion was filed). As to Cavium's source code, Plaintiff's review began on May 2, a date selected by Plaintiff, and will resume on June 5, also a date selected by Plaintiff. The only dispute in this regard is the level of protection to be afforded a highly sensitive subset of code (which is not central to the subject-matter of this litigation).

Finally, Plaintiff's representations below regarding its proposal being analogous to the E.D. Texas Model Order are misleading. The E.D. Texas Model Order only counts the obviousness combinations in the <u>final</u> election of prior art, whereas Plaintiff's proposal also counts obviousness combinations in the first two rounds of election. *See* Exh. B (G.O. 13-20) ¶¶ 2-3. In other words, Plaintiff's proposed first two rounds of prior art election are overly restrictive even compared to the E.D. Texas Model Order.

Because Plaintiff's proposal is facially unreasonable and unfair, and Defendants and Intervenors have followed this Court's guidance from the Model Order, Defendants and Intervenors respectfully request that their proposal be ordered by the Court.

---

[2] Plaintiff filed a motion to compel documents and interrogatory responses just after midnight on June 1, notwithstanding agreement by Cavium to provide the discovery within a week and the lack of a lead-local meet and confer discussion regarding these items.

## IV. RATIONALE FOR PLAINTIFF'S PROPOSAL

Alacritech's proposal is consistent with the guidance from the Federal Circuit Advisory Counsel and this Court as well as the realities of the parties' litigation. Alacritech's first proposed reduction is timed to occur before the parties' Joint Claim Construction Chart is submitted or the Court conducts the *Markman Hearing*. Thus, contrary to Defendants' assertion, Alacritech's proposed first reduction is timed to occur before claim construction and will not result in the Court's expenditure of substantial time or resources on claims that are likely to be dropped.[3] However, earlier reduction as urged by Defendants is not feasible for several reasons, including: (1) Despite Alacritech's diligent efforts, not all of the parties have produced the documents and source code necessary to allow Alacritech to meaningfully evaluate the "core" technical discovery and reduce its asserted claims. As the Court is aware, Alacritech has filed motions to compel Cavium's relevant source code, technical discovery, and interrogatory responses that are pending. (Dkt. Nos. 198, 260.) Alacritech filed its renewed motion to compel Cavium's relevant source code on May 12.[4] In Cavium's response to Alacritech's Motion to

---

[3] The parties submitted technical tutorials and Alacritech filed its opening claim construction brief on April 4, 2017, in accordance with the Docket Control Order. In its opening brief, Alacritech addressed the more than twenty terms Defendants/Intervenors identified for construction, only six (6) of which Alacritech had proposed or offered constructions for during the parties P.R. 4-1 and 4-2 exchanges. It would be unfair to force Alacritech to expend the substantial time and effort to respond to Defendants' proposed terms, only to then require it to drop claims before receiving Defendants' responsive brief.

[4] Defendants' contention that "Plaintiff began a motion-filing campaign after being presented with this opposed motion" is false. Alacritech's initial motion was filed on April 10. Alacritech renewed its motion to compel Cavium's source code on May 12. On May 24, Alacritech conducted a lead-local conference with Cavium and stated it would move to compel the documents and supplemental interrogatory responses that Cavium has promised but failed to provide months before. Alacritech gave Cavium additional time (at Cavium's request) to cure the longstanding deficiencies, but when it did not, Alacritech filed its motion to compel documents and interrogatory responses on June 1. Defendants provided the proposed joint motion on May 25 – after Alacritech had filed its motion to compel source code and after

5

Compel Source Code, Cavium did not dispute the relevance of the hardware code (RTL) it is withholding, but nonetheless stated its intent to withhold the source code unless and until the Court further supplements the Protective Order.[5] Cavium has also not provided the documents at issue in the pending motion to compel or any supplemental interrogatory responses (despite its agreement to do so). The Court will not resolve the pending Motions to Compel until at least June 12 and Alacritech has little hope that Cavium will voluntarily provide sufficient technical discovery to permit a meaningful evaluation of the asserted claims before then.[6] (2) In addition, despite Alacritech's requests during the parties' meet and confer negotiations regarding claim construction, Defendants refused to disclose all bases for their indefiniteness arguments in advance of claim construction briefing. Thus, Alacritech will not have the benefit of fully understanding Defendants' claim construction positions, which could materially impact the viability of some of the asserted claims, until July 7. Dkt. 200. (3) And finally, the scope of both the invalidity and infringement issues pertinent to the litigation remains somewhat ambiguous as the result of six pending motions to amend or strike the parties' P.R. 3-1 and 3-3 disclosures. Based on Alacritech's belief that many of these issues will be resolved by the Court at the June 12 hearing, it has proposed an initial election of claims that is fewer than the 40 days

---

Alacritech stated its intent to file a motion to compel the outstanding documents and interrogatory responses. Defendants' suggestion that Alacritech's decision to wait until June 1 to afford Cavium a final opportunity to cure the deficiencies in its discovery is gamesmanship rather than a good faith effort to resolve the parties' disputes without motion practice is wrong.

