**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | |
| v. | Case No. 2:16-cv-693-RSW-RSP |
| CENTURYLINK, INC., *et al.*, | LEAD CASE |
| Defendants. | Jury Trial Demanded |
| ALACRITECH, INC., | |
| Plaintiff, | Case No. 2:16-cv-695-RWS-RSP |
| v. | Jury Trial Demanded |
| DELL INC., | |
| Defendant. | |

**DEFENDANT DELL INC.'S MOTION TO DISMISS FOR IMPROPER VENUE**

**TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.     NATURE AND STATE OF PROCEEDINGS.................................................................... 1

III.    PLEADED FACTS ............................................................................................................. 1

IV.     LEGAL STANDARD......................................................................................................... 2

V.      ARGUMENT...................................................................................................................... 3
        A.      It Is Proper for the Court to Consider this Issue at this Stage of the
                Litigation............................................................................................................... 3
        B.      This Case Should Be Dismissed Because Venue is Improper in the Eastern
                District of Texas.................................................................................................... 5
        C.      In the Alternative, This Case Should Be Transferred to the Northern
                District of California ............................................................................................ 6

VI.     CONCLUSION................................................................................................................... 7

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

The Supreme Court recently issued a decision that clarified the standard for venue in patent infringement cases.  *TC Heartland LLC v. Kraft Foods Group Brands LLC*, -- S. Ct. --, No. 16-341, 2017 WL 2216934 (May 22, 2017).  In that decision, the Court held that venue is only proper where a defendant is incorporated or where it has committed acts of infringement and has a regular and established place of business.  *Id.*  Plaintiff's Complaint contains no allegations that meet this standard.   Because Dell Inc. is not incorporated in Texas and does not have a regular and established place of business in this District, the Court should dismiss this case for improper venue or, at the very least, transfer this case to the Northern District of California in accordance with Defendants' motion to transfer venue (Case No. 2:16-cv-693, D.E. 59, 70, 95-1, 225).

## II.     NATURE AND STATE OF PROCEEDINGS

Alacritech filed its original Complaint in this case on June 30, 2016 (Case No. 2:16-cv-695, D.E. 1), and Dell filed its original Answer on August 25 and an amended Answer on February 28, 2017 (Case No. 2:16-cv-693, D.E. 27, 139).  In its amended Answer, Dell alleged that venue is improper in this District, given the Supreme Court's recent grant of *certiorari* in the *TC Heartland* case (Case No. 2:16-cv-693, D.E. 139).  On September 29, 2016, Dell, along with the defendants in related cases, filed a motion to transfer this case to the Northern District of California (Case No. 2:16-cv-693, D.E. 59).  Alacritech served its initial patent disclosures on September 9, 2016, and Dell served its Invalidity Contentions on November 11.  Fact discovery and the claim construction process are ongoing.  Fact discovery is set to close on October 13, 2017, and trial is currently set to begin on April 2, 2018 (Case No. 2:16-cv-693, D.E. 264).

## III.    PLEADED FACTS

As Plaintiff pleaded, Defendant Dell is incorporated in Delaware and headquartered in the Western District of Texas, in Round Rock (Case No. 2:16-cv-695, D.E. 1).  As discussed

previously in a declaration by Bryan Kelly supporting Dell's motion to transfer venue, Dell sells computers, monitors, servers, and other devices that Dell sources and assembles from various third-party suppliers (Case No. 2:16-cv-693, D.E. 59-20 ¶ 4).   Alacritech's infringement allegations against Dell are directed to functionality in the network interfaces/adapters included in various Dell products (*id.* ¶¶ 5, 8).  Dell does not design or manufacture those components but instead buys them from third-party suppliers such as Intel, Broadcom, Cavium, and Mellanox (*id.* ¶ 7).  Dell does not have any regular and established place of business, including retail stores, manufacturing plants, or other facilities, in the Eastern District of Texas (*see id.* ¶ 3; Case No. 2:16-cv-695, D.E. 1).[1]

## IV.    LEGAL STANDARD

In patent cases, venue is only proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  The Supreme Court recently held that the term "resides" in § 1400(b) "refers only to the State of incorporation."  *TC Heartland LLC v. Kraft Foods Group Brands LLC*, -- S. Ct. --, No. 16-341, 2017 WL 2216934, at *1 (May 22, 2017).[2]  The Federal

---

[1] Although one of Dell's former subsidiaries, Dell Services, was located in the Eastern District of Texas, that subsidiary is not a named defendant and is not identified by name in Alacritech's infringement contentions, and Dell sold the subsidiary in 2016 (*see* Case No. 2:16-cv-695, D.E. 1; Alacritech's Patent Initial Disclosures for Dell Inc. (attached as Ex. 1)).  Moreover, for venue purposes, "[i]t is well established that a subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business." *Burnside v. Sanders Assocs., Inc.*, 507 F. Supp. 165, 166 (N.D. Tex. 1980) (internal quotations omitted); *see also L.D. Schreiber Cheese Co. v. Clearfield Co.*, 495 F. Supp. 313, 318 (W.D. Pa.) ("It is clear under 28 U.S.C. § 1400(b) that the mere existence of a wholly-owned subsidiary in a judicial district does not, by itself, suffice to establish venue over the subsidiary's parent corporation.").

