IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | |
| v. | 2:16-cv-00693-JRG-RSP (LEAD CASE) |
| TIER 3, ET AL., WISTRON CORPORATION, ET AL., DELL INC., | 2:16-cv-00692-JRG-RSP |
| | 2:16-cv-00695-RWS-RSP |
| Defendants | |
| and | |
| INTEL CORPORATION, CAVIUM, INC., | |
| Intervenors. | |

**INTERVENOR CAVIUM, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE**

**I.      INTRODUCTION**

Cavium, Inc. ("Cavium") moves to dismiss this action on the ground that venue in this district is improper, as established by *TC Heartland*. This motion by Cavium is a companion to its customer Dell Inc.'s ("Dell") Motion to Dismiss on the same basis. Dell, Cavium and all of the other Defendants and Intervenors in this action have consistently maintained throughout this action that venue is appropriate in the Northern District of California, not the Eastern District of Texas, both in pleadings and a prior motion to transfer. In the event that the Court does not promptly transfer the consolidated cases pursuant to the fully-briefed prior motion based on 28 U.S.C. § 1404(a), it should dismiss or transfer the action as to at least Dell and Cavium pursuant to 28 U.S.C. § 1406(a) based on improper venue, as established by the recent holding in *TC Heartland*.

**II.     BACKGROUND**

As Cavium has previously affirmed to this Court in multiple filings, including the sworn declaration of Cavium employee Anita Samuelson, Cavium is incorporated in Delaware, has its principal place of business in the Northern District of California, and has no offices, personnel or facilities in the Eastern District of Texas. *See* Declaration of Anita Samuelson at ¶¶ 2, 4 and 9 [Dkt. 226]. Cavium moved to intervene in this action based on the fact that its customer, Dell, was sued in this venue by Plaintiff Alacritech, Inc. ("Alacritech"), but has never admitted that venue in this district was proper. To the contrary, Cavium specifically denied in its responsive pleadings that venue was proper in this District, citing the arguments put forth by *TC Heartland*. [Dkt. 155 at ¶ 8] After Cavium intervened in the action, Alacritech asserted counterclaims against Cavium that extended beyond the scope of the accusations concerning Dell (which were

the basis for Cavium's intervention), including an additional patent and numerous additional accused products. [Dkt. 137]

All Defendants and Intervenors in these consolidated actions have contended throughout this litigation that the proper venue for these actions is the Northern District of California.[1] The initial motion to transfer, based on 28 U.S.C. § 1404(a), was filed by the Defendants in September 2016. [Dkt. 59] Intervenors Intel and Cavium each submitted supplemental briefing in support of the motion to transfer after they joined the litigation. [Dkt. 89, 225] The Section 1404(a) motion to transfer is fully briefed.

On May 22, 2017, the United States Supreme Court issued a unanimous decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, establishing that venue is proper only where a defendant is incorporated and where its "regular and established place of business" is located. 518 U.S. __, 2017, WL 2216934, *8 (U.S. May 22, 2017); 28 U.S.C. § 1406(a). On May 24, 2017, Cavium asked Alacritech if it would stipulate to transfer the action to the Northern District of California in light of *TC Heartland*, and Alacritech quickly declined without providing any rationale or factual support for its position.

The Defendants and Intervenors have made clear from the date of the *TC Heartland* decision that their continued participation in these proceedings was subject to the objection that venue is improper in this district and that such participation was not to be construed as an admission to the contrary. *See, e.g.,* Dkt. 266 at p. 1, note 1. Cavium and Dell moved promptly following this change in the law to formally challenge venue in this district by their Rule

---

[1] Defendants and Intervenors previously presented the Court with extensive evidence favoring transfer to the Northern District of California, including the fact that the majority of likely witnesses are located there and many parties (including Plaintiff) are headquartered there. *See* Dkt. 59, 89 and 225.

12(b)(3) motions. Accordingly, pursuant to the *TC Heartland* holding and the resulting change in venue standard, the actions as to at least Dell and Cavium should be dismissed or transferred on the ground that venue is improper.

