**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | Case No. 2:16-cv-693-RWS-RSP |
| v. | (LEAD CASE) |
| CENTURYLINK COMMUNICATIONS, LLC, ET AL, WISTRON CORPORATION, ET AL., DELL INC., | JURY TRIAL DEMANDED |
| Defendants, | |
| INTEL CORPORATION, CAVIUM INC., | |
| Intervenors. | |

**ALACRITECH'S RESPONSE TO  DEFENDANTS' AND INTERVENORS' MOTION
TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MOTION TO
TRANSFER (DKT. 320)**

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.    INTRODUCTION ...................................................................................................1

II.   PROCEDURAL BACKGROUND.........................................................................2

     A.    The Only Delay In Deciding The Motion To Transfer Has Been Caused By Defendants.................................................................................................2

     B.    Defendants/Intervenors' Motion To Transfer Lacks Merit ....................................4

III.  LEGAL STANDARD.............................................................................................6

IV.  ARGUMENT .........................................................................................................6

     A.    Potential Prejudice To The Non-Moving Party ....................................................6

     B.    Hardship and Inequity to the Moving Party.........................................................8

     C.    Judicial Economy Favors Denial Of A Stay .........................................................9

V.   CONCLUSION.....................................................................................................11

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Apple, Inc.*,
  456 Fed. Appx. 907, 2012 WL 112893 (Fed. Cir. Jan. 12, 2012) ...................................... 9, 10

*Clinton v. Jones*,
  520 U.S. 681 (1997) ................................................................................................... 6

*In re Dell, Inc.*,
  No. 2015-102, 600 Fed. Appx. 728 (Fed. Cir. Jan. 7, 2015) ...................................... 4

*In re Google Inc.*,
  588 Fed. Appx. 988 (Fed. Cir. 2014) .............................................................. 7, 10

*In re Google Inc.*,
  No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) ........................... 7, 8, 9

*Hopple v. Prospect Mortg. LLC*,
  No. EP–13–CV–00137–DCG, 2013 WL 5493004 (W.D. Tex. Oct. 2, 2013) ................ passim

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................... 6

*Papst Licensing GmBH v. Lattice Semiconductor Corp.*,
  No. 14-1375-LPS, Dkt. 47 at 2 (D. Del. Aug. 3, 2015) .......................................... 10

*In re Sacramento Mun. Util. Dist.*,
  395 Fed. Appx. 684 (Fed. Cir. 2010) ......................................................................... 6

**Other Authorities**

http://www.wistron.com/about/global_operations.htm  ............................................... 1

## I.      INTRODUCTION

Alacritech initiated suit against Dell, Inc. ("Dell"); CenturyLink, Inc.;[1] Wistron

Corporation, Wiwynn Corporation, and SMS InfoComm ("Wistron") (collectively "Defendants")

on June 30, 2016.  None of Defendants are California corporations or have their principal places

of business in the Northern District of California.  Rather, it is undisputed that ***all of the original***

***defendant groups either reside in or closer to Texas*** than the Northern District of California.[2]

Despite having no meaningful connections themselves to the Northern District of

California, Defendants collectively moved to transfer venue there on September 29, 2016.  (Dkt.

59.)  After briefing on Defendants' Motion to Transfer would otherwise have been completed,

Intel Corporation and Cavium Corporation (collectively "Intervenors") serially moved to

intervene in the litigation on October 31, 2017 and January 13, 2017 respectively.  Though

Intervenors elected to litigate in this forum, they nonetheless joined Defendants' motion to

transfer and, in addition, demanded an opportunity to be heard on the motion.  Intel filed its

supplemental brief in support of transfer on December 13, 2016 and Cavium filed its

supplemental brief regarding transfer on April 25, 2017.[3]  (Dkt. 95, 225, 234.)  As a result of

---

[1]  On August 26, 2016, Alacritech amended its Complaint to name Tier3, Inc.; Savvis Communications Corp., and CenturyLink Communications LLC (collectively "CenturyLink").

