IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ALACRITECH INC., | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-00693-RWS-RSP |
| | § | (lead case) |
| CENTURYLINK, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this patent case, the Court now considers Alacritech's Motion for Leave to Serve Amended Infringement Contentions Against Defendants Wistron and Wiwynn and Assert Infringement of U.S. Patent No. 7,945,699 [Dkt. # 184]. After considering the parties' briefing and arguments of counsel, the Court will **GRANT** the motion as to amendment of Alacritech's infringement contentions (with some caveats), but **DENY** Alacritech leave to assert the '699 Patent against Wistron and Wiwynn.

I. **BACKGROUND**

A. **The Technology**

The technology at issue concerns transferring and storing data within a network. Compl. [Dkt. # 1] ¶ 16. According to Alacritech, traditional methodologies wasted too much processing power performing brute-force data transfer and storage. *Id.* ¶ 18. To address that waste, Alacritech developed the use of dedicated network interface controllers

(NICs) to more efficiently handle the processing. *Id.* Offloading processing tasks to a dedicated NIC implementing the methodologies taught by the asserted patents accelerates data transfer between devices and allows the host CPUs to keep processing power for more substantive tasks. *Id.*

Very generally, the asserted patents can be thought of as being directed to devices and methods enabling four "functionalities":

(1) Large Segment Offload (LSO);

(2) Receive Side Coalescing (RSC);

(3) TCP Offload Engine (TOE); and

(4) Remote Direct Memory Access (RDMA), such as the InfiniBand protocol, the RDMA over Converged Ethernet (RoCE) protocol, the Internet Wide Area RDMA Protocol (iWARP), the Internet Small Computer System Interface (iSCSI) Extensions for RDMA (iSER) protocol, and the Server Message Block (SMB).

Alacritech ties these functionalities to the various asserted patents as follows:

| U.S. Patent | Functionalities | Citation |
|---|---|---|
| 7,124,205 | RSC, Inifiband, RoCE | First Am. Compl. [Dkt. # 29] ¶ 39. |
| 7,237,036 | RSC | *Id.* ¶ 52. |
| 7,337,241 | RSC, LSO, Inifiband, RoCE | *Id.* ¶ 64. |
| 7,673,072 | LSO | *Id.* ¶ 77. |
| 7,945,699 | InfiniBand, RoCE | *Id.* ¶ 90. |
| 8,131,880 | RSC | *Id.* ¶ 103. |
| 8,805,948 | RSC | *Id.* ¶ 116. |
| 9,055,104 | LSO | *Id.* ¶ 129. |

### B. Alacritech's Lawsuit Against Wistron and Wiwynn.

In June 2016, Alacritech sued Wistron and Wiwynn in Case No. 2:16-CV-00692, which the Court later consolidated with this action. Alacritech asserted infringement of each of the above-referenced patents except the '699 Patent, which is the only asserted patent not directed to RSC or LSO in some capacity.

In September 2016, Alacritech served its infringement contentions on Wistron and Wiwynn, asserting 117 claims across the seven asserted patents. The contentions named 36 Wiwynn products capable of RSC and LSO functionality as allegedly infringing devices.

Later, in response to Alacritech's discovery requests, Wistron and Wiwynn identified over 400 additional products. *See* [Dkt. # 184-7], [Dkt. # 184-8], [Dkt. # 184-9], [Dkt. # 184-10].The identification of each product included its associated functionalities (e.g., RSC, LSO, Ifiniband, etc.). Wistron and Wiwynn disclosed these additional products by January 30, 2017.

Two months later, Alacritech informed Wistron and Wiwynn of its intent to add the products to its infringement contentions. *See* Letter From Joseph Paunovich to Harold Davis (Mar. 31, 2017) [Dkt. # 184-14]. At the same time, Alacritech first informed Wistron and Wiwynn of its intent to assert the '699 Patent. *Id.* Wistron and Wiwynn suggested they might be amenable to aspects of Alacritech's proposed amendment, but rejected (1) any amendments that would add a publicly known NIC to Alacritech's contentions, and (2) the addition of the '699 Patent to the lawsuit. *See* Letter From Harold Davis to Joe Paunovich (Apr. 3, 2017) [Dkt. # 184-15]. The parties could not reach an agreement, and Alacritech

filed this motion shortly thereafter.

## II. APPLICABLE LAW

The same legal standard applies to both aspects of Alacritech's motion. When a party seeks to amend its contentions, leave to amend is generally required and may only be granted upon a showing of good cause. P.R. 3-6(b). Similarly, leave to amend a complaint after the scheduling order's deadline for doing so also requires good cause. Fed. R. Civ. P. 16. In determining good cause, courts consider (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *see also Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-00878, 2015 WL 1774448, at *2 (E.D. Tex. Apr. 16, 2015).

