# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-00693-RWS-RSP |
| | § | (lead case) |
| CENTURYLINK, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

In this patent case, Intervenors Intel and Cavium move the Court to stay this action pending *inter partes* review (IPR) of the asserted patents. Intervenors' Motion [Dkt. # 339]. The Court **DENIES** the motion **WITHOUT PREJUDICE**.

## I.    BACKGROUND

In June 2016, Alacritech filed complaints against the defendants in three actions, asserting U.S. Patents 7,124,205, 7,237,036, 7,337,241, 7,673,072, 8,805,948, 7,945,699, 8,131,880, and 9,055,104 (the Asserted Patents). The Court consolidated all three actions for pre-trial purposes.

Intel and Cavium intervened in the various actions between November 2016 and April 2017. Alacritech filed counterclaims and eventually asserted all of the Asserted Patents against both Intervenors.

Between them, Intel and Cavium have filed twenty-four IPR petitions since May

2017. On May 9, 2017, Intel filed nine IPR petitions, which are collectively directed to all originally asserted claims of seven of the eight asserted patents. On June 9, 2017, Intel filed another IPR petition covering all ten asserted claims of the last patent asserted against it, the '699 Patent. On June 30, Intel filed two more IPR petitions, which challenge Alacritech's priority claim as to two of the Asserted Patents and validity based on prior art filed shortly after Alacritech's alleged priority date. Both of these patents are also the subject of IPR petitions Intel filed in May.

Cavium has been just as busy. Between June 30 and July 3, Cavium filed twelve substantially similar IPR petitions challenging all asserted claims of all eight Asserted patents.

Intervenors now ask the Court to stay this litigation pending final resolution of their petitions and any instituted proceedings.

## II. APPLICABLE LAW

The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending *inter partes* reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-04206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-00162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015);

*Norman IP Holdings, LLC v. TP–Link Techs., Co.*, No. 6:13-CV-00384, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014); *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in the litigation. *See Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, Nos. 2:13-CV-235, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014); *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing the litigation. *See EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006).

Some courts have also considered whether a stay will reduce the burden of litigation on the parties and on the court. *See, e.g.*, *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346, 2013 WL 6044407 (W.D. Wis. Nov. 13, 2013). In this district, however, courts usually deny motions for stay when the PTAB has not acted on a petition for *inter partes* review. *See Trover Group, Inc. v. Dedicated Micros USA*, No. 1:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11 2015) ("In this district, that is not just the majority rule; it is the universal practice.").

## III. DISCUSSION

### A. Prejudice to Alacritech

The Court finds Alacritech has not presented evidence it would be prejudiced beyond the procedural effect of the delay. Alacritech is not a competitor of Defendants or Intervenors and does not practice the Asserted Patents. *See* Pl.'s Resps. to Defs.' First Set of Common Interrogs. [Dkt. # 339-6] at 14 ("[A]t this time Alacritech is not relying on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality of its own practices the claimed inventions."). Moreover, Alacritech apparently waited 14 years after accused products were on the market to assert these patents. In litigation involving non-competitors, delay of potential money damages does not generally create an undue prejudice that merits denying a stay. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed Cir. 2014) (concluding the patent owner's failure to move for a preliminary injunction and one-year delay before filing suit weighed against finding it would be unduly prejudiced by a stay). Thus, this factor weighs in favor of a stay.

### B. Stage of the Proceeding

Jury selection in this case is scheduled for April 2018. Am. Docket Control Order [Dkt. # 336] at 1. The parties must file any dispositive motions by December 19, 2017. *Id.* at 2. The PTAB's decisions on whether to institute review would begin in November 2017 and continue through February 2017.

A stay will clearly affect the parties' ability to prepare for trial. Then, if the PTAB

declines to institute review on the later-filed petitions, the Court's schedule will have been unnecessarily disrupted. Because of that potential for disruption, the Court finds this factor currently weighs against a stay.

### C. Whether a Stay Will Simplify Issues in the Litigation

Alacritech has asserted over 100 claims from eight patents against Defendants and Intervenors. As of now, however, a stay will not simplify issues in this litigation or reduce the number of asserted claims. Despite Intervenors' assessment that institution of IPR is highly probable, only when the PTAB decides whether, and to what extent, to institute review will there be meaningful potential for simplification. Thus, the Court finds this factor currently weighs against a stay.

## IV. CONCLUSION AND ORDER

The Court concludes the factors considered together currently weigh against a stay. The Court therefore **ORDERS** that Intervenors' Motion [Dkt. # 339] is **DENIED WITHOUT PREJUDICE** to reurge as the PTAB decides whether to institute *inter partes* review of the asserted claims.

**SIGNED this 22nd day of September, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE