# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., | |
| *Plaintiff*, | |
| v. | 2:16-cv-00693-RWS-RSP (LEAD CASE) |
| TIER 3, INC., ET AL., | 2:16-cv-00692-RWS-RSP |
| WISTRON CORPORATION, ET AL., | 2:16-cv-00695-RWS-RSP |
| DELL INC., | |
| *Defendants,* | JURY TRIAL DEMANDED |
| and | |
| INTEL CORPORATION, AND CAVIUM, INC., | |
| *Intervenors.* | |

**JOINT STATUS REPORT REGARDING IPR PROCEEDINGS**

Pursuant to the Order Granting Joint Motion to Stay Litigation Pending IPR Proceedings dated December 5, 2017, Dkt No. 451, entered in the above-captioned lead case, Plaintiff Alacritech, Inc. ("Alacritech") and Defendants Tier 3, Inc. et al., Wistron Corporation et al., Dell Inc., Intel Corporation and Cavium, Inc. (collectively, "Defendants") submit this Joint Report Regarding *Inter Partes* Review (IPR) Proceedings.

**Alacritech's Statement**

Alacritech understands the Court's Order that is the subject of this Joint Status Report to require a simple report on the status of the patents and claims subject to Defendants' IPRs, followed by a motion to lift the stay and set a case schedule for trial. Dkt. No. 451. Alacritech attaches as Exhibit A such a simple report that shows the results and current status of Defendants' IPR petitions. While Alacritech proposed that the Parties file such a simple report, Defendants unnecessarily added argument and misleading characterizations of the IPR proceedings to their section below. As such, Alacritech provides its summary below as well.

Nineteen months ago, the Court issued an order to stay the present case pending resolution of 22 IPR petitions filed by Defendants. This number soon increased to 42 during the stay, because Defendants filed additional petitions challenging the same patents and claims for strategic reasons. Thirty-two petitions were instituted, and ten petitions were denied institution. Among the thirty-two instituted petitions, eight institution decisions were vacated based on Defendants' strategic decision not to identify any real-parties-in-interest. Based on their filing dates, the PTAB grouped Defendant's petitions into two waves. The hearing on the first wave petitions was held on September 13, 2018, and the written decisions on these petitions were issued in November 2018. The summary chart below shows the surviving claims of the patents-in-suit after the first wave of Defendant's petitions.

| Asserted Patent | Surviving Claims | Claims Found Invalid Pending Appeal |
|---|---|---|
| US 7,237,036 | 8-22 | 1-7 |
| US 7,337,241 | | 1-24 |
| US 9,055,104 | 2-5, 7, 8, 10, 11, 13, 14, 16-24 | 1, 6, 9, 12, 15 |
| US 7,124,205 | 1, 2, 4-8, 11-15, 17-21, 23, 31-34 | 3, 9, 10, 16, 22, 24-30, 35, 36 |
| US 7,673,072 | | 1-21 |
| US 8,131,880 | 2-4, 11, 13, 15, 18, 19, 24-26, 29-31, 33, 36, 40, 44, 46-54, 56-60 | 1, 5-10, 12, 14, 16, 17, 20-23, 27, 28, 32, 34, 35, 37-39, 41-43, 45, 55 |
| US 8,805,948 | 1-22 | |
| US 7,945,699 | 1-20 | |

Defendant's second wave petitions, which were filed after certain first wave petitions on the same patents were denied institution because Defendants failed to show that *any* claim was reasonably likely to be held invalid, were initially instituted and then later vacated and terminated because Defendants' failed to identify any real-party-in-interest. The PTAB held that the petitions violated the one-year statutory bar under 35 U.S.C. § 315.[1] Thus, none of the claims were invalidated in the second wave, and the summary chart above shows all surviving claims of the patents-in-suit after the two waves of IPRs.

In accordance with the Court's Order (Dkt. No. 451), Alacritech will file a motion in short order requesting that the Court lift the stay entered in this consolidated case in its entirety and set

---

[1] Defendants' second wave petitions never should have been instituted for the same reasons that their analog first wave petitions failed on the merits. Moreover, Defendants' misled the PTAB during the second wave regarding real-parties-in-interest in an attempt to avoid the one-year statutory bar under 35 U.S.C. § 315. Defendant Intel even went so far as to waive attorney-client privilege in an attempt to avoid the statutory bar. The PTAB unequivocally rejected Intel's arguments and "evidence." This conduct may require further discovery at least for the purposes of determining enhanced damages. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992) ("[T]he infringer's behavior as a party to the litigation" is a consideration in determining when an infringer acted in bad faith as to merit an increase in damages.)

a case schedule for trial.² The Parties have met and conferred and agreed to the Local Rule default briefing schedule for Alacritech's motion.

Moreover, Alacritech may file a motion for leave to select additional asserted claims (from those previously narrowed for the purpose of streamlining the trial) to take account of the PTAB's rulings after the stay is lifted. This Court previously allowed assertion of additional claims in similar situations after PTAB proceedings. *See, e.g.*, *Rmail Limited v. Amazon.Com, Inc., et al*, Case No. 2:10-cv-258-JRG, D.I. 756, Order Granting Motion for Leave to Assert Additional Patent Claims (E.D. Tex. May 3, 2019).

**Defendants' and Intervenors' Statement**

Defendants submit this statement to rectify Alacritech's mischaracterizations of the IPR petitions and proceedings and to inform the Court as to the effect of the IPRs on the Asserted Claims.³ Alacritech's Appendix omits this information, failing even to identify to the Court whether any of the Asserted Claims were held invalid. In fact, thirteen of the sixteen Asserted Claims were held invalid in Final Written Decisions. Most of the claims Alacritech identifies as "surviving" were never challenged in IPR because Alacritech never asserted them.

The PTAB held invalid every challenged claim on which it issued a Final Written Decision except four means-plus-function claims, which the PTAB determined could not be construed and

---

² As Alacirtech will explain in its motion, the PTAB's unpatentability decisions are unsound and on appeal to the Federal Circuit. By non-limiting example, Intel urged the PTAB to error by relying on conclusory expert opinion to fill in key claim elements that it admits are missing in the prior art. *See Arendi S.a.r.l. v. Apple Inc.*, 832 F. 3d 1355, 1362 ("'[C]ommon sense' . . . cannot be used as a wholesale substitute for reasoned analysis and evidentiary support, especially when dealing with a limitation missing from the prior art references specified.").

³ Claims 1-4 of U.S. Patent No. 7,237,036, Claims 1, 9, and 12 of U.S. Patent No. 7,337,241, claims 1, 15, 17 of U.S. Patent No. 7,673,072, claims 32 and 41 of U.S. Patent No. 8,131,880, and claims 17, 22 of U.S. Patent No. 8,805,948 are asserted. D.I. 374. Claims from U.S. Patents 9,055,104 and 7,945,699 are no longer asserted. *Id.*

compared against the prior art because there was no corresponding structure in the specification. With the exception of those four means-plus-function claims, no claim challenged in IPR was found not to be invalid by the PTAB over the prior art in a Final Written Decision. The three Asserted Claims that were not held invalid were not the subject of a Final Written Decision.[4] Instead, the PTAB dismissed those IPRs without addressing the merits, based on its incorrect findings that Dell was a privy of the petitioner and a real party and interest and the petitions were therefore time-barred.

Defendants Intel, Cavium, Dell and/or Wistron filed twelve unique IPR Petitions on the original eight asserted patents-in-suit.[5] They also filed additional substantively identical petitions to join one another's IPRs as parties. The three petitions Alacritech calls the "second wave" were also substantively identical to previously filed petitions, adding only additional evidence that the prior art cited therein was publicly available. Those three petitions were instituted, but later found time-barred and dismissed without addressing the merits.

Alacritech is currently appealing the PTAB's invalidity decisions to the Federal Circuit. The parties filed opening briefs on June 5, 2019 and will complete their briefing to the Federal Circuit by November 2019. The Defendants have filed motions for rehearing on the PTAB's incorrect findings that Dell is a real party in interest and privy of the petitioners, and intend to appeal those issues if the motions for rehearing are denied. The Office Patent Trial Practice Guide states that "[t]he Board envisions that, absent a need for additional briefing by an opponent,

---

[4] Of the three remaining Asserted Claims, a dependent claim (claim 3 of the 205 Patent) of one of the Asserted Claims (claim 1 of the 205 Patent) has been held invalid in a different IPR and is being appealed to the Federal Circuit by Alacritech. The remaining two Asserted Claims are similar to other claims invalidated during the IPRs.

[5] CenturyLink did not file any IPRs.

requests for rehearing will be decided approximately one month after receipt of the request." 77 Fed. Reg. 48756, 48768 (Aug. 14, 2012).

**Defendants' Summary of IPR Proceedings**

| Petition No. / Patent | Petitioner | Date | Current Status |
|---|---|---|---|
| IPR2017-01391 (Joined with IPR2017-01718, IPR2018-00327, and IPR2018-00371)<br><br>7,237,036 | Intel, Cavium, Wistron, and Dell | 11/26/2018 | All challenged claims held unpatentable. Final Decision appealed to Federal Circuit. |
| IPR2017-01392 (Joined with IPR2017-01728, IPR2018-00328, and IPR2018-00372)<br><br>7,337,241 | Intel, Cavium, Wistron, and Dell | 11/26/2018 | All challenged claims held unpatentable. Final Decision appealed to Federal Circuit. |
| IPR2017-01393 (Joined with IRP2017-01714 and IPR2018-00374)<br><br>9,055,104 | Intel, Cavium, and Dell | 11/29/2018 | Challenged claims 1, 6, 9, 12, and 15 held unpatentable. Final Decision appealed to Federal Circuit. |
| IPR2017-01405 (Joined with IPR2017-01735 and IPR2018-00336)<br><br>7,124,205 | Intel, Cavium, and Dell | 11/14/2018 | All Asserted Claims held unpatentable. Final Decision appealed to Federal Circuit. |
| IPR2017-01406 (Joined with IRP2017-01707, IPR2018-00329, and IPR2018-00375)<br><br>7,673,072 | Intel, Cavium, Wistron, and Dell | 11/26/2018 | All challenged claims held unpatentable. Final Decision appealed to Federal Circuit. |
| IPR2017-01409 (Joined with IPR2017-01736 and IPR2018-00338) | Intel, Cavium, and Dell | 11/14/2018 | All challenged claims held unpatentable. Final Decision appealed to Federal Circuit. |

| Petition No. / Patent | Petitioner | Date | Current Status |
|---|---|---|---|
| 8,131,880<br>IPR2017-01410<br>(Joined with IPR2017-01737 and IPR2018-00339)<br><br>8,131,880 | Intel, Cavium and Dell | 11/14/2018 | All challenged claims held unpatentable. Final Decision appealed to Federal Circuit. |
| IPR2018-00226<br>(Joined with IPR2018-00400 and IPR2018-01306)<br><br>7,124,205 | Intel, Cavium, and Dell | 6/4/2019 | Institution vacated and terminated. |
| (Joined with IPR2018-00403 and IPR2018-01307)<br><br>8,805,948 | Intel, Cavium, and Dell | 6/4/2019 | Institution vacated and terminated. |
| IPR2018-00401<br>(Joined with IPR2018-01352)<br><br>7,945,699 | Cavium and Intel | 6/4/2019 | Institution vacated and terminated. |
| IPR2017-01705<br><br>7,673,072 | Intel | 1/23/2018 | Institution denied. |
| IPR2017-01713<br><br>7,337,241 | Intel | 12/7/2018 | Institution denied. |
| IPR2017-01395<br>(Substantively identical to later-filed IPR2018-00234, above)<br><br>8,805,948 | Intel | 11/22/2017 | Institution denied on procedural grounds. |
| IPR2017-01402<br>(Substantively identical to later-filed IPR2018-00226, above)<br><br>7,124,205 | Intel | 11/6/2017 | Institution denied on procedural grounds. |

| Petition No. / Patent | Petitioner | Date | Current Status |
|---|---|---|---|
| IPR2017-01559 (Substantively identical to later-filed IPR2018-01352, above)<br><br>7,945,699 | Intel | 11/7/2017 | Institution denied on procedural grounds. |
| IPR2017-01711 (Substantively identical to later-filed IPR2018-01352, above)<br><br>7,945,699 | Cavium | 12/6/2018 | Institution denied on procedural grounds. |
| IPR2017-01729 (Substantively identical to later-filed IPR2018-00234, above)<br><br>8,805,948 | Cavium | 12/5/2017 | Institution denied on procedural grounds. |
| IPR2017-01732 (Substantively identical to later-filed IPR2017-01705, above)<br><br>7,673,072 | Cavium | 12/20/2017 | Institution denied on procedural grounds. |
| IPR2017-01733 (Substantively identical to later-filed IPR2017-01713, above)<br><br>7,337,241 | Cavium | 1/25/2018 | Institution denied on procedural grounds. |
| IPR2017-01734 (Substantively identical to later-filed IPR2018-00226, above)<br><br>7,124,205 | Cavium | 12/6/2017 | Institution denied on procedural grounds. |

| | |
|---|---|
| Dated: July 5, 2019 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>*/s/ Joseph M. Paunovich w/permission Claire A. Henry*<br>Claude M. Stern<br>California State Bar No. 096737<br>*claudestern@quinnemanuel.com*<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Joseph M. Paunovich<br>*joepaunovich@quinnemanuel.com*<br>California State Bar No. 228222<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br><br>Michael D. Powell<br>*mikepowell@quinnemanuel.com*<br>California State Bar No. 202850<br>Michelle Ann Clark<br>*michelleclark@quinnemanuel.com*<br>California State Bar No. 243777<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone:  (415) 875-6600<br>Facsimile:  (415) 875-6700 |

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR PLAINTIFF
ALACRITECH, INC.

*/s/ Garland T. Stephens w/permission Claire A. Henry*
Garland T. Stephens, Lead Attorney (24053910)
Douglas W. McClellan (24027488)
Melissa L. Hotze (24049831)
Justin L. Constant (24067551)
Richard D. Eiszner (65891)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
garland.stephens@weil.com
doug.mcclellan@weil.com
melissa.hotze@weil.com
justin.constant@weil.com
richard.eiszner@weil.com

Anne Marie Cappella (181402)
Amanda K. Branch (300860)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
anne.cappella@weil.com
amanda.branch@weil.com

William Sutton Ansley (80085)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, N.W., Suite 900

Washington, DC 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
sutton.ansley@weil.com

Harry L. Gillam, Jr. (07921800)
Bobby Lamb (24080997)
Gillam & Smith LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
gil@gillamsmithlaw.com
wrlamb@gillamsmithlaw.com

David Folsom (07210800)
Jackson Walker L.L.P.
6002 Summerfield Dr., Suite B
Texarkana, TX 75503
Telephone: (903) 255-3250
Facsimile: (903) 255-3265
dfolsom@jw.com

*Counsel for Intervening Party*
INTEL CORPORATION

*/s/   Karineh Khachatourian w/permission Claire A. Henry*
Karineh Khachatourian (CA Bar No. 202634)
Rimon, P.C.
2479 E. Bayshore Road, Suite 210,
Palo Alto, CA 94303
Telephone: (650) 223-7785
Email: karineh.khachatourian@rimonlaw.com

Melissa Richards Smith
TX State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

Attorneys for Intervenor
CAVIUM, INC.

By: */s/ Jonathan G. Graves w/permission Claire A. Henry*
Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel:     (903) 705-1117
Fax:    (903) 705-1117
ddacus@dacusfirm.com

Jonathan G. Graves (VA Bar 46136)
Frank V. Pietrantonio (VA Bar 25473)
Stephen C. Crenshaw (VA Bar 82016)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-800
Fax: (703) 456-8100
jgraves@cooley.com
fpietrantonio@cooley.com
screnshaw@cooley.com

Phillip E. Morton (DC Bar 1032243)
COOLEY LLP
1299 Pennsylvania Ave., N.W.
Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
pmorton@cooley.com

*Attorneys for Defendants, CenturyLink Communications LLC, Tier 3, Inc., and Savvis Communications Corp.*

By: */s/ Michael J. Newton w/permission Claire A. Henry*
Michael J. Newton (TX Bar No. 24003844)
ALSTON & BIRD, LLP
1950 University Avenue
5th Floor
East Palo Alto, CA 94303
Phone:          (650) 838-2000

Fax:     (650) 838-2001
mike.newton@alston.com

Brady Cox (TX Bar No. 24074084)
ALSTON & BIRD, LLP
2828 North Harwood Street, 18th Floor
Dallas, Texas 75201-2139
Tel: (214) 922-3400
Fax: (214) 922-3899
brady.cox@alston.com

Deron R Dacus (TX Bar No. 00790553)
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
(903) 705-1117
(903) 581-2543 Fax
ddacus@dacusfirm.com

Kirk T. Bradley (NC Bar No. 26490)
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1000
Fax: (704) 444-1111
kirk.bradley@alston.com

Emily Chambers Welch
Alston & Bird LLP - Atlanta
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404.881.7000
Fax: 404.881.7777
emily.welch@alston.com

*Attorneys for Defendant Dell, Inc.*

By: */s/ Harold H. Davis w/permission Claire A. Henry*
Harold H. Davis, Jr.
California Bar No. 235552 (admitted in E.D. Tex.)
harold.davis@klgates.com
L. Howard Chen (24009953)
howard.chen@klgates.com

Rachel Burnim
California Bar No. 292952 (admitted in E.D. Tex.)
rachel.burnim@klgates.com
K&L GATES LLP
Four Embarcadero, Suite 1200
San Francisco, CA 94111
Telephone: 415.882.8200
Fax: 415.882.8220

*Attorneys for Defendants Wistron Corporation, Wiwynn Corporation, and SMS Infocomm Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on July 5, 2019.

        */s/ Claire A. Henry*
        Claire A. Henry