**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | |
| Plaintiff, | Case No. 2:16-cv-693-RWS-RSP (LEAD CASE) |
| v. | |
| TIER 3, INC., ET AL, WISTRON CORPORATION, ET AL., DELL INC., | Case No. 2:16-cv-00692-RWS-RSP |
| | Case No. 2:16-cv-00695-RWS-RSP |
| Defendants, | |
| INTEL CORPORATION, CAVIUM, INC., | JURY TRIAL DEMANDED |
| Intervenors. | |

**ALACRITECH'S REPLY IN SUPPORT OF
MOTION TO SET CASE SCHEDULE**

## **TABLE OF CONTENTS**

**Page**

I. DEFENDANTS DO NOT DISPUTE THE STIPULATED STAY IS OVER .................... 1

II. DEFENDANTS FAIL TO PROVE THAT A NEW STAY IS WARRANTED ................ 1

    A. Further Delay Will Not Simplify The Issues To Be Tried ...................................... 2

    B. Defendants Cannot Credibly Deny That A New Stay Is Prejudicial ...................... 3

    C. The Advanced Stage Of The Litigation Weighs Against A New Stay ................... 4

III. DEFENDANTS CONTINUE TO REFUSE TO OFFER A COUNTER-SCHEDULE ................................................................................................................... 5

IV. CONCLUSION ................................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page**

### CASES

*In re Ameranth Patent Litig.*,
   2015 WL 12868116 (S.D. Cal. June 4, 2015) ................................................................ 2

*Intellectual Ventures II,*
   2016 WL 4394485 (E.D. Tex. 2016) ............................................................................. 5

*Liqwd, Inc. v. L'Oreal USA*,
   No. 17-cv-14 (D. Del.) .................................................................................................. 2

*Personal Audio LLC v. Google, Inc.*,
   230 F. Supp. 3d 623 (E.D. Tex. 2017) .......................................................................... 2

*Raytheon v. Samsung*,
   No. 2:15-cv-341, Dkt. 117 (E.D. Tex. Feb. 22, 2016) .................................................. 4

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) ................................................................................ 5

*Verinata Health, Inc. v. Ariosa*,
   2015 WL 435457 (N.D. Cal. Feb. 2, 2015) ................................................................... 2

### OTHER AUTHORITIES

Dan Bagatell, *Fed. Cir. Patent Decisions in 2018*, Law360 (Jan. 3, 2019) ....................... 3

### RULES

37 C.F.R. 90.3(b) ................................................................................................................ 3

Defendants do not and cannot dispute that this Court's stay expired by its own terms when the PTAB vacated its institution decision on the second wave of IPR petitions in June. (Mot. at 2-3.) Nor do Defendants dispute that the stipulated stay is expressly limited to the duration of the PTAB proceedings, and not any resulting appeals. (*Id.*; *see also* Dkt. 449.) Nor do Defendants refute that the termination of the parties stipulated stay is determined by the parties' agreement. Yet now that the IPR proceedings have concluded—the event agreed by the parties to signal the termination of the stay—Defendants nonetheless oppose Alacritech's request to reopen these proceedings and have cross-moved requesting a new stay. Defendants fall far short of meeting their burden to show a new stay is warranted, and their attempts to further delay trial and escape liability for their infringement of Alacritech's patents should be rejected.

I. **DEFENDANTS DO NOT DISPUTE THE STIPULATED STAY IS OVER**

Defendants do not dispute that the "parties expressly negotiated and agreed to a stay that would last only through the issuance by the PTAB of a final written decision on each of the IPRs." (Mot. at 4.) Nor could they, as the language in the stipulation is unambiguous. (*See* Dkt. 449 at ¶ 4 ("[T]he parties agree that these cases should be stayed until the Patent Trial and Appeal Board issues either a final written decision or a decision not to institute IPR.").) Given this concession, Alacritech respectfully urges the Court to reopen these proceedings.

II. **DEFENDANTS FAIL TO PROVE THAT A NEW STAY IS WARRANTED**

Further, a new stay is not warranted. The case has been pending for over three years, and a new stay will delay trial for at least another 18 months or more. Alacritech's founder and inventor is nearing 80, and evidence grows stale with each passing day, as does Alacritech's ability to license and pursue other infringers. Further, there is almost no chance that awaiting the appellate rulings will resolve the case as a whole. This case will be tried eventually. Defendants

should not be able to avoid this inevitability through their scorched earth approach of filing over a dozen IPRs and then using their partial success in those proceedings to seek prolonged delay.

### A. Further Delay Will Not Simplify The Issues To Be Tried

Defendants have not demonstrated that further delay will materially simplify the issues to be tried. As courts have explained, the most important kind of simplification is the possibility that the appeal will resolve the case in its entirety, such that no trial will be required at all. *See Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 629 (E.D. Tex. 2017). Defendants do not even attempt to assert that this type of ultimate simplification is possible. (*See* Opp'n 5-11.)

Nor do Defendants dispute that in some cases, courts allow plaintiffs to move forward not only with claims that the PTAB has upheld, but with claims preliminarily found unpatentable pending appellate review. *See Personal Audio*, 230 F. Supp. 3d at 623; *Liqwd, Inc. v. L'Oreal USA*, No. 17-cv-14 (D. Del.). Instead, Defendants attempt to distinguish those cases based on distinctions without a difference (Opp'n at 8-9) and speculate that a Federal Circuit decision here "may" change the prosecution history, might reduce the number of asserted claims and products, and "may" provide an undefined "benefit." (Opp'n at 6-11.) Such conjecture should not be given significant weight—particularly since Defendants themselves concede 11% of claims invalidated by the PTAB are found valid on appeal. (*See* Opp'n at 6.) Three of the Asserted Claims have— and statistically another two or more will have—survived PTAB review. There is no reason to accept Defendants' speculation that no LSO claims will be revived. Accordingly, given the overlapping products, evidence, and witnesses, efficiency dictates trying the entire case now.[1]

---

[1] Defendants' cited cases are inapposite. *In re Ameranth Patent Litig.*, 2015 WL 12868116 (S.D. Cal. June 4, 2015), granted a stay early in the case, before discovery and claim construction, which could be simplified by the Federal Circuit's ruling. And in *Verinata Health, Inc. v. Ariosa*, 2015 WL 435457, at *4 (N.D. Cal. Feb. 2, 2015), simplification was likely not only because the Federal Circuit would review the PTAB decisions, but because it would also resolve the implied license counterclaims, which were "of critical importance to [the] defense."

2

### B. Defendants Cannot Credibly Deny That A New Stay Is Prejudicial

Defendants' attempts to minimize the prejudice to Alacritech are unavailing. Initially, Defendants' repeated mantra that the appeals will be resolved in "nine months" is false. (*See* Opp'n at 2, 11, 12, 13 (twice), 14, 15.) Defendants' own Exhibit 23 reflects that the median time from docketing to resolution was <u>15 months</u> in 2018, not 9. (*See* Ex. 23.) And that 15 months has not started to run. As Defendants note, they requested rehearing on the second wave of IPR decisions "and intend to appeal" if rehearing is denied. (Opp'n at 4.) Even assuming the PTAB denies rehearing tomorrow, Defendants would have two months to notice the appeals. *See* 37 C.F.R. 90.3(b). Then the appeals would be docketed, and then the 15 months would begin.

Further, even if the stay were limited to the appellate decisions on the first wave of IPR petitions, those decisions are similarly far more than nine months away. Under the present schedule, the joint appendices are not due until December 2019. (*See Alacritech v. Intel*, No. 19-1444, Dkt. 32 (Fed. Cir.).) And the median lag from the filing of joint appendix to argument is five and a half months. *See* Dan Bagatell, *Fed. Cir. Patent Decisions in 2018*, Law360 (Jan. 3, 2019), *available at* https://www.law360.com/articles/1114963/fed-circ-patent-decisions-in-2018-an-empirical-review. From there, the court typically takes 3-4 months to issue precedential decisions. *Id.* And given that there are ten appeals, with four groups of briefs (including a cross-appeal), final resolution will likely take longer than average. Overall, then, the likely time to disposition of even the first wave of IPR decisions alone is well over a year away.

This delay is significant for multiple reasons. First, Alacritech's founder, key witness and named inventor, Larry Boucher, is nearing 80 years old and may not be able to testify if trial is still years away. (*See* Mot. at 8.) Defendants' primary response is that "Alacritech agreed to stay the case when Boucher was already in his 70s" and so should be forced to agree to another stay of indefinite length. (Opp'n at 14.) This argument makes no sense. Alacritech only agreed

to stay the case for the limited amount of time it would take for the PTAB to reach its final written decision, not during prolonged appeals that will easily double or triple the total length of the stay. (Dkt. 451.) Defendants next argue that deposition testimony is good enough. But Alacritech should not be forced to present its case-in-chief through impersonal deposition testimony elicited by Defendants, rather than through a live witness who is available now.

Second, further delay will unquestionably prejudice Alacritech's ability to license and enforce its patent rights against others. (Mot. at 9-10.) To this, Defendants complain that Alacritech waited a long time to file suit. (Opp'n at 11.) But the timing of this lawsuit is irrelevant, and cannot justify the multi-year strategic delay Defendants now seek. (Mot. at 11.) Defendants next argue that there is "no possibility of continuing harm" because some of the patents have expired and because Defendants apparently intend to challenge the validity of one of the Asserted Claims in district court.[2] (Opp'n at 11-13.) But Defendants' reliance on *Raytheon v. Samsung*, No. 2:15-cv-341, Dkt. 117 (E.D. Tex. Feb. 22, 2016) is misplaced, as that case stated only that there was no continuing harm "from infringement" of an expired patent, not that prolonged delay could never be prejudicial in other ways. The prejudice to Alacritech's business plan and licensing efforts is clear and weighty, and counsels against a new stay.

### C. The Advanced Stage Of The Litigation Weighs Against A New Stay

Defendants baldly assert that the proximity to trial—just 4 months when the parties agreed to stay the case—"weighed in favor of a stay then." (*See* Opp. at 14.) But there was no weighing of factors back "then." That stay was negotiated. Not surprisingly, the cases Defendants rely on are inapposite—addressing cases where "it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future"

---

[2] Defendants wrongly argue this claim is "facially invalid." (Opp'n at 12.) The PTAB did not invalidate it, and this court decides invalidity under a higher clear and convincing standard.

4

and "despite the substantial time already spent in [the] case, the most burdensome task is yet to come." (*See* Opp. at 15 (citing *Intellectual Ventures II,* 2016 WL 4394485, at *3 (E.D. Tex. 2016) and *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015)).)  These fact patterns simply do not fit the present case.  Defendants have made no showing that the burdens are greater going forward than they have been in the past.  This case was heavily litigated and hotly disputed for eighteen months.  Millions of documents have been produced, dozens interrogatories have ben propounded, over 30 depositions have been taken, and 16 expert reports have been served.  There can be no serious dispute that this case was at an advanced stage when it was stayed, and that this factors heavily against issuing a new stay now.[3]  (Mot. at 12-13.)

### III. DEFENDANTS CONTINUE TO REFUSE TO OFFER A COUNTER-SCHEDULE

Alacritech's proposed case schedule is more than reasonable.  Contrary to Defendants' claim, Alacritech does not seek to "redo" discovery, but merely seeks to allow the parties to complete the discovery that was left unresolved and to allow limited supplemental discovery into events that have occurred since the stay.  Because Defendants have failed to propose a different schedule, Alacritech respectfully asks that the Court enter the schedule proposed by Alacritech.

### IV. CONCLUSION

For all the foregoing reasons, Alacritech's motion to set case schedule should be granted.

DATED: August 9, 2019                                   QUINN EMANUEL URQUHART &
                                                       SULLIVAN, LLP

                                                       By */s/ Joseph M. Paunovich*

---

[3]  Defendants admit that "[f]act discovery is complete" and "the record for trial is already in hand." (Opp'n at 13.) Yet Defendants argue this factor favors a stay by misrepresenting Alacritech's proposed schedule as a "redo" of discovery and suggesting that the parties "might" have to update expert reports. (Opp'n at 9, 15.)  That is not true. (*See* Part I.C, *infra*.)

5

Claude M. Stern
California State Bar No. 96737
*claudestern@quinnemanuel.com*
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Michael D. Powell
*mikepowell@quinnemanuel.com*
Michelle Ann Clark
*michelleclark@quinnemanuel.com*
Brian E. Mack
*brianmack@quinnemanuel.com*
California State Bar No. 243777
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-6700

Joseph M. Paunovich
*joepaunovich@quinnemanuel.com*
California State Bar No. 228222
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

ATTORNEYS FOR PLAINTIFF
ALACRITECH, INC.

7

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on August 9th, 2019.

*/s/ Joseph M. Paunovich*