**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., | |
| *Plaintiff*, | 2:16-cv-00693-JRG-RSP (LEAD CASE) |
| v. | 2:16-cv-00692-RWS-RSP |
| CENTURYLINK, INC., *et al.*, | 2:16-cv-00695-RWS-RSP |
| WISTRON CORPORATION, *et al.,* | |
| DELL INC., | JURY TRIAL DEMANDED |
| *Defendants*, | |
| and | |
| INTEL CORPORATION, *et al.*, | |
| *Intervenors*. | |

**STATUS REPORT REGARDING PATENT CLAIMS READY FOR TRIAL**

Pursuant to the Order Staying the Case dated September 17, 2019 (Dkt. 482) entered in the above captioned lead case, Plaintiff Alacritech Inc. ("Alacritech") respectfully submits this Status Report Regarding Patent Claims Ready for Trial.  As this Court may know, Defendants/Intervenors Intel Corporation ("Intel"), Cavium LLC ("Cavium"), Dell Inc. ("Dell"), and Wistron Corporation ("Wistron") launched a massive assault on the patents-in-suit by filing over forty petitions for *Inter Partes* Review ("IPR") with the U.S. Patent and Trademark Office ("USPTO").  When those petitions failed to invalidate all the asserted claims, Intel and Cavium filed a series of Requests for *Ex Parte* Reexamination ("EPR") that attempted to invalidate the surviving claims.  Those EPR challenges also failed.

On May 6, 2021, the USPTO issued a decision confirming the patentability of the last EPR challenge to the patents-in-suit.  Other than a pending remand from the U.S. Court of Appeals for the Federal Circuit ("CAFC") regarding one patent, U.S. Patent No. 8,131,880 ("the '880 remand"), all IPR and EPR challenges have concluded.  Several patent claims remain valid—their validity confirmed by the IPR and EPR challenges—and are ready for trial.  Below, Alacritech presents a summary of the current status of the asserted claims, including an identification of the patent claims ready to proceed to trial (after the Board renders a decision on the '880 remand).

### U.S. Patent No. 7,124,205

Certain asserted claims of U.S. Patent No. 7,124,205 ("the '205 patent") survived all IPR challenges and therefore were not subject to appeal.  *See* Dkt. 470 at 3.  Nevertheless, Intel Corporation ("Intel") subsequently filed a request for *ex parte* reexamination on October 25, 2019, challenging claims 1, 4-8, 11, and 13 of the '205 patent.  At least claim 1 of the '205 patent was elected for trial by Alacritech pursuant to the Court's June 7, 2017 Order (Dkt. 267) regarding narrowing.  *See* Dkt. 374.

On May 6, 2021, the U.S. Patent and Trademark Office ("USPTO") issued a *Notice of Intent to Issue Ex Parte Reexamination Certificate*, confirming the validity of all challenged claims of the '205 patent, including claims 1, 4-8, 11, and 13.  At least claim 1 of the '205 patent is therefore ready to proceed to trial (after the Board renders a decision on the '880 remand).

**U.S. Patent No. 8,805,948**

The asserted claims of U.S. Patent No. 8,805,948 ("the '948 patent") survived all IPR challenges and therefore were not subject to appeal.  *See* Dkt. 470 at 3.  Nevertheless, Intel subsequently filed an *ex parte* reexamination, challenging claims 1, 3, 6-9, 11, 14-17, 19, 21, and 22 of the '948 patent, while the appeals for the other patents were pending.

On January 11, 2021, the USPTO issued an *Ex Parte* Reexamination Certificate, confirming the validity of all challenged claims of the '948 patent, including asserted claims 17 and 22, which were elected by Alacritech for trial.  *See* Dkt. 374.  At least claims 17 and 22 of the '948 patent are therefore ready to proceed to trial (after the Board renders a decision on the '880 remand).

**U.S. Patent No. 8,131,880**

Alacritech elected claims 32 and 41 of U.S. Patent No. 8,131,880 ("the '880 patent") for trial as part of the court-ordered narrowing process.  *See* Dkt. 374.  While these claims were initially found invalid in an IPR challenge (IPR2017-01410) filed by Intel, the CAFC vacated the Board's obviousness determination as to claims 41-43 and remanded for further proceedings.  In particular, the CAFC found that the Intel's IPR petition treated important limitations of claims 41-43 "in conclusory fashion" and determined that "even if the Board had endorsed or adopted Intel's conclusory statement," that would have been "inadequate to support the Board's obviousness determination."  Ex. A at n.5.

On March 5, 2021, both Petitioner and Patent Owner filed supplemental briefs with the Board in response to a Board order after remand.  The Board has not yet issued a final written decision in the IPR2017-01410 remand.  The Board, however, has established a goal to issue decisions on remanded cases *within six months* of the Board's receipt of the Federal Circuit's mandate, which has already passed.  PTAB Standard Operating Procedure 9 (11/16/2017) at 1.  A new final written decision is therefore expected imminently.

### **Claims Ready for Trial**

At least claims 17 and 22 of the '948 patent and claim 1 of the '205 patent were elected by Alacritech for trial (*see* Dkt. 374)[1] and have survived all IPR and EPR challenges.  These claims are therefore ready for trial (after the Board renders a decision on the '880 remand). Claim 41 of the '880 patent was also elected by Alacritech for trial and will be ready for trial assuming the Board agrees with the CAFC on remand.  There are no other outstanding challenges to the asserted claims or the patents-in-suit.

---

[1]   As noted in Alacritech's Motion to Set Case Schedule, Alacritech reserves the right to seek modification of the asserted claims as appropriate.  Dkt. 470 at 14 & n.6; Dkt. 469 at 3 (citing *Rmail Limited v. Amazon.Com, Inc., et al.*, Case No. 2:10-cv-258-JRG, Dkt. 756, Order Granting Motion for Leave to Assert Additional Patent Claims (E.D. Tex. May 3, 2019)).  In all, 130 of Alacritech's patent claims have survived the IPR and EPR proceedings.  *See* Dkt. 470 at 3.

Dated: May 11, 2021

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

/s/ *Brian E. Mack*

Joseph M. Paunovich
*joepaunovich@quinnemanuel.com*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Brian E. Mack
*brianmack@quinnemanuel.com*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francsico, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323

ATTORNEYS FOR PLAINTIFF
ALACRITECH, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on May 11, 2021.

/s/ *Brian E. Mack*