# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., | |
| *Plaintiff*, | 2:16-cv-00693-JRG-RSP (LEAD CASE) |
| v. | 2:16-cv-00692-RWS-RSP |
| CENTURYLINK, INC., *et al.*, | 2:16-cv-00695-RWS-RSP |
| WISTRON CORPORATION, *et al.*, | |
| DELL INC., | JURY TRIAL DEMANDED |
| *Defendants*, | |
| and | |
| INTEL CORPORATION, *et al.*, | |
| *Intervenors*. | |

## STATUS REPORT REGARDING PATENT CLAIMS READY FOR TRIAL

Plaintiff Alacritech Inc. ("Alacritech") respectfully submits this Status Report Regarding Patent Claims Ready for Trial. As explained below, four patent claims that were previously elected by Alacritech as part of the Court-ordered narrowing process have been affirmed as valid in final written decisions after the conclusion of all *Inter Partes* Review ("IPR") and *Ex Parte* Reexamination ("EPR") challenges. As a result, the following claims are ready for trial:

- Claim 41 of U.S. Patent No. 8,131,800 ("the '880 patent");
- Claim 1 of U.S. Patent No. 7,124,205 ("the '205 patent"); and
- Claims 17 and 22 of U.S. Patent No. 8,805,948 ("the '948 patent").

In further summary, as this Court knows from prior status reports, Defendants/Intervenors Intel Corporation ("Intel"), Cavium LLC ("Cavium"), Dell Inc. ("Dell"), and Wistron Corporation ("Wistron") launched a massive assault on the patents-in-suit by filing over forty petitions for *Inter Partes* Review ("IPR") with the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"). When those petitions failed to invalidate all the asserted claims, Intel and Cavium filed a series of Requests for *Ex Parte* Reexamination ("EPR") that attempted to invalidate the surviving claims. Those EPR challenges also failed.[1] As relevant to this update, on June 13, 2022, the PTAB issued a decision denying Petitioner's request for rehearing of the final written decision ("FWD") following remand from the U.S. Court of Appeals for the Federal Circuit ("CAFC") regarding the '880 patent. In the FWD on remand (*see* Dkt. 503-1), the PTAB affirmed the validity of claims 41–43 of the '880 patent. In the decision denying Petitioner's request for

---

[1] Alacritech reserves the right to seek modification of the elected claims as appropriate. Dkt. 470 at 14 & n.6; Dkt. 469 at 3 (citing *Rmail Limited v. Amazon.Com, Inc., et al.*, Case No. 2:10-cv-258-JRG, Dkt. 756, Order Granting Motion for Leave to Assert Additional Patent Claims (E.D. Tex. May 3, 2019)). In all, over 130 of Alacritech's patent claims have survived the IPR and EPR proceedings, but the large majority were not elected by Alacritech as part of the Court-ordered narrowing process. *See* Dkt. 470 at 3.

rehearing of the FWD following remand (attached hereto as Exhibit A), the PTAB concluded "[a]fter reviewing the parties' trial evidence and arguments anew and taking into account the Federal Circuit's decision, *we were not persuaded that Petitioner demonstrated the unpatentability of claims 41–43 by a preponderance of the evidence*." Ex. A at 13 (emphasis added). In reaching this conclusion, the PTAB "considered each of Petitioner's arguments in its Request for Rehearing but [was] not persuaded that we misapprehended or overlooked any matter in reaching that conclusion." *Id*. A summary of the IPR and EPR history of the patents ready for trial can be found at Dkt. 501. A summary of the new FWD on remand issued by the PTAB on July 20, 2021 in connection with the '880 patent can be found at Dkt. 503.

In view of the foregoing, claim 41 of the '880 patent, claim 1 of the '205 patent, and claims 17 and 22 of the '948 patent have survived all IPR and EPR challenges, and by the terms of the Court's prior order the stay in this matter is automatically lifted. *See* Dkt. 451 at 1 (case stayed pending "either a final written decision or a decision not to institute IPR"). As such, Alacritech respectfully requests that the Court set a scheduling conference and new trial date.² The now lifted stay was originally entered on December 5, 2017—*over four and a half years ago*—based on the agreement of the parties that it would end on its own terms following the disposition of various IPRs that had been instituted by the PTAB. *See id*. On September 17, 2019, the Court denied Plaintiff's Motion To Set Case Schedule because even though three elected patent claims survived the IPR challenges, Plaintiff wished to proceed to trial on all elected patent claims in view of the

---

² The Court entered the stay only *four months* before trial was to commence. *See* Dkt. 451 (Order Staying Case). Alacritech therefore requests the Court enter a new trial date approximately six months from the entry of any order setting a case schedule or adopting an Amended Docket Control Order. This will allow adequate time to hear and decide previously pending motions, complete any remaining depositions, update damages-related discovery to account for the period of the stay, file dispositive motions, and prepare pretrial disclosures.

2

uncertainty *at that time* surrounding the numerous appeals to the CAFC.  *See* Dkt. 482.  Now, all the IPRs (and their associated appeals and rehearings) have concluded, leaving four elected claims confirmed as not unpatentable by the PTAB and thus ready for trial.

Accordingly, claim 41 of the '880 patent, claim 1 of the '205 patent, and claims 17 and 22 of the '948 are ready for trial.  Alacritech respectfully requests that the Court set a scheduling conference and trial date on these claims.

| | |
|---|---|
| Dated: June 17, 2022 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | |
| | /s/ *Brian E. Mack with permission Claire Henry* |
| | |
| | Joseph M. Paunovich |
| | *joepaunovich@quinnemanuel.com* |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, CA 90017 |
| | Telephone:  (213) 443-3000 |
| | Facsimile:  (213) 443-3100 |
| | |
| | Brian E. Mack |
| | *brianmack@quinnemanuel.com* |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 50 California Street, 22nd Floor |
| | San Francsico, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | T. John Ward, Jr. |
| | Texas State Bar No. 00794818 |
| | *jw@wsfirm.com* |
| | Claire Abernathy Henry |
| | Texas State Bar No. 24053063 |
| | *claire@wsfirm.com* |
| | WARD & SMITH LAW FIRM |
| | 1507 Bill Owens Parkway |
| | Longview, Texas 75604 |
| | Telephone:  (903) 757-6400 |
| | Facsimile:  (903) 757-2323 |
| | |
| | ATTORNEYS FOR PLAINTIFF ALACRITECH, INC. |

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on June 17, 2022.

/s/ *Claire A. Henry*