# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., *Plaintiff*, v. CENTURYLINK, INC., *et al.*, WISTRON CORPORATION, *et al.*., DELL INC., *Defendants*, and INTEL CORPORATION, *et al.*, *Intervenors*. | Case No. 2:16-cv-00693-RWS-RSP (LEAD CASE) <br><br> Case No. 2:16-cv-00692-RWS-RSP <br><br> Case No. 2:16-cv-00695-RWS-RSP <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF ALACRITECH, INC.'S
MOTION FOR SUMMARY JUDGMENT ON DELL'S AND CAVIUM'S LICENSE AND RELATED PATENT EXHAUSTION DEFENSES
AND
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT BROADCOM PRODUCTS ARE NOT NON-INFRINGING ALTERNATIVES**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF ISSUES FOR THE COURT ..................................................................2

III. STATEMENT OF THE UNDISPUTED MATERIAL FACTS ...........................................3

IV. LEGAL STANDARD ...........................................................................................................7

V. ARGUMENT ........................................................................................................................8

    A. Dell's and Cavium's License Defenses, and Related Patent Exhaustion Defenses, Based on the Microsoft, Emulex, and QLogic Licenses Should Be Dismissed ...............................................................................................................8

    B. Dell's and Cavium's License Defenses, and Related Patent Exhaustion Defenses, Based on the Broadcom License Fail as a Matter of Law. ..........................9

    C. Dell-Broadcom LRO Products Are Not Non-Infringing Alternatives .......................12

VI. CONCLUSION ...................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*CXT Sys., Inc. v. Acad., Ltd.*,
   No. 218CV00171RWSRSP, 2020 WL 9936134 (E.D. Tex. Jan. 30, 2020) ..............................7

*Cyrix Corp. v. Intel Corp.*,
   846 F. Supp. 522 (E.D. Tex.), *aff'd*, 42 F.3d 1411 (Fed. Cir. 1994)......................................7, 11

*Google Inc. v. Beneficial Innovations, Inc.*,
   No. 2:11-CV-229-JRG-RSP, 2014 WL 186016 (E.D. Tex. Jan. 16, 2014)................................9

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   No. 2:06-CV-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011), *objections
   overruled*, No. 2:06-CV-348, 2011 WL 13196509 (E.D. Tex. Jan. 28, 2011)...........................7

*Pall Corp. v. Micron Separations, Inc.*,
   66 F.3d 1211 (Fed. Cir. 1995) ................................................................................................12

*TQP Dev., LLC v. Merrill Lynch & Co.*,
   No. 2:08-CV-471-WCB, 2012 WL 3283354 (E.D. Tex. Aug. 10, 2012)..................................7

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
   No. 220CV00319JRGRSP, 2022 WL 1453204 (E.D. Tex. Apr. 17, 2022),
   *report and recommendation adopted*, No. 220CV00319JRGRSP, 2022 WL
   1463984 (E.D. Tex. May 6, 2022)............................................................................................7

### **Statutes**

Cal. Civ. Code § 1636 ....................................................................................................................9

Cal. Civ. Code § 1639 ....................................................................................................................9

███████████████████████████

**EXHIBITS**[1]

1. ███████ ███████ ███████ ██████ ██████ ██ ███ ██ █████ █
   ████████ ██

2. ████████████████████████████████████████████████████
   ████████████████

3. ████████████████████████████████████████████████████
   ██████████████████

4. ████████████████████████████████████████████████████
   ████████████

5. Broadcom Acquisition Announcement: Broadcom Limited Announces Expected Completion of Business Combination Transaction Between Avago Technologies and Broadcom Corporation, available at https://investors.broadcom.com/news-releases/news-release-details/broadcom-limited-announces-expected-completion-business?c=203541&p=irol-newsArticle&ID=2133869

6. ████████████████████████████████████████████████████
   ██████████████████

7. Broadcom Press Release, Broadcom and QLogic Announce Sale and Purchase of Certain Ethernet Controller-related Assets and Entry Into ASIC Partnership, dated February 18, 2014, ████████████████████████

8. Excerpt of Cavium 2016 10-k, ████████████████████████

9. ████████████████████████████████████████████████████
   ████████████████████████████████████████████████████
   ██████████████████████

10. ███████ █ █████ █████████ ████████ █████ ████ █ █
    ████████████████████████

11. ███████ █ █████ █████████ ████████ █████ ████ █ █
    ████████████████████████

12. ████████████████████████████████████████████████████
    ████████████████████████████████████████████████████
    ████████

13. ████████████████████████████████████████

14. ████████████████████████████████████████████████████

---

[1] All exhibits herein refer to the Exhibits to the Declaration of Brian Mack.

██████████████████████████████████████

██████████████████████████████████████████

15.  ██████████████████████████████████████
     ████

16.  ██████████████████████████████████████
     ██████████████████████████████

17.  ██████████████████████████████████████
     ████████████████

I.      **INTRODUCTION**

Defendant Dell Inc. ("Dell") and Intervenor Cavium, Inc. ("Cavium") have both raised license and related patent exhaustion defenses based on licenses Plaintiff Alacritech, Inc. ("Alacritech") granted to Microsoft, Emulex, QLogic and Broadcom covering patent claims and technology that are not at issue in this lawsuit. Dell also asserts that Alacritech's license to Broadcom ("Broadcom License") renders any Dell products containing Broadcom components that incorporate the accused Large Receive Offload ("LRO") functionality ("Dell-Broadcom LRO Products") non-infringing alternatives. However, each of these defenses fails as a matter of law, and Alacritech is entitled to summary judgment thereon.

The parties do not dispute that the Microsoft, Emulex, and QLogic licenses do not grant any right to use the accused LRO functionality claimed by the patents-in-suit and, therefore, those licenses cannot provide a basis for any license or patent exhaustion defense.

While the parties dispute whether the Broadcom License covers, or has ever covered, the accused LRO functionality, the Broadcom License cannot sustain either Dell's or Cavium's license and exhaustion defenses as a matter of law.

*First*, pursuant to a stipulation, Alacritech agreed to dismiss with prejudice all claims against Dell with respect to the Dell-Broadcom LRO Products. *See* Dkt. 573 at 2–3. Thus, Dell's license and exhaustion defenses based on the Broadcom License are entirely moot—there are no longer any Dell-Broadcom LRO Products at issue in the case against which Dell can assert its defenses.

*Second*, the Broadcom License ███████████████████████████████████. Because the Dell-Broadcom LRO Products did not even exist until August 2020, they have never been covered by the Broadcom License in any event.

*Third*, Cavium has provided no reason why its products are or ever have been covered by

the Broadcom License. And although Cavium's subsidiary, QLogic, sold certain products it acquired from Broadcom in 2014, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

***Lastly***, in the absence of any viable argument that the Broadcom License covers the Dell-Broadcom LRO Products, Dell cannot, as a matter of law, assert those products as non-infringing alternatives. Although Alacritech agreed to dismiss its claims against Dell with regard to the Dell-Broadcom LRO Products, Alacritech maintained its infringement arguments related to those products for all other purposes (Dkt. 573 at 2) and has produced unrebutted evidence regarding their infringement. Because the Dell-Broadcom LRO Products are also not licensed, they cannot be non-infringing alternatives in this lawsuit.

For all of the foregoing reasons, Alacritech respectfully requests that the Court grant summary judgment in its favor on (1) Dell's and Cavium's license and related patent exhaustion defenses and (2) the issue of whether Dell-Broadcom LRO Products are non-infringing alternatives.

## II.   STATEMENT OF ISSUES FOR THE COURT

1. Whether Dell and Cavium have abandoned or otherwise failed to establish their license defenses, and related patent exhaustion defenses, based on Alacritech's licenses to Microsoft, QLogic, and Emulex.

2. Whether Dell's license or patent exhaustion defenses based on the Broadcom License are moot because Alacritech has agreed to dismiss its claims against Dell with regard to Dell-Broadcom LRO Products.

3. Whether Dell's and Cavium's license defenses, and related patent exhaustion defenses, based on the Broadcom License fail as a matter of law because the Broadcom License

▮

4. Whether the Dell-Broadcom LRO Products can be non-infringing alternatives.

## III. STATEMENT OF THE UNDISPUTED MATERIAL FACTS

1. On June 21, 2005, Alacritech entered into a Confidential Settlement Agreement with Broadcom and Microsoft Corporation to resolve certain disputes existing between the Parties. ▮ As part of the settlement, Alacritech and Broadcom agreed to exchange "mutual cross-licenses." ▮

2. Alacritech and Broadcom entered into a Patent Cross-License Agreement the same day, June 21, 2005 ("Broadcom Agreement"). ▮

3. Under the Broadcom Agreement, Alacritech made a license grant to Broadcom ("Broadcom License"):



▮

4. A ▮ is defined in the Broadcom Agreement to mean ▮

▮ ▮

5. ▮ of the Broadcom Agreement, titled ▮ states, ▮

3

6. ███████ states: ███████

███████

███████

███████ [2]

7. ███████ of the Broadcom Agreement states: ███████

███████

███████

███████

███████

███████

███████

███████

███████

8. ███████ states: ███████

███████

███████

───────────

[2] All emphasis is added unless otherwise noted.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

9. On or about February 2, 2016,[3] Broadcom was acquired by Avago Technologies Limited. ▇▇▇; Ex. 4 ▇▇▇▇▇▇▇▇; Ex. 5. This event constituted a ▇▇▇▇▇▇▇▇▇ under ▇▇▇▇▇▇▇ of the Broadcom Agreement. ▇▇▇ ▇▇▇

10. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

11. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ According to Broadcom, the purpose of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; Ex. 4 ▇▇▇▇▇▇▇▇.

12. In February 2014, Broadcom sold certain Ethernet controller-related assets, including ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, to QLogic Corporation ("QLogic"). Ex. 7; *see also* Ex. 4 ▇▇▇▇▇▇▇▇.

13. Under ▇▇▇▇▇▇▇ of the Broadcom Agreement:

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

---

[3] For purposes of this motion, it is immaterial whether Avago acquired Broadcom on February 2, 2016 (as noted in expert reports and letter correspondence between Broadcom and Alacritech), or February 1, 2016 (*see* Ex. 5).

5

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

14. QLogic was acquired by Cavium in August 2016. Ex. 8 at 11.

15. On June 30, 2016, Alacritech initiated the present lawsuits (*see, e.g.*, Dkt. 1), which were subsequently consolidated for all pretrial issues on July 22, 2016 (Dkt. 8), and stayed on December 5, 2017 (Dkt. 451).

16. Post-stay, three patents and four claims remain in suit: U.S. Patent Nos. 7,124,205 (Claim 1); 8,131,880 (Claim 41); and 8,805,948 (Claims 17 and 22). Ex. 9 at 20–23. Alacritech alleges that the LRO functionality in Dell's and Cavium's products infringes these patents. *See* ▇▇▇▇▇▇▇▇▇.

17. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

18. Sometime after September 14, 2017, however, Broadcom began manufacturing products that included LRO functionality, and Dell began selling products that incorporated these Broadcom products (the Dell-Broadcom LRO Products) ▇▇▇▇▇▇. ▇▇▇▇▇▇▇; *see also* Dkt. 573 (Dell sold Broadcom products capable of utilizing LRO). Alacritech accused products that include Broadcom components with LRO functionality, such as the Dell-Broadcom LRO Products, of infringing the patents-in-suit. ▇▇▇▇▇▇▇▇▇.

19. Dell has sold the Dell-Broadcom LRO Products or products incorporating them. *See* ▇▇▇▇▇▇; Dkt. 573. Alacritech and Dell entered a stipulation to dismiss with prejudice all of Alacritech's damages claims against Dell related to Dell-Broadcom LRO Products. Dkt. 573 at 2. However, Alacritech reserved all rights to argue at trial that Broadcom products that incorporate LRO functionality, such as the Dell-Broadcom LRO Products, infringe the patents-in-suit, are not licensed to practice the patents-in-suit, and do not constitute non-infringing alternatives. *Id.*; *see also* ▇▇▇▇.

20. In its interrogatory responses, Dell asserted license and related patent exhaustion defenses based on licenses Alacritech has granted to Microsoft, Emulex, QLogic, and Broadcom.

21. In its interrogatory responses, Cavium asserted license and related patent exhaustion defenses based on licenses Alacritech has granted to Microsoft, QLogic, and Broadcom.

## IV. LEGAL STANDARD

As the existence of a license covering the accused products is an affirmative defense, the burden of proving such a license exists lies with the accused infringer. *Cyrix Corp. v. Intel Corp.*, 846 F. Supp. 522, 535 (E.D. Tex.), *aff'd*, 42 F.3d 1411 (Fed. Cir. 1994); *CXT Sys., Inc. v. Acad., Ltd.*, No. 218CV00171RWSRSP, 2020 WL 9936134, at *4 (E.D. Tex. Jan. 30, 2020). The same is true of a patent exhaustion defense. *See Cyrix*, 846 F. Supp. at 535.

When a party seeks a reasonable royalty for infringement, the accused infringer bears the burden of showing that non-infringing alternatives were available on the market at the time of infringement. *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 220CV00319JRGRSP, 2022 WL 1453204, at *6 (E.D. Tex. Apr. 17, 2022), *report and recommendation adopted*, No. 220CV00319JRGRSP, 2022 WL 1463984 (E.D. Tex. May 6, 2022); *TQP Dev., LLC v. Merrill Lynch & Co.*, No. 2:08-CV-471-WCB, 2012 WL 3283354, at *1 (E.D. Tex. Aug. 10, 2012); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 2:06-CV-348, 2011 WL 197869, at *2

7

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (E.D. Tex. Jan. 20, 2011), *objections overruled*, No. 2:06-CV-348, 2011 WL 13196509 (E.D. Tex. Jan. 28, 2011).

V.   **ARGUMENT**

    A.   **Dell's And Cavium's License Defenses, And Related Patent Exhaustion Defenses, Based On The Microsoft, Emulex, And QLogic Licenses Should Be Dismissed**

Dell asserts a license defense, and related patent exhaustion defense, based on licenses Alacritech granted to Microsoft, Emulex, and QLogic. Dkt. 140 at 14; ▮▮▮▮▮▮▮▮. Cavium also asserts license and patent exhaustion defenses based on Alacritech's licenses to Microsoft and QLogic. Dkt. 155 at 14; ▮▮▮▮▮▮▮▮. Each of these defenses should be dismissed.

It is undisputed that the Microsoft, Emulex, and QLogic licenses do not provide a license to use the LRO functionality claimed by the patents-in-suit. Dell and Cavium have openly admitted this fact with respect to the Emulex and QLogic licenses, contending ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Further, Dell and Cavium raised defenses under the Microsoft license ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. However, the remaining asserted claims are

8

apparatus claims that have no limitations related to an operating system, much less a Microsoft operating system. ▮. And neither Dell nor Cavium has presented any explanation as to how such claims are covered by Alacritech's license to Microsoft.

Therefore, these license and exhaustion defenses fail as a matter of law, and Alacritech is entitled to summary judgment.

### B. Dell's And Cavium's License Defenses, And Related Patent Exhaustion Defenses, Based On The Broadcom License Fail As A Matter of Law

Although the parties dispute whether the Broadcom License covers the LRO functionality claimed by the patents-in-suit, either way, Dell's and Cavium's license and related patent exhaustion defenses based on that license fail as a matter of law.

Dell's license and related exhaustion defenses should be dismissed, first and foremost, because Alacritech has agreed to dismiss with prejudice the only claim to which they relate: Alacritech's claim against Dell concerning Dell's manufacture, use, offer for sale, sale, and import of the Dell-Broadcom LRO Products. *See* Dkt. 573 at 2. In the absence of any claims against Dell concerning the Dell-Broadcom LRO Products, Dell's defenses based on the Broadcom License are moot. Dismissal is warranted on this basis alone. *See Google Inc. v. Beneficial Innovations, Inc.*, No. 2:11-CV-229-JRG-RSP, 2014 WL 186016, at *1 (E.D. Tex. Jan. 16, 2014) (dismissing affirmative defenses as moot when the claims they addressed had been dismissed with prejudice).

Even if that were not the case, however, Dell's defenses based on the Broadcom License should be dismissed for the separate and independent reason that the Dell-Broadcom LRO Products have never been licensed under the Broadcom License. ▮. Under California law, the goal of contractual interpretation is to give effect to the mutual intention of the parties, and the

9

███████████████████████████████████████████████████

mutual intention of parties to a written contract must be ascertained from the language of the contract itself. Cal. Civ. Code §§ 1636, 1639.

Under the Broadcom Agreement's plain language, ███████████████
███████████████████████████████████████████████████
███████████████████████████████████. Broadcom had a ███████████,
as defined by the Broadcom Agreement, on February 2, 2016. *See* ████ Ex. 5; ████ Under
the terms of the Broadcom Agreement, ████████████████████████████
████████████████████████████████████████████████ It
is undisputed that Broadcom did not ████████████████████████████
████████████████████████████████████████ And that ████
████ did not even comply with the Broadcom Agreement's requirements, ███████
███████████████████████████████████████████████████
████████████████████████████████ Not until ██████████████
███████████████████████████████████████████████████
████████████████████

Broadcom's ████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████ Because ████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

10

██████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████. Interpreting ████████████████ in any other way would be inconsistent with its plain language and incompatible with the well-established principles of contractual interpretation.

Because it is undisputed that the Dell-Broadcom LRO Products were not sold until ████████████, and the Broadcom License ████████████████████████████████, there is no legal or factual basis to find that they were covered by the Broadcom License. Accordingly, Dell's license and related patent exhaustion defenses fail as a matter of law, even if not mooted by the parties' stipulation.

Cavium's defenses likewise fail, as a matter of law, because Cavium has failed to provide any legal or factual basis to find that the Broadcom License covers any of the accused Cavium products. ████████████████████████████████████████████████████████████████████████████████████████████. And even though ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Cavium's license and patent exhaustion defenses fail on this basis alone. *See Cyrix*, 846 F. Supp. at 535 ("[T]he party asserting a license under [the plaintiff's] patents, bears the burden of proof on the license defense, as well as on the issue of patent exhaustion." (citations omitted)).

Cavium may nonetheless attempt to argue at trial that some of its accused product lines are covered by the Broadcom License because QLogic, whom Cavium acquired in 2016, acquired those products lines from Broadcom. However, such an argument is incompatible with the plain

11

language of the Broadcom Agreement. Under ▮▮▮ of the Broadcom Agreement, Broadcom's transfer of product lines to QLogic ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Accordingly, the Broadcom License ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and Cavium's license and patent exhaustion defenses based on that license fail as a matter of law.[4]

### C. Dell-Broadcom LRO Products Are Not Non-Infringing Alternatives

The fact that the Dell-Broadcom LRO Products ▮▮▮▮▮▮▮▮▮▮ under the Broadcom License also supports the conclusion that Dell, as a matter of law, cannot assert them as non-infringing alternatives at trial. Although Alacritech agreed to dismiss its infringement claims against Dell with regard to the Dell-Broadcom LRO Products, Alacritech explicitly maintained all rights to present evidence regarding those products' infringement for all other purposes, *e.g.*, to argue that they do not constitute non-infringing alternatives. *See* Dkt. 573 at 2; ▮▮▮; ▮▮▮. Alacritech has presented evidence of the Dell-Broadcom LRO Products' infringement in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. And Dell has not even attempted to rebut ▮▮▮▮▮▮▮▮▮▮▮▮. Thus, because there is no legal or factual basis to find that the Dell-Broadcom LRO Products are licensed, as discussed above, Alacritech's allegations and evidence that the Dell-Broadcom LRO Products infringe the patents-in-suit renders those products incapable of being non-infringing alternatives in this lawsuit. *See Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1222 (Fed. Cir. 1995) (finding that a product was not a non-infringing alternative while it remained the subject of active infringement accusations).

---

[4] Even if Cavium could show that any products it sold were covered by the Broadcom License, its license and patent exhaustion defenses based thereon would nevertheless fail as a matter of law for the period of time after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Alacritech is therefore entitled to summary judgment that the Dell-Broadcom LRO Products are not non-infringing alternatives.

## VI. CONCLUSION

For these reasons, Alacritech's motions should be granted.


Dated: June 2, 2023

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Brian E. Mack w/permission Claire Henry*
*joepaunovich@quinnemanuel.com*
California State Bar No. 228222
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian E. Mack
*brianmack@quinnemanuel.com*
California State Bar No. 275086
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff Alacritech, Inc.*

13

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on June 2, 2023, and a copy of this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

                                              */s/ Brian E. Mack w/permission Claire Henry*
                                              Brian E. Mack