# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., | |
| *Plaintiff*, | |
| v. | |
| CENTURYLINK, INC., *et al.*, | 2:16-cv-00693-RWS-RSP (LEAD CASE) |
| WISTRON CORPORATION, *et al.*, | 2:16-cv-00692-RWS-RSP |
| DELL INC., | 2:16-cv-00695-RWS-RSP |
| *Defendants*, | |
| and | JURY TRIAL DEMANDED |
| INTEL CORPORATION, *et al.*, | |
| *Intervenors*. | |

**REPLY IN SUPPORT OF PLAINTIFF ALACRITECH'S MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF W. CHRISTOPHER BAKEWELL**

Dell's Opposition provides no law or facts supporting denial of Alacritech's Motion.

### A.  Opinions Regarding Mr. Gunderson's 2017 Report Should Be Excluded

Dell does not dispute that the Court routinely excludes evidence regarding patents, technology, and accused products that are no longer asserted. *See* Mot. at 2-3; Opp. 6-9. Mr. Bakewell's opinions regarding Mr. Gunderson's 2017 report would improperly inject into the trial precisely this type of evidence. Consistent with its past rulings, the Court should exclude these irrelevant and unduly prejudicial opinions.

Dell's claim that Mr. Bakewell's opinions do not require "getting into" the state of the case in 2017 versus today (Opp. at 7) is disingenuous. Mr. Bakewell intends to testify that Mr. Gunderson's 2017 and 2023 report are "inconsistent," including because the 2017 report contained ▇▇▇▇▇▇▇ and the 2023 report contains ▇▇▇▇▇▇▇. *Id*. But what Mr. Bakewell testifies are "inconsistencies" are nothing of the sort. They are appropriate adjustments Mr. Gunderson made to account for multiple patents-in-suit, a technology (LSO) and various accused products dropping out of the case; the production of new factual evidence (including recent new product offerings by leading chip manufacturers utilizing the RSC technology still at issue); and new Federal Circuit law over the intervening six years. Dell does not dispute these changes occurred over the last six years. If Mr. Bakewell is permitted to testify about supposed "inconsistencies," Alacritech will need to get into what has changed in the case between now and then to explain that what Mr. Bakewell calls inconsistences are actually appropriate differences based on changed facts and law.

Dell is wrong that *Caltech* "has nothing to do" with Mr. Gunderson's royalty rate analysis because in both 2017 and 2023 Mr. Gunderson opined on a royalty rate "just with respect to Dell." Opp. at 8-9. In *Caltech*, the Federal Circuit confirmed that in litigation with different hypothetical licensors at different levels of the supply chain, a proper analysis entails a single license, with a

1

single royalty rate, from a single hypothetical negotiation, absent case-specific facts that support a different outcome. *Cal. Institute of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 993-94 (Fed. Cir. 2022). In his 2023 report, following that guidance, Mr. Gunderson adjusted to a single hypothetical negotiation resulting in a single royalty rate for the two supplier defendants (Intel and Cavium) whose NICs in various forms are incorporated into products from manufacturers (Dell, Wiwynn, and Wistron) that in turn manufacture larger infringing products. Mr. Bakewell's opinion that Mr. Gunderson's changed royalty rate is "inconsistent" will require Alacritech, and the Court, to explain to the jury how the law has changed to avoid undue prejudice to Alacritech.

Nor does Dell's citation to *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 794328, at *23 (N.D. Cal. Feb. 25, 2014), provide any support for its arguments. That case found Samsung could impeach the credibility of Apple's technical expert when he "provided inconsistent claim interpretations across his infringement and invalidity opinions." *Id.* It did not find an expert's prior opinions based on previously-existing facts and law were relevant—which is the issue here.

Mr. Bakewell's opinion that "Mr. Gunderson does not sufficiently account for the changed circumstances of this case" (Ex. 1 (Bakewell Supp. Rpt.) ¶ 115) is irrelevant. Mr. Gunderson's assignment was not to compare the facts of the case in 2017 to those in 2023, but to analyze the facts of the case in 2023 to provide a damages opinion that is appropriate for the case **as it stands now**. Mr. Bakewell's critique would unquestionably require Alacritech to get into what has changed in the case between 2017 and 2023. Such an excursion would lack relevance, waste time, and be unduly prejudicial.

### B. Opinions About The Stock Valuation Should Be Excluded

The valuation of Alacritech's common stock is not relevant—it was done when two of the three patents-in-suit had not issued and Defendants' infringement and Alacritech's infringement claims were unknown, and it does not include a valuation of the patent-in-suit that did exist. Mr.

Bakewell's opinion that Mr. Gunderson's damages methodology is flawed because his damages are in excess of that valuation (Opp. at 10) is unreliable and misleading and should be excluded. Dell has failed to produce law or evidence to the contrary.

Dell's assertion that courts permit damages experts to "rely on real-word evidence to evaluate damages for alleged patent infringement" (Opp. at 9) is irrelevant. None of the cases it cites apply to Mr. Bakewell's opinions. *CSIRO v. Cisco Sys., Inc.*, 809 F.3d 1295, 1303 (Fed. Cir. 2015) and *Willis Elec. Co. v. Polygroup Macau Ltd. (BVI)*, No. 15-CV-3443 (WMW/DTS), 2023 WL 112733, at *10 (D. Minn. Jan. 5, 2023), state that sufficiently comparable licenses may be used to value the patents-in-suit. The stock valuation is not a license at all; Mr. Bakewell did not use it as a comparable and does not opine it is sufficiently comparable to be used as a benchmark. *See* Ex. 2 ¶¶273-76. Likewise, a damages expert's reliance on real-world sales data for a lost profits analysis is a very different thing from claiming that the stock valuation valued IP that it facially did not. *See Inventist, Inc. v. Ninebot, Inc.*, No. 3:16-cv-5688-BJR, 2023 WL 256285, at *11-12 (W.D. Wash. Jan. 18, 2023). In *Lambeth Magnetic Structures, LLC v. Seagate Tech. (US) Holdings, Inc.*, No. CV 16-538, 2022 WL 864170, at *1 (W.D. Pa. Mar. 22, 2022), the Court determined "**Plaintiff's valuation of [an asserted patent]** … is probative evidence of the reasonableness of the claimed royalty damages." Similarly, in *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, Dkt. 555 at 12 (N.D. Cal. Apr. 17, 2020), the damages expert relied on "third-party valuations **of the patents.**" Both those cases involved entirely different valuations than the type at issue here which **does not value any of the patents-in-suit**. Finally, in *Versata Software Inc. v. SAP Am., Inc.*, No. 2:07-cv-153 CE, Dkt. 500 at 7 (E.D. Tex. May 5, 2011), the court hypothesized that valuations **could be** relevant to a lost profits analysis or *Georgia-Pacific* analysis. Mr. Bakewell has not used the stock valuation in either of these ways—instead he compares it to

3

Mr. Gunderson's damages number and opines the damages number must be unreliable because it is bigger. This comparison is unreliable and misleading because it compares apples to oranges. Furthermore, Mr. Bakewell would be precluded from opining that Mr. Gunderson's reasonable royalty was too high because it exceeded the amount of a license without offering an opinion the license was technically and economically comparable. *See Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1373 (Fed. Cir. 2020) ("This court has often excluded licenses that are technologically or economically non-comparable."). He should be similarly precluded here where he seeks to rely on a valuation that is completely silent on the value of the patents.

C.  **Opinions Disclaiming a Single Hypothetical Negotiation Are Contrary to Federal Circuit Law**

Mr. Bakewell's report is clear that he **assumed** a hypothetical negotiation between Alacritech and Dell without doing **any** analysis or factual investigation regarding whether Alacritech and Dell would conduct a single hypothetical negotiation with supplier defendants Intel and Cavium, who sold Dell NICs in various forms that Dell incorporated into larger infringing products. Mot. at 8. Dell's Opposition cannot and does not disclaim this fact. Opp. at 13-14. This is dispositive. *Caltech*, 25 F.4th at 994 ("in the absence of a compelling showing otherwise," different royalties are not appropriate at different points in the supply chain).

Dell's attempt to distinguish *Caltech* on the basis that Mr. Bakewell "opines on behalf of ***only Dell***" (Opp. at 13) fails. *Caltech*, like this case, involved a single plaintiff and multiple defendants at different levels of the supply chain. Dell's argument is if defendants in a case with identical facts to *Caltech* retain different damages experts, then the law of *Caltech* can simply be ignored. This cannot be correct, including because it would set up different legal standards for plaintiff and defendants' damages experts **for the same hypothetical negotiation**.

The Court should further exclude Mr. Bakewell's criticism of Mr. Gunderson's single

4

hypothetical negotiation opinion (Opp. at 13-14) as it also fails under *Caltech*. As Mr. Bakewell's report makes clear, his opinion is not that **facts specific to this case** do not support Mr. Gunderson's opinion—he did not undertake such factual investigation or analysis. The Federal Circuit has made clear such arguments are improper: "But in the absence of some **evidence** that companies in the positions of Broadcom and Apple would engage in such separate negotiations and in the absence of **additional facts** that might justify separate and different treatment of the same chips at different levels of the supply chain, **the mere fact that Broadcom and Apple are separate infringers alone does not support treating the same chips differently at different stages in the supply chain**." *Caltech*, 25 F.4th at 993-94. Mr. Bakewell's criticism of Mr. Gunderson's single hypothetical negotiation opinion should also be excluded because it is not contained in Mr. Bakewell's report; he introduced this criticism for the first time at his deposition. *See* Opp. at 13 (citing Mr. Bakewell's deposition regarding supposed "nuances").

### D. Testimony Regarding Dell's Patents and Awards Unrelated To The Accused Products Should Be Excluded

Dell's argument that Mr. Bakewell should be permitted to testify regarding Dell's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Opp. at 14) as "background information" is a straw man. Alacritech did not move to exclude such testimony. Alacritech moved to exclude Mr. Bakewell's discussion of Dell's patent portfolio and awards in relation to his apportionment analysis because he has made no effort to tie the patents and awards to the accused products or type of technology at issue in this case. Mot. at 10-11. Mr. Bakewell provides no factual basis whatsoever to find that any of Dell's ▇▇▇▇▇▇▇▇▇▇ relate to any of the "non-accused features and factors" of the accused products. Opp. at 14. Testimony about Dell's patent portfolio and industry awards is therefore irrelevant and, furthermore, risks misleading the jury that—contrary to the law—they need to apportion profit between the patents-in-suit and Dell's unrelated patent portfolio and technologies.

5

| | |
|---|---|
| Dated:  July 14, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>/s/ Brian E. Mack<br>joepaunovich@quinnemanuel.com<br>California State Bar No. 228222<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br><br>Brian E. Mack<br>brianmack@quinnemanuel.com<br>California State Bar No. 275086<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone:  (415) 875-6600<br>Facsimile:  (415) 875-6700<br><br>T. John Ward, Jr.<br>Texas State Bar No. 00794818<br>jw@wsfirm.com<br>Claire Abernathy Henry<br>Texas State Bar No. 24053063<br>claire@wsfirm.com<br>WARD & SMITH LAW FIRM<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone:  (903) 757-6400<br>Facsimile:  (903) 757-2323<br><br>*Attorneys for Plaintiff Alacritech, Inc.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on July 14, 2023, and a copy of

6

this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

*/s/ Brian E. Mack*
Brian E. Mack