[5] Notably, Cavium has not yet filed its motion for the proposed third supplemental Protective Order. Based on Cavium's proposals to date, Alacritech believes the extra protections Cavium intends to request are burdensome, unnecessary, and unworkable.

[6] The parties agree that efficiency and fairness militate in favor of Alacritech's election of one set of asserted claims to apply to all Defendants and Intervenors and, similarly, that all Defendants and Intervenors will select one set of prior art to rely on for their invalidity defenses under 35 U.S.C. § 102/103.

after the hearing. It is Alacritech's hope that the accused products, invalidity defenses, and technical evidence at issue will have been adduced by that time and can be considered by both parties in making their initial reductions (in keeping with the intended timeline set forth in both the Federal Circuit and Eastern District of Texas Model Orders). Exh. A (Fed. Cir. Model Order) ¶ 2; Exh. B (G.O. 13-20) at Commentary ¶ 3.

Alacritech's proposals for a second and final election of terms and art are also supported by the Model Orders. Both the Federal Circuit and Eastern District of Texas committees recognize the importance of reducing claims and prior art after discovery is substantially completed and the Court has had an opportunity to issue its *Markman* Order. "This Model Order [also] contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial." Exh. A (Fed. Cir. Model Order) at 3 n.3. Here, Alacritech has proposed a substantial reduction of claims on October 13, which is a week before the close of fact discovery, more than two weeks before opening expert reports, and approximately two months after the *Markman* hearing (a timeframe that will, hopefully, allow the parties to consider the Court's claim construction order before making further reductions). This is followed, commensurate with the Model Orders, with a reduction in the prior art on the same day as Defendants' expert report(s) relating to invalidity are due. Alacritech has proposed a further, final election of claims and prior art to meet the limitations requested by Defendants and to ensure that the case is reduced to a reasonable volume of evidence in advance of trial.

Contrary to Defendants' argument, the timing and volume of the proposed elections are fair and commensurate with the Model Orders. Alacritech has endeavored to reduce both the claims and references asserted to the number the Federal Circuit and Eastern District of Texas consider to be appropriate for trial based on their guidance in the Model Orders. However, given

that the litigation encompasses three sets of Defendants and two Intervenors, all of whom provide different accused products and services, and that there are multiple functionalities at issue for each product / service, reduction in the manner proposed by Defendants is impractical. To reach the agreed upon goal of having one set of asserted claims and one set of prior art that applies to all of the related cases (rather than simply adopting the Model Order for each case, which could result in up to 80 different asserted claims and 100 prior art references across the three original cases brought by Alacritech and two additional cases initiated by Intervenors), Alacritech has proposed a very reasonable limit on the number of claims and references.

Finally, Defendants' complaints regarding the resulting number of prior art references makes no sense since Alacritech's proposal for final reduction is taken essentially wholesale from the Model Order. The Eastern District of Texas Local Rules Advisory Committee expressly found that "each obviousness combination counts as a separate prior art reference" under the Model Order, recognizing that "a small number of prior art references can be combined to form an exponentially greater number of bases for invalidity." Exh. B (G.O. 13-20) at Commentary ¶ 6. Thus, an Order that did not limit Defendants' prior art references in this manner would be unfair and contrary to the purpose of a limiting order.[7] Similarly, since Defendants' prior art references can (and, based on their invalidity contentions, universally do) apply to multiple claims across multiple asserted patents, Defendants' suggestion that they require more references than there are asserted claims is unsupported.

---

[7] Defendants/Intervenors never proposed a tiered system whereby the final reductions would be limited in the manner contemplated by the Model Order but earlier reductions would not.

8

Dated: June 6, 2017  /s/ *Michelle Ann Clark*

Claude M. Stern
California State Bar No. 096737
claudestern@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Joseph M. Paunovich
joepaunovich@quinnemanuel.com
California State Bar No. 228222
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Michael D. Powell
mikepowell@quinnemanuel.com
California State Bar No. 202850
Michelle Ann Clark
michelleclark@quinnemanuel.com
California State Bar No. 243777
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*ATTORNEYS FOR PLAINTIFF ALACRITECH, INC.*

By: */s/ Jonathan G. Graves*

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 705-1117
ddacus@dacusfirm.com

Jonathan G. Graves (VA Bar 46136)
Frank V. Pietrantonio (VA Bar 25473)
Stephen C. Crenshaw (VA Bar 82016)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-800
Facsimile: (703) 456-8100
jgraves@cooley.com
fpietrantonio@cooley.com
screnshaw@cooley.com

Phillip E. Morton (DC Bar 1032243)
COOLEY LLP
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
pmorton@cooley.com

*Attorneys for Defendants, CenturyLink Communications LLC, Tier 3, Inc., and Savvis Communications Corp.*

By: */s/ Michael J. Newton*
Michael J. Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
ALSTON & BIRD, LLP

2828 North Harwood Street, 18th Floor
Dallas, Texas 75201-2139
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Deron R Dacus (TX Bar No. 00790553)
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

David M. Stein (TX Bar No. 00797494)
ALSTON & BIRD, LLP
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-3004
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
david.stein@alston.com

Kirk T. Bradley (NC Bar No. 26490)
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
kirk.bradley@alston.com

Lindsey Yeargin (GA Bar No. 248608)
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree St NW #4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
lindsey.yeargin@alston.com

*Attorneys for Defendant Dell, Inc.*

By: */s/ Harold H. Davis, Jr.*
Harold H. Davis, Jr.
California Bar No. 235552 (admitted in E.D. Tex.)

harold.davis@klgates.com
L. Howard Chen (24009953)
howard.chen@klgates.com
Rachel Burnim
California Bar No. 292952 (admitted in E.D. Tex.)
rachel.burnim@klgates.com
K&L GATES LLP
Four Embarcadero, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Ravi S. Deol
State Bar No. 24090073
ravi.deol@klgates.com
K&L GATES LLP
1717 Main St., Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849

*Attorneys for Defendants Wistron Corporation, Wiwynn Corporation, and SMS Infocomm Corporation*

By: */s/ Garland T. Stephens*
Garland T. Stephens, Lead Attorney (24053910)
Douglas W. McClellan (24027488)
Melissa L. Hotze (24049831)
Justin L. Constant (24067551)
Richard D. Eiszner (65891)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
garland.stephens@weil.com
doug.mcclellan@weil.com
melissa.hotze@weil.com
justin.constant@weil.com
richard.eiszner@weil.com

Anne Marie Cappella (181402)
Jeremy Jason Lang (255642)
Amanda K. Branch (300860)
WEIL, GOTSHAL & MANGES LLP

12

201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
anne.cappella@weil.com
jason.lang@weil.com
amanda.branch@weil.com

William Sutton Ansley (80085)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900
Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
sutton.ansley@weil.com

David Mitchell DesRosier (676024)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, 34th Floor
Boston, MA 02110
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
david.desrosier@weil.com

Harry L. Gillam, Jr. (07921800)
Gillam & Smith LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com

David Folsom (07210800)
Jackson Walker L.L.P.
6002 Summerfield Dr., Suite B
Texarkana, TX 75503
Telephone: (903) 255-3250
Facsimile: (903) 255-3265
dfolsom@jw.com

*Counsel for Intervening Party Intel Corporation*

By: */s/ Karineh Khachatourian*
Karineh Khachatourian
Daniel Todd McCloskey
David T Xue

13

        Megan Whyman Olesek
        Duane Morris LLP - CA
        2475 Hanover Street
        Palo Alto, CA 94304-1194
        Telephone: (650) 847-4150
        Facsimile: (650) 847-4151
        karinehk@duanemorris.com
        dtmccloskey@duanemorris.com
        dtxue@duanemorris.com
        molesek@duanemorris.com

        Melissa Richards Smith
        Gillam & Smith, LLP
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257
        melissa@gillamsmithlaw.com

        *Counsel for Intervening Party Cavium, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 6th, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                 */s/ Garland T. Stephens*
                                                 Garland Stephens

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for all parties have conferred pursuant to Local Rule CV-7(h) throughout the month of May regarding this motion and have been unable to reach an agreement.

                                                 */s/ Garland T. Stephens*
                                                 Garland Stephens