[2] Although the *TC Heartland* decision issued after Alacritech served its Complaint in this action, its holding must be applied to this case, as "the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events,

Circuit has held that the appropriate inquiry for determining whether a corporate defendant has a regular and established place of business in a district "is whether the corporate defendant does its business in that district through a permanent and continuous presence there." *In re Cordis Corp.*, 769 F.2d 733, 734-37 (Fed. Cir. 1985).

If a lawsuit is brought in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Once a defendant raises a motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff. *See Langdon v. Cbeyond Commc'n, LLC*, 282 F. Supp. 2d 504, 508 (E.D. Tex. 2004).

## V.   ARGUMENT

### A.   It Is Proper for the Court to Consider this Issue at this Stage of the Litigation

Generally, a motion to dismiss for improper venue must be made before a defendant files its responsive pleading, or the defense is waived.  *See* Fed. R. Civ. P. 12(b)(3), 12(h)(1).  However, "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent." *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981); *see also Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) ("[A]n exception to the general rule of waiver . . . exists . . . when there has been an intervening change in the law recognizing an issue that was not previously available.").  "[T]he mere failure to interpose [] a defense prior to the announcement of a decision which might support it cannot

---

regardless of whether such events predate or postdate the Supreme Court's announcement of the rule.'" *NeuroRepair, Inc. v. The Nath Law Grp.*, 781 F.3d 1340, 1344 (Fed. Cir. 2015) (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

prevent a litigant from later invoking such a ground." *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143 (1967).

When Alacritech filed its Complaint in this action on June 30, 2016, the Federal Circuit's interpretation of 28 U.S.C. § 1400(b) controlled venue in patent cases, where venue was proper in any judicial district in which a defendant was subject to personal jurisdiction. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Because Dell was subject to personal jurisdiction in this District through its sale of accused products in this District, it could not have denied that venue was proper in good faith when this case was initially filed, and filing such a motion could have potentially exposed Dell to sanctions. Dell's original Answer, filed on August 25, 2016, thus did not contend that venue was improper (Case No. 2:16-cv-693, D.E. 27). Dell did, however, file a motion to transfer venue under 28 U.S.C. § 1404 on September 29, 2016 (Case No. 2:16-cv-693, D.E. 59).

The Supreme Court granted *certiorari* in *TC Heartland* on December 14, 2016. Thereafter, on February 28, 2017, Dell timely filed an amended Answer to Alacritech's Complaint, in which it provisionally denied that venue is proper in this District, citing the potential outcome of the *TC Heartland* case (Case No. 2:16-cv-693, D.E. 139 at ¶ 8). Dell could not have filed the instant motion at that time, however, as this Court determined soon thereafter that "[t]he fact that the Supreme Court has granted *certiorari* does not change the fact that the rule in *VE Holding[]* and then affirmed by the Federal Circuit in *TC Heartland* is controlling, 'remains good law[,] and dictates venue." Report and Recommendation at 1-2, *MyMail Ltd. v. IAC Search & Media, Inc.*, No. 2:16-cv-1434-JRG-RSP (E.D. Tex. Mar. 17, 2017) (D.E. 32) (citation omitted).

Now that the Supreme Court has in fact changed the patent venue standard, Dell has moved swiftly and diligently to file the instant motion. Because of the intervening change in law, Dell

4

did not waive its improper venue defense, which was not available to it prior to the *TC Heartland*

decision. *See Engel v. CBS, Inc.*, 886 F. Supp. 728, 730-31 (C.D. Cal. 1995) (holding that

defendants did not waive their right to challenge venue by not including the defense in their

original pleadings because there was an intervening change in law). The Court should thus

consider this issue at this time.

**B.     This Case Should Be Dismissed Because Venue is Improper in the Eastern
          District of Texas**

Under the Supreme Court's decision in *TC Heartland*, venue is clearly improper in this

District. Alacritech "bears the burden of proving both acts of infringement and a regular and

established place of business in order to establish proper venue." *Med. Designs, Inc. v. Orthopedic*

*Tech., Inc.*, 684 F. Supp. 445, 446 (N.D. Tex. 1988). In its Complaint, however, Alacritech

acknowledges that Dell is incorporated in Delaware and does not allege that Dell has a regular and

established place of business in this District. Instead, to support its allegation that venue is proper

in this District, Alacritech merely alleges that "Dell is subject to personal jurisdiction in this

District" and that "Dell regularly conducts business in this District" (Case No. 2:16-cv-695, D.E.

1 at ¶ 6). Alacritech does not allege that Dell conducts such business "through a permanent and

continuous presence" in this District, which is required to show a regular and established place of

business. *See In re Cordis Corp.*, 769 F.2d 733 at 737. Cavium and Intel are third parties that

provide the Ethernet controllers accused in this action, and they have intervened to defend Dell.

Alacritech has filed counterclaims against the Intervenors' Complaints, but it never alleges that

Intel or Cavium are incorporated in Texas or have a regular and established place of business in this District (*see* Case No. 2:16-cv-693, D.E. 137, 250).[3]

Alacritech has pleaded no facts that support a finding that Dell has a regular and established place of business in this District.  Because venue in this District is clearly improper under the Supreme Court's recent *TC Heartland* decision, the Court should dismiss this action.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss . . . .") (emphasis added).

**C.      In the Alternative, This Case Should Be Transferred to the Northern District of California**

If the Court determines not to dismiss this case for improper venue, it should transfer this case under 28 U.S.C. § 1406(a), for the same reasons as delineated in Dell's pending motion to transfer this case to the Northern District of California under 28 U.S.C. § 1404 (Case No. 2:16-cv-693, D.E. 59).  As demonstrated in that motion, venue is clearly more convenient in the Northern District of California because the overwhelming majority of the known and likely witnesses, documents, and sources of evidence relevant to this case are in, near, or more convenient to that District (*see generally id.*).  And now, as discussed above, venue is not only less convenient in this District, but also improper.  Accordingly, if the Court does not dismiss this case for improper venue, it should transfer the case (including Intervenors Intel and Cavium) to the Northern District of California.[4]  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case

---

[3] *See* Intervenor Cavium Inc.'s Supplemental Briefing in Support of Motion to Transfer (Case No. 2:16-cv-693, D.E. 225); Intervenor Intel Corporation's Supplemental Briefing in Support of Motion to Transfer (Case No. 2:16-cv-693, D.E. 95-1).

[4] Although there may be other districts in which venue for this case is also proper under the standard set out in *TC Heartland* (for example, the District of Delaware (where Dell Inc. is incorporated) or the Western District of Texas (where Dell's headquarters are located), the Northern District of California is the best district in which to litigate this case because, as stated in

laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). After *TC Heartland,* venue would still be proper against Dell after in the Northern District of California because Dell maintains a large research and development center in that district.

Intervenors Cavium and Intel intervened in this case to defend Dell, but neither are incorporated in Texas. *See* Intervenor Cavium Inc.'s Supplemental Briefing in Support of Motion to Transfer (Case No. 2:16-cv-693, D.E. 225); Intervenor Intel Corporation's Supplemental Briefing in Support of Motion to Transfer (Case No. 2:16-cv-693, D.E. 95). Furthermore, neither has a regular and established place of business in this district. *See id.* Because all parties agree that venue *would* be proper against Alacritech, Dell, Cavium, and Intel (all four of which have regular and established places of business in that district), transfer to N.D. Cal. is another potential remedy, short of dismissal, available to the Court.

## VI.   CONCLUSION

The Eastern District of Texas is an improper venue for this case because Dell is not incorporated in Texas and does not have a regular and established place of business in this District. Accordingly, the Court should dismiss this case or, in the alternative, transfer this case to the Northern District of California.

---

Defendants' motion to transfer venue, it is the most convenient venue for the most witnesses and parties to this lawsuit, including Alacritech, the inventors, third-party suppliers, etc. (*see generally* Case No. 2:16-cv-693, D.E. 59).

Dated: June 13, 2017                                Respectfully submitted,

                                                    By: */s/ Michael J. Newton*
                                                    Michael J. Newton (TX Bar No. 24003844)
                                                    Brady Cox (TX Bar No. 24074084)
                                                    ALSTON & BIRD, LLP
                                                    2828 North Harwood Street, 18th Floor
                                                    Dallas, Texas 75201-2139
                                                    Tel: (214) 922-3400
                                                    Fax: (214) 922-3899
                                                    mike.newton@alston.com
                                                    brady.cox@alston.com

                                                    Deron R. Dacus (TX Bar No. 00790553)
                                                    THE DACUS FIRM, PC
                                                    821 ESE Loop 323, Suite 430
                                                    Tyler, Texas 75701
                                                    (903) 705-1117
                                                    (903) 581-2543 Fax
                                                    ddacus@dacusfirm.com

                                                    Kirk T. Bradley (NC Bar No. 26490)
                                                    ALSTON & BIRD, LLP
                                                    Bank of America Plaza
                                                    101 South Tryon Street, Suite 4000
                                                    Charlotte, NC 28280-4000
                                                    Tel: (704) 444-1000
                                                    Fax: (704) 444-1111
                                                    kirk.bradley@alston.com

                                                    Lindsey Yeargin (GA Bar No. 248608)
                                                    Emily Chambers Welch (GA Bar No. 606071)
                                                    ALSTON & BIRD, LLP
                                                    One Atlantic Center
                                                    1201 West Peachtree St NW #4900
                                                    Atlanta, GA 30309
                                                    Tel: 404-881-7000
                                                    Fax:404-881-7777
                                                    lindsey.yeargin@alston.com
                                                    emily.welch@alston.com

                                                    **ATTORNEYS FOR DEFENDANT DELL INC.**

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing system and/or electronic mail on June 13, 2017.

/s/ Michael J. Newton
Michael J. Newton