## III.  ARGUMENT

### A.  Following *TC Heartland*, Venue is Proper Only in California or Delaware

The United States Supreme Court issued a clear and unanimous mandate that venue is proper in a patent action only where a defendant is incorporated, or where it maintains a regular and established place of business. *TC Heartland, supra,* at *3, *8. Specifically, the Supreme Court interpreted the patent venue statute, which provides that an action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). *TC Heartland* rejected a prior, broad interpretation of "resides" and held that a defendant resides only where it is incorporated. *TC Heartland, supra,* at *8. The Federal Circuit has interpreted "a regular and established place of business" to require a "permanent and continuous presence." *In re Cordis Corp.*, 769 F.2d 733, 734-37 (Fed. Cir. 1985).

Following *TC Heartland,* the only proper venues for Cavium are in California, where (as Plaintiff pleaded) it has its "regular and established place of business," or in the District of Delaware, where it is incorporated. Cavium has no facilities or employees in the Eastern District of Texas.

As Plaintiff pleaded, Cavium's customer, Dell, the allegations against whom were the basis for Cavium's intervention, is incorporated in Delaware and headquartered in the Western District of Texas, in Round Rock. [Case No. 2:16-cv-695, Dkt. 1] As discussed previously in a declaration by Bryan Kelly supporting Dell's motion to transfer venue, Dell does not have any

regular and established place of business, including retail stores, manufacturing plants, or other facilities, in the Eastern District of Texas. [Dkt. 59-20 at ¶ 3; Case No. 2:16-cv-695, Dkt. 1]

Accordingly, the question of proper venue now is clear and no longer subject to discretion. Under the new rule, Cavium should not have been subject to Alacritech's counterclaims and its new claims against Cavium (beyond the scope of the Dell accusations that formed the basis for intervention) in this District. The dismissal or transfer of this action for improper venue is now required under *TC Heartland*.

### B. Alacritech Does Not Allege Any Facts Establishing That Venue Is Proper

The Court accepts as true the allegations of the complaint on a Rule 12(b)(3) motion. *See Braspetro Oil Servs, Co. v. Modec (USA), Inc.*, 240 F. App'x. 612, 615 (5th Cir. 2007). After a defendant has raised a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff. *See, e.g., Langdon v. Cbeyond Commc'n., LLC,* 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003). Here, the allegations concerning venue and jurisdiction confirm that, after *TC Heartland*, venue is not proper in this district.

Plaintiff Alacritech alleges in its counterclaims against Cavium that venue is proper based on factors that were rejected by the holding of *TC Heartland*, alleging proper venue based only on the following allegations (which were denied by Cavium):

*Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) at least because, as discussed above, Cavium is subject to personal jurisdiction in this District, regularly conducts business in this District, and has committed and continues to commit direct and indirect acts of patent infringement complained of herein within this District.* [Dkt. 137 at ¶ 8]

Taking Plaintiff's allegations as true, venue is not proper following *TC Heartland*. Moreover, Plaintiff cannot amend its claims to allege facts establishing venue, as Cavium has no "regular and established place of business" in the district and is incorporated in Delaware. Accordingly, the action should be dismissed.

### C. This Motion Is Timely Following A Change Of Law

Cavium has preserved its right to challenge venue in this action from its first responsive pleading, in which Cavium stated:

*Cavium denies that venue in this District is convenient and reserves the right to seek transfer of this action to a more convenient forum. Cavium further denies that venue is proper in this Court under a proper interpretation of 28 U.S.C. §§ 1391(c) and 1400(b) for the reasons stated in TC Heartland's petition for writ of certiorari to the Supreme Court. See TC Heartland LLC v. Kraft Food Brands Grp. LLC, No. 16-341, Petition for a Writ of Cert. at \*i, \*28-29 (filed Sep. 27, 2016), cert. granted, TC Heartland LLC v. Kraft Food Brands Grp. LLC, --- S. Ct. ---, 2016 WL 4944616 (Dec. 14, 2016).* [Dkt. 155 at ¶ 8]

Cavium moved to dismiss pursuant to Rule 12(b)(3) promptly following the *TC Heartland* decision, having previously provided notice of its position and reservation of rights to raise improper venue in the event that *TC Heartland* effected a change or clarification of the law.

"[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent." *See, e.g., Curtis Publ'g Co. v. Butts,* 388 U.S. 130, 143 (1967); *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999); *Holzsager v. Valley Hosp.,* 646 F.2d 792, 796 (2d Cir. 1981). Indeed, in March 2017, this Court specifically rejected an attempt to invoke the arguments of *TC Heartland* while the Supreme Court review still was pending. *MyMail, Ltd. v. IAC Search & Media, Inc.*, (No. 2:16-cv-1434-JRF-RSP, Dkt. 32 (E.D. Tex. March 17, 2017). In *MyMail*, this Court denied a motion to dismiss for improper venue on the same basis as the then-pending *TC Heartland* petition on the ground that the prior, broader venue standard of *VE Holding*[2] still was controlling law:

*The fact that the Supreme Court has granted certiorari does not change the fact that the rule in VE Holdings and then affirmed by the Federal Circuit in TC Heartland is controlling, 'remains good law[,] and dictates venue in this case.'*

---

[2] *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574 (Fed. Cir. 1990).

*Id.* at 1-2, citing *F5 Networks, Inc. v. Radware, Inc.*, No. 2:16-CV-00480-RAJ, 2016 WL 6947414, at *6 (W.D. Wash. Nov. 14, 2016). The order in MyMail strongly rejected defendant's attempt to move based on this argument, bluntly stating "The Federal Circuit rejected this argument." *Id.* at 1. The *MyMail* order confirms that, had Cavium attempted to bring this motion prior to the final decision of the Supreme Court in *TC Heartland*, such motion would have been futile and not well taken by this Court.

Moreover, it is settled law that the recent holding of *TC Heartland* applies to this ongoing action. The Federal Circuit has confirmed that "the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the Supreme Court's announcement of the rule.'" *NeuroRepair, Inc. v. The Nath Law Group,* 781 F.3d 1340, 1344 (Fed. Cir. 2015) (quoting *Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97 (1993)). Prior to May 22, 2017, when the Supreme Court issued the *TC Heartland* decision, the present objection to improper venue was not yet available, as this Court recently confirmed. *MyMail, Ltd. v. IAC Search & Media, Inc.*, (Case No. 2:16-cv-1434-JRF-RSP, Dkt. 32, March 17, 2017)(denying motion to dismiss for improper venue on same basis as then-pending *TC Heartland* petition on grounds that prior rule of *VE Holdings* still was controlling). Accordingly, Cavium has timely brought this motion at its earliest available opportunity.

D. **The Court May Elect To Transfer The Action In Lieu Of Dismissal**

Where, as here, venue is improper, the Court may elect to transfer an action to a district where it could have been brought, as an alternative to dismissal. 28 U.S.C. § 1406(a). In the event that the Court elects to transfer this action rather than dismiss it, venue would be proper for at least Dell and its Intervenors Cavium and Intel in the Northern District of California or the

District of Delaware. *See* Motion to Transfer and Supplemental Briefing By Cavium and Intel [Dkt. 59, 89, 225]. For the reasons set forth in the previously-filed motion to transfer pursuant to 28 U.S.C. § 1404(a), including that the majority of witnesses (including Plaintiff's witnesses) are located in Northern California, the Defendants respectfully submit that the Northern District of California would be the most appropriate venue for transfer of this action.

## IV. CONCLUSION

For each of the foregoing reasons, Cavium respectfully requests that the Court dismiss all claims and counterclaims in the above-referenced action pursuant to 28 U.S.C. § 1406(a). In the alternative, Cavium respectfully requests that the Court promptly transfer the actions to the Northern District of California, which is a proper venue.[3]

Dated: June 13, 2017

Respectfully submitted,

*/s/ Karineh Khachatourian*
Karineh Khachatourian (CA Bar No. 202634)
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: 650.847.4150
Fax: 650.847.4151

Attorneys for Intervenor,
CAVIUM, INC.

---

[3] Should the Court choose to immediately grant the fully-briefed motion to transfer pursuant to 28 U.S.C. § 1404(a) [Dkt. 59], the result is the same and improper venue will be remedied. All Defendants and Intervenors have joined the prior motion to transfer and have consented to venue in the Northern District of California.

- 8 -

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Alacritech, Inc. regarding the subject matter of this motion on May 24, 2017, and counsel indicated that they opposed the relief sought herein.

/s/ Karineh Khachatourian

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 13, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/Melissa R. Smith
Melissa R. Smith