[2]  *See, e.g.*, Dkt. 29 (identifying locations of Savvis and CenturyLink that are within 200 miles of Texas); Dkt. 68 at ¶¶ 8-9; http://www.wistron.com/about/global_operations.htm (identifying U.S. operations of Wistron in Texas); Dkt. 27 at ¶ 6 ("Dell admits it transacts business within the State of Texas.  Dell further admits its global headquarters are in Round Rock, Texas and that it maintains facilities in Austin, Texas.").

[3]  In each instance, by stipulation of the parties, Alacritech filed responses to the supplemental briefs within two weeks of their filing.  Alacritech reserves its right to argue that Intervenors' locations and arguments are not properly considered in deciding the motion to transfer including because they initiated litigation here themselves (in filing Complaints In Intervention) and because the merits of a transfer request are ostensibly adjudicated based on the facts available to the plaintiff at the time it filed its Complaint (at which point, Intel and Cavium were not parties).

Defendants' and Intervenors' repeated requests to supplement, briefing was not completed on the motion to transfer until May 5, 2017.  (Dkt. 234.)

In addition, on June 13, Defendants Dell and Cavium moved to dismiss, raising similar venue issues as they pleaded in their motion to transfer.  (Dkt. Nos. 275, 276.)  Obviously, the motion to dismiss for improper venue would have been pertinent to and potentially obviated the motion to transfer.  However, on July 20, 2017, Dell and Cavium moved to withdraw their motions to dismiss for improper venue.  (Dkt. 309.)  The Court granted the motions to withdraw less than a month ago, on July 25.  (Dkt. 313.)

Defendants should not be heard to complain of self-inflicted woes.  Having intentionally extended briefing on the motion to transfer through most of fact discovery, claim construction exchanges, and the due date of Alacritech's opening claim construction brief, Defendants have presented no circumstances that would justify a stay of the litigation pending resolution of the venue issue they have hindered over the course of *seven months* of extended "supplemental" briefing.  In view of Defendants' substantial delays in briefing the transfer and venue issues as well as the extremely weak merits of their pending transfer motion, the Court should deny the Motion to Stay.  (Dkt. 320.)

## II.   PROCEDURAL BACKGROUND

### A.   The Only Delay In Deciding The Motion To Transfer Has Been Caused By Defendants

As Defendants acknowledge in their opening motion, though they filed their opening papers in September, Defendants have only recently completed substantive briefing on the transfer and venue issues.  As recently as April 25, Intervenor Cavium has submitted supplemental briefing on the motion to transfer, to which Alacritech was afforded until May 5 to respond.  (Dkt. 225, 234.)  Moreover, Dell and Cavium raised overlapping venue issues in their

motions to dismiss filed on June 13, 2017, which they withdrew without explanation on July 25. (Dkt. Nos. 275, 276, 309.)

During the ten month period from September 29, 2016 (when Defendants first filed their motion to transfer) to July 25, 2017 (when the co-pending motions to dismiss for improper venue were withdrawn), substantial litigation has occurred including document and deposition discovery, two rounds of discovery motion practice and hearings, four motions to strike initial contentions, and three motions from Defendants/Intervenors to supplement their invalidity contentions.  Of the approximately thirty (30) substantive motions brought before this Court in the above-entitled litigations, two-thirds of them (*i.e.*, eighteen (18) motions) were initiated by Defendants/Intervenors.  Three-quarters (*i.e.*, twenty-three (23) motions) were brought ***before Defendants/Intervenors completed briefing on their motion to transfer***.  All of the motion practice, save the currently-pending motion, was initiated before the Motions to Dismiss for Improper Venue were withdrawn.

Similarly, the parties exchanged claim terms and initial proposed constructions in January 2017.  The parties submitted their initial joint claim construction chart on February 21, 2017. (Dkt. 134.)  The parties conducted claim construction discovery including expert depositions in February and March 2017.  And Alacritech filed its opening claim construction brief on April 4, 2017.[4]  (Dkt. 181.)  These claim construction proceedings were completed before Defendants/Intervenors completed briefing on their motion to transfer.  Defendants/Intervenors only moved to stay the litigation pending resolution of the transfer motion less than one business

---

[4]   Thereafter, the Court extended the deadlines for claim construction briefing at Cavium's request based on Cavium's representation that it wished to proffer additional terms for construction.  This position turned out to be a ruse to extend the litigation schedule.  The day Cavium's proposed constructions were due under the modified briefing schedule, it withdrew all of its proposed terms without explanation.

day before the *Markman* hearing.  The substantial delays Defendants/Intervenors have imposed

on the briefing process do not reflect a legitimate interest in expedited consideration of the

transfer issues.

### B.  Defendants/Intervenors' Motion To Transfer Lacks Merit

In addition, Defendants/Intervenors' delays in briefing the transfer issues only undermine

an already woefully inadequate transfer request.  (*See* Dkt. 246 at 1.)  The transfer motion fails

on its face because it is undisputed that Alacritech could not have initiated litigation against all

Defendants in the Northern District of California.  Indeed, the only parties that claim to be

located there are Cavium and Intel – *i.e.*, the intervenors that Alacritech never elected to sue, but

whom voluntarily joined this litigation rather than initiating declaratory judgment actions of their

own elsewhere.  (Dkt 246 at 3.)  Of the Intervenors, only Intel could potentially be legitimately

considered located in the Northern District of California since Cavium intervened on behalf of its

real party in interest, QLogic (a separate operating entity), which is located several hundred

miles away in the Central District of California.  Despite having submitted four briefs

comprising nearly double the number of pages usually afforded to a non-dispositive motion of

this nature as well as hundreds of pages of exhibits)– Defendants/Intervenors have never

addressed the absence of this predicate factual basis for transfer.[5]

---

[5]   Defendants and Intervenors have also never requested that the customer suits be severed or stayed.  Instead, Defendants/Intervenors have adamantly sought to have the merits of their transfer request adjudicated as a collective.  Thus, it is appropriate for the Court to "consider the convenience of all the defendants" and the suitability of transfer of the group.  *In re Dell, Inc.*, No. 2015-102, 600 Fed. Appx. 728, 730 (Fed. Cir. Jan. 7, 2015).  Here, when none of the Defendants other than those that chose to be here are located in the proposed transferee venue, there is no basis for transfer.

Moreover, as discovery advances, it becomes increasingly clear that there is no basis for Defendants/Intervenors' alleged convenience transfer.  For example, all of Dell's deponents have identified Round Rock, Texas as the location most convenient for them.  At least one of Intel's witnesses have also requested to be deposed in Texas.  By comparison, only one deposition has taken place in the Northern District of California – of a marginally relevant Intel corporate designee (whose total deposition lasted less than two hours on the record).[6]  Indeed, of the 29 Defendants/Intervenors' depositions scheduled to date, only 4 are to take place in California – and they are all Intel corporate designees.  An equal number of depositions will take place in Texas (3 for Dell and at least one for Intel). The rest of the depositions will take place around the world.  These facts belie any basis for a transfer to the Northern District of California "for the convenience of the witnesses."

In addition, the Court has recently stricken all of Intel's alleged prior art products and uses except its own (and the other Defendants withdrew theirs voluntarily).  (Dkt. 283.)  All that remains are prior art publications the relevance of which must appear on their face and Intel's own alleged art to which its own witnesses can testify (few if any of whom appear to be located in the Northern District of California).  The slew of alleged "prior artists" whose relevance was professed in Defendants' and Intel's briefing on the motion to transfer have thus proven to be of marginal relevance and, for those associated with the dropped and stricken prior art, no relevance at all.  One need look no further than the current deposition schedule – for both parties and allegedly relevant third parties – to ascertain the falsity of Defendants'/Intervenors' perfunctory assertion that "the majority of likely witnesses are located" in the transferee venue.

---

[6]   Another deposition that Intel has scheduled to take place in the Northern District of California is of a witness, Uri Elzur, an individual Intel claims will reside out of the country for the next several months.

## III.   LEGAL STANDARD

The District Court has "inherent power to stay proceedings" when necessary to promote "the policies of justice and efficiency." *Hopple v. Prospect Mortg. LLC*, No. EP–13–CV–00137–DCG, 2013 WL 5493004, at *2 (W.D. Tex. Oct. 2, 2013); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  "The proponent of the stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.  In particular, the proponent of a stay must demonstrate that the "competing interests" demonstrate "a pressing need for a stay." *Landis*, 299 U.S. at 255; *In re Sacramento Mun. Util. Dist.*, 395 Fed. Appx. 684, 687-88 (Fed. Cir. 2010).  The Court considers the following factors in assess the need for a stay:  (1) "the potential prejudice to the non-moving party;" (2) the hardship and inequity that the moving party would suffer if the action were not stayed; and (3) whether a stay will result in substantial preservation of judicial resources by avoiding duplicative litigation. *Hopple*, 2013 WL 5493004 at *2.

## IV.   ARGUMENT

Defendants' Motion does not address a single factor relevant to their requested stay, much less demonstrate that the balance of equities reflect "a pressing need for a stay."

### A.   Potential Prejudice To The Non-Moving Party

There is no dispute that Alacritech will endure substantial prejudice by a stay in this matter.  Alacritech has been diligently pursuing its litigation against Defendants for over a year, including defending against persistent efforts to delay or halt the resolution of its meritorious claims entirely.  On March 6, Intervenor Cavium filed a motion to substantially amend the Docket Control Order to extend the case schedule.  (Dkt. 144.)  The basis for Cavium's request was predicated, in large part, on its professed desire to participate in the claim construction proceedings that had begun before Cavium intervened as well as the additional time it said it

6

needed to prepare its fact discovery.  Based on the veracity of Cavium's representations, the Court granted Cavium's motion and extended the case schedule by more than four (4) months.[7] (Dkt. 200.)  Now, Defendants seek to inject further delay by imposing a stay of indefinite duration on Alacritech.  But where there has already been substantial delay in the litigation that prejudices the plaintiffs' ability to expeditiously resolve its claims, courts find that this factor weighs against imposition of a stay.  *See Hopple*, 2013 WL 5493004 at *3 (collecting cases).

Additionally, courts weigh the duration of the stay and generally disfavor a stay that is anything other than "a slight delay."  *Id.*  Delays of several weeks or even months (as compared to delays of a few days or a week) are prejudicial to the parties' and courts' mutually-held interest in expeditious, efficient resolution of pending litigation.  *Id.*  The cases cited by Defendants/Intervenors are demonstrative.  In each case where a stay was granted, not only had briefing been completed for several months longer than is true here but, in addition, the merits of the transfer had already been adjudicated (*e.g.*, by way of Federal Circuit mandamus) or were to be addressed in a very short, specific time frame (*e.g.*, because the hearing on the motion to transfer was just a few days away).  *See* Dkt. 320 at 2.[8]  Here, the transfer motion has not been

---

[7]  The factual predicates for Cavium's motion to extend the schedule turned out to be largely untrue.  Cavium withdrew the terms it allegedly wanted construed before proposed constructions were exchanged.  Moreover, Cavium later acknowledged that it was withholding its highly relevant source code (RTL) and documents not because it needed time to gather them but because it wanted extraordinary protective order measures, which this Court largely denied.

[8]  *Solid State Storage Solutions, Inc. v. STEC, Inc.*, 2:11-cv-00391-JRG-RSP, Dkt. 284 at 1 (E.D. Tex. Dec. 26, 2012) (motion to stay proceedings in light of transfer pursuant to Federal Circuit directive); *id.* at Dkt. 292 at 1 (E.D. Tex. Jan. 3, 2013) (granting stay); *Secure Axcess LLC v. Nintendo of Am. Inc.*, Case No. 2:13-cv-32-JRG, Dkt. 133 (E.D. Tex. Feb. 10, 2014) (stay granted pending hearing on severance/transfer issues that was less than two weeks away); *Secure Axcess LLV v. Nintendo of Am., Inc.*, Case No. 2:13-cv-32-JRG, Dkt. 159 (E.D. Tex. June 2, 2014) (order staying litigation based on Federal Circuit's mandate to sever and transfer cases); *see also In re Google Inc.*, No. 2015-138, 2015 WL 5294800 at *2 (Fed. Cir. Jul. 16, 2015) (entering stay based on Federal Circuit directive after briefing had been completed for more than

decided by this Court or the Federal Circuit.  As Defendants/Intervenors' state in their motion, briefing has only been concluded for a couple of months and no hearing has been held.  Thus, there is no way to limit the stay to a "slight delay."  "Because a stay would only . . . inhibit Plaintiff[s'] progress in the present litigation for a significant period of time," there is a "substantial likelihood of prejudice if a stay is granted."  *Hopple*, 2013 WL 5493004 at *3 (collecting cases).

### B.    Hardship and Inequity to the Moving Party

While Alacritech will face substantial prejudice if a stay is entered, Defendants/Intervenors have not identified any potential hardship or inequity they stand to suffer if the stay is denied.  The one milestone Defendants/Intervenors identified in their Motion was the *Markman* hearing.  (Dkt. 320 at 4.)  But by delaying briefing of the transfer motion for months and then filing their stay request on the eve of the hearing, Defendants/Intervenors ensured that neither a stay nor transfer would be had before *Markman*.  If they were really concerned about this Court's ability to conduct a fair and efficient *Markman* as compared to the transferee forum, Defendants/Intervenors should have moved to stay sooner.  *Compare In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015).  They did not.  Instead, Defendants/Intervenors have displayed a marked lack of concern regarding the expeditiousness of transfer by intentionally extending the dates for briefing by ***over six months***.  *Id*. (finding that Google's two page supplement did not delay the transfer motion decision

---

8 months); *In re Google*, 588 Fed.Appx. 988, 990 (Fed. Cir. 2014) (stay entered based on Federal Circuit finding that the case should be transferred to N.D. Cal. or, in the alternative, stayed based on customer suit exception).  Here, no mandamus request has been sought, much less granted – nor could it considering that Defendants only recently finished briefing the transfer issues.

because "Google expressly asked the district court to deny [the request for further briefing] if it meant further delay on the transfer motion.").[9]

As of the date of this brief, there are no pending dispositive motions that were not filed *before* transfer briefing was completed.  And Defendants have not identified a single motion or other pending proceeding on which they will be prejudiced (by anything other than their own delays) if the action continues pending disposition of the motion to transfer.  *Hopple*, 2013 WL 5493004 at *4.  Instead, all that remains for the next several months are discovery proceedings, which would take place in largely the same way regardless of the venue in which this case were pending.  At most, Defendants suggest that the motion to transfer must be decided before trial, which is eight (8) months away.  (Dkt. 320 at 3.)  Alacritech fully expects the Court to dispose of the transfer motion before a single witness is forced to travel to Texas or is otherwise inconvenienced by a trial in this case.  Thus, this factor weighs decisively against a stay.

### C.      Judicial Economy Favors Denial Of A Stay

Courts often require a showing of judicial economy to support a stay, such as avoidance of duplicative litigation.  But here a stay would inject waste and inefficiency.  *Compare In re Apple, Inc.*, 456 Fed. Appx. 907, 2012 WL 112893, at * 2 (Fed. Cir. Jan. 12, 2012) (denying both mandamus and transfer based on the Court's finding that the § 1404 factors did not weigh

---

[9]   Needless to say the hundreds of pages of additional briefing and exhibits submitted by Defendants/Intervenors as part of their supplemental briefing has a far greater impact on the Court's ability to weigh and decide the motion than the "seven lines of deposition testimony" submitted by Google in the Brite Smart proceedings.  *Google*, 2015 WL 5294800 at *1.  Even so, Google took the extra precaution of expressly requesting that the Court ignore the supplement if it would inject further delay in disposition of the transfer motion.  *Id*.  Here, Defendants have piled supplemental briefs and exhibits on the Court over the course of many months, without any indication that such briefs were conditionally submitted, only to turn around and demand immediate disposition of the motion as well as a stay less than three months after the last brief on transfer was submitted and less than one month after the overlapping motions to dismiss for improper venue were withdrawn.

decisively in favor of transfer).  As discussed above and in the Alacritech's transfer briefing, Defendants have not demonstrated that transfer is appropriate as to all Defendants or even that the litigation could have been brought against all Defendants in the transferee forum.  *Id.* (identification of "defendants and witnesses that will find it easier and more convenient to try this case in the Eastern District of Texas" precluded mandamus and concomitant stay).  Instead, several Defendants and their witnesses reside in Texas, making transfer inappropriate.  *Compare In re Google Inc.*, 588 Fed. Appx. 988, 991 (Fed. Cir. 2014) (transfer and stay appropriate when not a single relevant witness resides in Texas and concurrent litigation was proceeding in parallel in the Northern District of California).  Given the substantial overlap in the infringement theories and evidence among the various Defendants/Intervenors, continued adjudication of at least discovery in the same forum benefits the parties and the Court.  *Id.; see also Papst Licensing GmBH v. Lattice Semiconductor Corp.*, No. 14-1375-LPS, Dkt. 47 at 2 (D. Del. Aug. 3, 2015).  This will allow the parties to continue availing themselves of the local rules, procedures, and Orders that have governed this litigation since the inception and which provide the foundation for the parties' discovery and other negotiations.  Thus, a stay undermines, rather than promotes, efficiency.

Additionally, as this Court has previously concluded, a stay is rarely appropriate when the merits of the transfer request have not already been evaluated in favor of transfer (whether by this Court or the Federal Circuit).  *Hopple*, 2013 WL 5493004 at *4; *see also In re Dell*, 600 Fed. Appx. at 730.  To the contrary, should transfer be denied, the stay will necessarily waste time that could otherwise have been spent effectively resolving Alacritech's claims and moving this case towards a resolution.  *Hopple*, 2013 WL 5493004 at *4.

V.    **CONCLUSION**

For all the foregoing reasons, Defendants' Motion to Stay should be denied.


DATED: August 18, 2017                     QUINN EMANUEL URQUHART &

                                           SULLIVAN, LLP


                                           By  */s/ Michelle Ann Clark*
                                                Claude M. Stern
                                                California State Bar No. 96737
                                                *claudestern@quinnemanuel.com*
                                                QUINN EMANUEL URQUHART
                                                & SULLIVAN, LLP
                                                555 Twin Dolphin Drive, 5th Floor
                                                Redwood Shores, CA 94065
                                                Telephone: (650) 801-5000
                                                Facsimile: (650) 801-5100

                                                Michael D. Powell
                                                *mikepowell@quinnemanuel.com*
                                                Michelle Ann Clark
                                                *michelleclark@quinnemanuel.com*
                                                Brian E. Mack
                                                *brianmack@quinnemanuel.com*
                                                California State Bar No. 243777
                                                QUINN EMANUEL URQUHART
                                                & SULLIVAN, LLP
                                                50 California Street, 22nd Floor
                                                San Francisco, CA 94111
                                                Telephone: (415) 875-6600
                                                Facsimile:  (415) 875-6700

                                                Joseph M. Paunovich
                                                *joepaunovich@quinnemanuel.com*
                                                California State Bar No. 228222
                                                QUINN EMANUEL URQUHART
                                                & SULLIVAN, LLP
                                                865 South Figueroa Street, 10th
                                                Floor
                                                Los Angeles, CA 90017
                                                Telephone: (213) 443-3000
                                                Facsimile: (213) 443-3100

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR PLAINTIFF
Alacritech, INC.

12

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and all accompanying exhibits

filed under seal are being served on counsel of record via email on August 18, 2017.

*/s/ Michelle Ann Clark*