## III. DISCUSSION

### A. Amendments to Alacritech's Contentions

In both its pleadings and its contentions, Alacritech broadly frames its infringement allegations by "accused functionality." *See, e.g.*, First Am. Compl. [Dkt. # 29] ¶¶ 39, 52, 64, 77, 90, 103, 116, 129; Alacritech's Infringement Chart for '036 Patent Claim 1 [Dkt. # 184-3] at 1 (accusing "any version of its server or computer products capable of providing infringing RSC functionality"). Given that, all Alacritech needed to know for contention purposes is what Wistron and Wiwynn products are capable of what functionalities. Wis-

tron and Wiwynn provided that information at least as early as January 30, 2017, yet Alacritech waited two months before seeking leave to amend. In light of that two-month delay, the Court agrees Alacritech was not diligent in seeking leave.

The Court, however, finds it would serve no purpose to deny the amendment as to some of the Wistron and Wiwynn products. For one, the Court does not expect the addition of these additional instrumentalities to impact the schedule in this case. Moreover, because Alacritech chose to identify accused instrumentalities by functionality, Wistron and Wiwynn should not be surprised by the addition of these products and will suffer little, if any, prejudice by way of the amendment. And for efficiency, the Court prefers to resolve the infringement issue concerning as many of these additional instrumentalities as possible in one case rather than have Alacritech initiate a separate action.

The Court will therefore grant Alacritech's motion for leave, but with some limits. First, the Court's leave will not extend to the '699 Patent. Second, Alacritech may not assert any new infringement theories or claims as to the already asserted patents.

### B.     Assertion of the '699 Patent

By January 30, Wistron and Wiwynn had already identified their products that practice or support Infiniband, RoCE, or RoCEv2 functionalities, which are the functionalities associated with the '699 Patent. *See, e.g.*, Wiwynn's First Supp. Resps. [Dkt. 184-8 at 43] (identifying 11 Wiwynn models with RoCE functionality); Wistron's Second Supp. Resps. [Dkt. # 184-9] at 49–64 (identifying 20 Wistron products with RoCE or Infiniband functionality); Wiwynn's Second Supp. Resps. [Dkt. # 184-10] at 44–46. The deadline to amend

pleadings without leave was February 28.

Alacritech argues it did not have enough information to assert the '699 Patent until March 14, when Wistron and Wiwynn served supplemental interrogatory responses. Alacritech's Motion [Dkt. # 184] at 12. Prior to that, says Alacritech, Wistron's and Wiwynn's responses only identified the infringing products by their internal, non-public model names. *Id.*

That argument is not convincing for two reasons. First, because the purpose of infringement contentions is to put the defendant on notice of what products are alleged to infringe, it matters not whether Alacritech's identification of products used the internal names or publicly available names; Wistron and Wiwynn would have been on notice either way. Second, Alacritech's argument is belied by use in its proposed contentions of the already discussed and very broad catch-all language directed to "capabilities." As an example, Alacritech's proposed contentions for claim 1 of the '699 Patent accuse

> any version of its server or computer products capable of providing InfiniBand, RDMA over Converged Internet (RoCE), or IP Routable RoCE (RoCEv2) compliant connectivity functionality (e.g., [list of products]); and (ii) any of its other activities, products and/or services that use server or computer products to practice and/or support Infiniband and/or RoCE/RoCEv2 compliant connectivity functionality.

Alacritech's Proposed '699 Contentions [Dkt. # 699] at 1–4. As discussed with reference to amendment of Alacritech's current infringement contentions, that broad language only requires Alacritech to know the functionalities associated with each product, which Wistron and Wiwynn provided a month before the deadline to amend.

But despite Alacritech's delay, the biggest hurdle for finding "good cause" is that Wistron and Wiwynn have not participated in claim construction concerning the '699 Patent. Alacritech argues all claim construction disclosures and briefing have been conducted jointly by all defendants, and therefore Wistron and Wywinn had a meaningful opportunity to participate. Alacritech's Motion [Dkt. # 184] at 15. The Court, however, will not presume Wistron's and Wiwynn's attorneys spent their time participating in claim construction proceedings regarding a patent that was not asserted against their clients. So, given the importance of claim construction and the potential prejudice to these two defendants, the Court must side with Wistron and Wiwynn and deny Alacritech's motion as it pertains to the '699 Patent. Accordingly, the Court will deny Alacritech's motion for leave on that point.

## IV. CONCLUSION AND ORDER

Having considered the parties' briefing and arguments of counsel, the Court **GRANTS** Alacritech's Motion for Leave to Serve Amended Infringement Contentions Against Defendants Wistron and Wiwynn and Assert Infringement of U.S. Patent No. 7,945,699 [Dkt. # 184] **IN PART.** Specifically, the Court **GRANTS** the motion as to amendment of Alacritech's infringement contentions as necessary, but Alacritech may not assert any new infringement theories or claims. The Court **DENIES** leave to assert the '699 Patent against Wistron and Wiwynn.

**SIGNED this 20th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE