IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., | |
| *Plaintiff*, | |
| v. | 2:16-cv-00693-RWS-RSP (LEAD CASE) |
| TIER 3, INC., ET AL., | 2:16-cv-00692-RWS-RSP |
| WISTRON CORPORATION, ET AL., | 2:16-cv-00695-RWS-RSP |
| DELL INC., | |
| *Defendants*, | JURY TRIAL DEMANDED |
| and | |
| INTEL CORPORATION, AND CAVIUM, INC., | |
| *Intervenors*. | |

**DEFENDANT DELL AND INTERVENORS INTEL AND CAVIUM'S OPPOSED
MOTIONS IN LIMINE**

████████████████████████████

## <u>TABLE OF CONTENTS</u>

Page

I.  **MIL NO. 1: EXCLUDE REFERENCES TO DEFENDANTS AS PATENT HOLDOUTS OR REFUSING TO TAKE A LICENSE OUTSIDE OF LITIGATION** ............................................................................................................1

II.  **MIL NO. 2: EXCLUDE REFERENCES TO THE ASSERTED PATENTS/CLAIMS AS THE** ████████████████████ ....................2

III.  **MIL NO. 3: EXCLUDE TOTAL REVENUES OR PROFITS OF THE DEFENDANTS' PRODUCTS AT ISSUE** ...................................................3

IV.  **MIL NO. 4: EXCLUDE EVIDENCE OR ARGUMENT THAT ALACRITECH BROUGHT THIS CASE FOR THE BENEFIT OF ITS EMPLOYEES OR INVESTORS** ....................................................................................................4

V.  **MIL NO. 5: EXCLUDE REFERENCE TO HOW LONG THE CASE HAS BEEN PENDING, THE PARTIES' LITIGATION EXPENSES, THE TIME AND EXPENSE OF ENFORCING PATENTS GENERALLY, AND INDEMNIFICATION AGREEMENTS** ........................................................5

VI.  **MIL NO. 6: EXCLUDE EVIDENCE OR ARGUMENT THAT DEFENDANTS PURPORTEDLY STOLE, COPIED, OR TRESPASSED ON ALACRITECH'S TECHNOLOGY** .......................................................................................7

VII.  **MIL NO. 7: EXCLUDE REFERENCE TO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING WHY ALACRITECH CHOSE TO SUE DELL** .........8

VIII.  **MIL NO. 8: EXCLUDE REFERENCES TO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING EITHER PARTY'S OTHER LITIGATIONS OR ARBITRATIONS, INCLUDING PARALLEL PROCEEDINGS IN ANY OTHER COURT, TRIBUNAL, OR FORUM, INCLUDING ADR PROCEEDINGS AND EPR PROCEEDINGS** ................................................................................10

IX.  **MIL NO. 9: EXCLUDE DR. ALMEROTH FROM TESTIFYING THAT ANY MELLANOX-BASED ACCUSED PRODUCTS SATISFY THE "IN SAID PACKET MEMORY" LIMITATION ('880 PATENT, CLAIM 41).** ........................11

X.  **MIL NO. 10: EXCLUDE REFERENCE TO THE IDENTITY, PAYMENT AMOUNT, OR ROYALTY AMOUNT OF ANY LICENSE AGREEMENT THAT ALL PARTIES AGREE ARE NOT COMPARABLE** ................................................13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexam, Inc. v. McDonald's Corp.*,
2013 WL 12154832 (E.D. Tex. June 18, 2023)................................................................1, 11

*Alfred E. Mann Found. For Scientific Research v. Cochlear Corp.*,
2014 WL 12586105 (C.D. Cal. Jan. 3, 2014) ...........................................................................8

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
2016 WL 11750180 (E.D. Tex. Nov. 30, 2016) .......................................................................8

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
2015 WL 12915561 (E.D. Tex. Aug. 3, 2015) .........................................................................6

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*,
2012 WL 4761739 (E.D. Tex. Sept. 20, 2012) .......................................................................14

*Crowley v. Chait*,
2004 WL 7338421 (D.N.J. Dec. 29, 2004).............................................................................5

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
927 F.3d 1292 (Fed. Cir. 2019).............................................................................................13

*Freeny v. Murphy Oil Corp.*,
2015 WL 11108703 (E.D. Tex. May 29, 2015).....................................................................11

*Grant v. CRST Expedited, Inc.*,
2021 WL 2101741 (E.D. Tex. Apr. 7, 2021) ...........................................................................4

*Intell. Ventures II LLC v. FedEx Corp.*,
2018 WL 10638138 (E.D. Tex. Apr. 26, 2018).............................................................1, 5, 11

*Ion, Inc. v. Sercel, Inc.*,
2009 WL 10677596 (E.D. Tex. July 22, 2009) ...............................................................1, 10

*LaserDyanamics, Inc. v. Quanta Comput., Inc.*,
694 F.3d 51 (Fed. Cir. 2012)....................................................................................2, 3, 4, 13

*Lectec Corp. v. Chattem, Inc.*,
2011 WL 13086026 (E.D. Tex. Jan. 4, 2011)..........................................................................6

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)...............................................................................................3

*Masimo Corp. v. Philips Electronics North America Corp.*,
2014 WL 4652333 (D. Del. Sept. 12, 2014) ...............................................................7

*Maxell, Ltd. v. Apple Inc.*,
2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ...........................................................10

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
2019 WL 2437073 (N.D. Cal. June 11, 2019) ............................................................1

*Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*,
2014 WL 5816106 (E.D. Tex. Nov. 7, 2014) ..............................................................4

*Mobile Telecomms. Techs., LLC v. Zte (USA) Inc.*,
2016 WL 8260584 (E.D. Tex. July 22, 2016) ...........................................................11

*Old Chief v. United States*,
519 U.S. 172 (1997) ....................................................................................................4

*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
725 F.3d 1377 (Fed. Cir. 2013) .................................................................................11

*Rivera v. Heck*,
2018 WL 4354949 (W.D. Wis. Sept. 12, 2018) ..........................................................2

*Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*,
2015 WL 2152658 (D. Nev. May 7, 2015) ................................................................11

*SimpleAir, Inc. v. Google Inc.*,
2015 WL 5895401 (E.D. Tex. Oct. 6, 2015) ...............................................................3

*TransData, Inc. v. Centerpoint Energy Houston Elec. LLC*,
2016 WL 11677492 (E.D. Tex. July 1, 2016) ..............................................................6

*Uniloc USA Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) ...................................................................................3

*Whitserve, LLC v. Comput. Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012) .......................................................................................6

**Statutes, Rules and Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B)(i) .....................................................................................13

Local Rule CV-5(a)(3) ................................................................................................18

Local Rule CV-5(a)(7)(B) ...........................................................................................18

Local Rule CV-7(h) .....................................................................................................18

William A. Schwarzer et al., *Federal Civil Procedure Before Trial* (2000) ..................................9

R

Pursuant to the rules of evidence (e.g., FRE 401, 402, and 403) and precedent applying them, Dell, Intel, and Cavium (collectively, "Defendants") respectfully move *in limine* for an order excluding any reference, evidence, testimony, or arguments concerning the following topics.

## I.     MIL NO. 1: EXCLUDE REFERENCES TO DEFENDANTS AS PATENT HOLDOUTS OR REFUSING TO TAKE A LICENSE OUTSIDE OF LITIGATION

Alacritech should not be permitted to enflame the jury by referring to Defendants as "patent holdouts" (or similar terms) or otherwise asserting that Defendants have refused to take a license outside of litigation, either in this case or in other cases.  Such evidence or argument is not only unfounded, but also would (1) be highly prejudicial due to the derogatory nature of the term, (2) unfairly suggest that Defendants have done something wrong just by having a jury consider their defenses, (3) be irrelevant to any issue at stake in this litigation, and (4) not be remediable by a corrective instruction after a sustained objection.  *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 2437073, at *4 (N.D. Cal. June 11, 2019) (precluding plaintiff's witnesses from referring to defendant as "the last/lone holdout"); *Intell. Ventures II LLC v. FedEx Corp.*, 2018 WL 10638138, at *6 (E.D. Tex. Apr. 26, 2018) (barring parties from "using any derogatory or pejorative terms" to refer to each other).

Evidence or argument directed to Defendants' supposedly improper conduct in other litigations with third parties would also (1) risk confusing the jury and waste time by requiring Defendants to explain the irrelevant specific details of the other actions, *see Ion, Inc. v. Sercel, Inc.*, 2009 WL 10677596, at *3 (E.D. Tex. July 22, 2009) (excluding argument that would require details of "[t]he parties' actions in other cases," which "are irrelevant to the present case"), *abrogated on other grounds, Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016); *Alexam, Inc. v. McDonald's Corp.*, 2013 WL 12154832, at *1 (E.D. Tex. June 18, 2023) (granting motion to preclude plaintiff "from referring to events in any other litigation involving other defendants in

- 1 -

this case"); and (2) violate the parties' agreements to not use pejorative term[s]," Dkt. 796 [Stipulation] at 2 (Agreed MIL No. 9).

## II.    MIL NO. 2: EXCLUDE REFERENCES TO THE ASSERTED PATENTS/CLAIMS AS THE ██████████████████████████████"

It appears that, at trial, Alacritech and its expert, Dr. Almeroth, may attempt to refer to the asserted patents as the ██████████████████████████████████████████████ ██████████████████," *e.g.*, Ex. 1 [Almeroth 2017 Infringement Rpt.], Appx. A ¶¶ 104, 109-12, 171, 175 n.42, 176; Ex. 2 [Almeroth 2017 Infringement Rpt.], Appx. B ¶ 16; Ex. 3 [Almeroth Suppl. Infringement Rpt.] Section VI (titled "██████████████████████").[1]  But there is no evidence that ***anyone*** before this case ever used those terms to refer to the asserted patents or claims—which makes sense given that the terms "RSC" and "LRO" do not appear ***anywhere*** in the patents or claims.

The jury will need to decide the ultimate question of whether Defendants' accused RSC and LRO products infringe the asserted patents.  Alacritech and Dr. Almeroth should not be allowed to confuse the jury on this issue with highly prejudicial suggestions that the asserted patents or claims are known as, or commonly called, the ███████████████████████, ██████████████████    ██████████████████████████████ before the jury has made any such determination.  *Cf. Rivera v. Heck*, 2018 WL 4354949, at *16 (W.D. Wis. Sept. 12, 2018) (precluding parties from referring to the plaintiff as the "victim" because "that is a question for the jury that has not yet been resolved").

---

[1] "RSC" refers to an accused technology that Intel calls Receive Side Coalescing, and "LRO" refers to a different accused technology that Cavium and Mellanox call Large Receive Offload.

### III.    MIL NO. 3: EXCLUDE TOTAL REVENUES OR PROFITS OF THE DEFENDANTS' PRODUCTS AT ISSUE

The entire market value rule is a "narrow exception" to the rule that damages must be apportioned to account for only the value added by the patented feature. *LaserDyanamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 67 (Fed. Cir. 2012). The law is clear that "the patentee *must* prove that the patent-related feature is the basis for customer demand" in order for the entire market value rule to apply, such that damages can be awarded based on the total accused product revenues or profits. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009) (emphasis added) (internal quotations marks and citation omitted); *LaserDyanamics,* 694 F.3d at 67. But Alacritech concedes that the entire market value rule does not apply here because the single accused feature (RSC/LRO) is not "the basis for customer demand" for *any* accused product. Dkt. 689 [Alacritech's Opp. to Intel's Motion to Exclude Lance Gunderson] at 10 (conceding Mr. Gunderson "does not contend" the entire market value rule applies); Ex. 4 [Gunderson Dep.] 104:8-105:4 ██████████████████████████████████████████████████ ██████).

Therefore, the Court should exclude any reference or argument directed to Defendants' total revenues or profits for the products at issue in this litigation, because those revenues/profits do not satisfy the entire market value rule and therefore are not apportioned to account for only the accused feature, as the law requires.[2] Overall product revenues that do not satisfy the entire

---

[2] Alacritech cannot avoid the entire market value rule by arguing that Mr. Gunderson must show total product revenues to explain his calculation. Alacritech can present a royalty rate and final damages numbers to the jury without showing the overall revenues of the products at issue. *See SimpleAir, Inc. v. Google Inc.*, 2015 WL 5895401, at *3 (E.D. Tex. Oct. 6, 2015) (granting defendants' request to "exclude . . . 'overall product revenue' from reaching the jury" where the entire market rule was not satisfied, but holding that the plaintiff could still present methodology "isolate[d] the value of the patented feature" and "separate[d] it from the value of the unpatented features," which did not violate the entire market value rule).

market value rule are routinely excluded because it is recognized that those revenues may "skew the damages horizon for the jury" and make a plaintiff's damages request look "modest by comparison." *See Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1319-20 (Fed. Cir. 2011) ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."), *abrogated on other grounds, Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016); *LaserDyanamics,* 694 F.3d at 68 ("Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'"); *Mobile Telecomms. Techs., LLC v. Sprint Nextel Corp.*, 2014 WL 5816106, at *3 (E.D. Tex. Nov. 7, 2014) (granting motion to exclude "overall revenues and sales of the accused products").

## IV.    MIL NO. 4: EXCLUDE EVIDENCE OR ARGUMENT THAT ALACRITECH BROUGHT THIS CASE FOR THE BENEFIT OF ITS EMPLOYEES OR INVESTORS

During this case, Alacritech and its CEO Larry Boucher have asserted that ███████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████ Ex. 5 [9/22/2017 Boucher Dep.] 436:7-16.  But assertions like these about why Alacritech supposedly brought this case, or how it might use—on a discretionary basis—any proceeds obtained from it, should be excluded as irrelevant to any issue the jury will need to decide, and as a highly prejudicial attempt to arouse juror sympathies with an improper emotional appeal.  *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (noting Rule 403 authorizes exclusion of evidence where "its probative value is substantially outweighed by the

danger of unfair prejudice," and that "unfair prejudice," in the context of Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one") (internal quotation marks and citation omitted); *Grant v. CRST Expedited, Inc.*, 2021 WL 2101741, at *13 (E.D. Tex. Apr. 7, 2021) ("[Plaintiff's] desire or ability to support his family financially is not of consequence in establishing the damages for which he is entitled to recover in this action.  Thus, any statements from any witnesses referencing [Plaintiff's] financially supporting his family are prohibited.").

## V.    MIL NO. 5: EXCLUDE REFERENCE TO HOW LONG THE CASE HAS BEEN PENDING, THE PARTIES' LITIGATION EXPENSES, THE TIME AND EXPENSE OF ENFORCING PATENTS GENERALLY, AND INDEMNIFICATION AGREEMENTS

Alacritech should be precluded from offering any evidence or argument directed to how long this case has been pending, which (1) is not relevant to any issue, (2) would unfairly and wrongly cause jurors to speculate that Defendants are at fault for the amount of time Alacritech has chosen to wait for a trial (since Alacritech *agreed* to the stay in 2017 and agreed to *continue* the stay in 2019), Dkt. 449 [December 2017 Stipulation and Joint Motion to Stay Litigation Pending IPR Proceedings]; Dkt. 482 at 2 [September 2019 Order Granting Stay]; *Crowley v. Chait*, 2004 WL 7338421, at *4 (D.N.J. Dec. 29, 2004) (granting motion to "exclude direct reference to the age of this case," which "could be used to cause unnecessary jury speculation"), and (3) would necessarily implicate the long stay that resulted from the IPRs, even though the parties have agreed not to reference those IPR proceedings, Dkt. 796 [Stipulation] at 1 (Agreed MIL No. 6) ("The parties shall be precluded from introducing evidence, testimony, or argument concerning . . . inter partes review . . . or any alternative structure that does not relate directly to an Article III trial in a district court"); *id.* at 4 (Agreed MIL No. 28) ("Preclude Evidence or Argument Regarding Claims/Patents Invalidated via Inter Partes Review and the Pending Appeal to the CAFC

Regarding the '880 Patent IPR."); *see also Intell. Ventures*, 2018 WL 10638138, at *4 (holding "[n]o Party will be permitted to reference any post-issuance proceedings without leave of the Court," including IPRs).

Alacritech also should be precluded from offering any evidence or argument directed to the magnitude of its expenses in this litigation or the time and expense required to enforce patents generally. Such references are not relevant to any issue the jury will decide, and would improperly mislead jurors to award damages to make up for the cost or purported burden of litigation to Alacritech. *See Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 34 n.18 (Fed. Cir. 2012) ("It is beyond debate that juries may not award litigation costs or punish infringers."); *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 12915561, at *2 (E.D. Tex. Aug. 3, 2015) ("The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, reference, or assertions regarding the amount of legal fees and expenses that the parties have incurred in this litigation.").

Alacritech should also be precluded from offering any evidence or argument that any of the Defendants has a right to indemnification of from another party or an obligation to indemnify another party, which would mislead jurors to (1) wrongly conclude that a Defendant sought and obtained such rights, or gave such rights, as recognition of infringement of the asserted patents, or (2) improperly factor the existence of indemnification rights into the amount of any damages award. Indeed, this Court has repeatedly excluded evidence of indemnity agreements. *See Arigna Tech. Ltd. v. Nissan Motor Co.,* No. 2:22-cv-00126-JRG-RSP, ECF No. 323, at *6 (E.D. Tex. Oct. 24, 2022) (granting motion to preclude testimony, evidence or argument "concerning any indemnification agreements and/or requests for indemnification made by any defendant(s)"); *TransData, Inc. v. Centerpoint Energy Houston Elec. LLC*, 2016 WL 11677492, at *2 (E.D. Tex.

July 1, 2016) ("The parties shall not get into any discussion of indemnity agreements."); *Lectec Corp. v. Chattem, Inc.*, 2011 WL 13086026, at *3 (E.D. Tex. Jan. 4, 2011) (granting motion to exclude "[a]ny [m]ention or [r]eference to [i]ndemnification [a]greements").

## VI.    MIL NO. 6: EXCLUDE EVIDENCE OR ARGUMENT THAT DEFENDANTS PURPORTEDLY STOLE, COPIED, OR TRESPASSED ON ALACRITECH'S TECHNOLOGY

During discovery, Alacritech and its CEO Mr. Boucher suggested that



Ex. 6 [9/21/2017 Boucher Dep.] 154:10-16, 182:14-19 (

); Ex. 5 [9/22/2017 Boucher Dep.] 336:3-9

").

*Masimo Corp. v. Philips Electronics North America Corp.*, 2014 WL 4652333, at *1 (D. Del. Sept. 12, 2014) (holding that plaintiff can present evidence of alleged copying only if it "is able to establish a nexus between the evidence of copying and the patents-in-suit," and excluding evidence that did not satisfy that standard).

Alacritech should be precluded from offering evidence or argument directed to unfounded copying and/or misappropriation allegations such as these (and from otherwise suggesting that Defendants or their employees took ideas from Alacritech and/or obtained patents on ideas learned

████████████████████████████████████

from Alacritech).  Such assertions should be excluded because they would violate the parties' agreement that they are "precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as '***stealing***,' '***copying***,' '***misappropriating***,' '***pirating***,' ***or any similar terms***."  Dkt. 796 [Stipulation] at 2 (Agreed MIL No. 9).

References to Defendants allegedly "stealing," "copying," or "trespassing" on Alacritech's technology also should be excluded (1) as not relevant to any issue in the case, including willfulness, as Alacritech has not identified any instance of copying as a basis for its willful infringement claims—in fact, Alacritech concedes that it advances no argument that ████████ ████████, Dkt. 718 [Alacritech Reply to Heegard Daubert] at 1 ("Intel then states that it must rebut a hypothetical allegation that ████████████████████ ████████████████████████████████), (2) due to the risk of undue prejudice resulting from a wrongful and unfounded suggestion that Defendants are serial "copyist[s]," and (3) because it would waste time and resources by requiring Defendants to explain why they did not copy and why the allegations are not relevant to the actual issues in dispute.  *See Arthrex, Inc. v. Smith & Nephew, Inc.*, 2016 WL 11750180, at *4 (E.D. Tex. Nov. 30, 2016) (excluding "evidence of copying not tied to the asserted claims" as having "limited probative value" and due to "the danger that the jury will unfairly view [the defendant] as a wholesale copyist").

## VII.    MIL NO. 7: EXCLUDE REFERENCE TO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING WHY ALACRITECH CHOSE TO SUE DELL

Alacritech should be prohibited from presenting information or evidence at trial that it withheld under a claim of privilege or work product protection during discovery.  Stated differently, Alacritech may not use the protections of privilege as both a "sword and a shield" in litigation.  Courts have consistently held that it is improper to withhold information as privileged during discovery and then later use that same previously withheld information to advance a party's

████████████████████████████

case.  *See, e.g.*, *Alfred E. Mann Found. For Scientific Research v. Cochlear Corp.*, 2014 WL 12586105, at *10 (C.D. Cal. Jan. 3, 2014) ("The court agrees with the general proposition that a party may not use the attorney-client privilege 'both as a sword and a shield,' . . . by relying on the privilege to refuse to provide information on a topic during discovery and then seek to introduce evidence on that same topic at trial.") (citations omitted); William A. Schwarzer et al., *Federal Civil Procedure Before Trial*, P11:37 at 11-29 (2000) ("[T]he court may fashion remedies to prevent surprise and unfairness to the party seeking discovery. For example, where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged").

During the 30(b)(6) deposition of Alacritech, Alacritech's founder, president, and co-inventor of the patents-in-suit (Mr. Larry Boucher) was asked to explain why Alacritech chose to sue Dell, a purchaser and reseller of the accused components, rather than the suppliers who design and manufacture the accused components.  Alacritech ████████████████████



Ex. 7 [Boucher Dep.] 721:8-20.

███████████████████████████████

Having elected to withhold information regarding why Alacritech sued customers such as Dell as privileged during discovery, Alacritech cannot withdraw its claim of privilege at the moment of trial and tell the jury why they elected to sue Dell (or any other party) beyond the naked assertion that it alleges that Dell infringes its patent.  Any affirmative testimony by Larry Boucher or other Alacritech representatives, or any other evidence regarding *why* Alacritech chose to sue Dell (including, but not limited to, an explanation for why Alacritech sued Dell as opposed to suing Dell's suppliers) should be excluded. To the extent that Alacritech contends that the exclusion is too broad, ████████████████████████████████████████████████████

## VIII.   MIL NO. 8: EXCLUDE REFERENCES TO EVIDENCE, TESTIMONY, OR ARGUMENT REGARDING EITHER PARTY'S OTHER LITIGATIONS OR ARBITRATIONS, INCLUDING PARALLEL PROCEEDINGS IN ANY OTHER COURT, TRIBUNAL, OR FORUM, INCLUDING ADR PROCEEDINGS AND EPR PROCEEDINGS

Alacritech should be precluded from referencing other litigations involving the Defendants and third parties (including, for example, how many times Defendants have been sued by other parties, have settled other litigations, or have been found to be infringing), and other litigation involving Alacritech, including previous litigation between Alacritech and third parties. Information about other litigation is not relevant to the merits of this case, and it would be highly prejudicial and confusing for the jury to conflate other cases with this one. *Ion, Inc.,* 2009 WL 10677596, at *3 ("The parties' actions in other cases are irrelevant to the present case.").

To be clear, Defendants do not seek to exclude agreements that settled other litigation, as long as they have been identified by a party as comparable to the hypothetical license in this case, such as agreements ███████  ██████████████████████████████████

███████—as those agreements can be used without discussing the underlying litigation or any rulings issued in the litigation. This Court routinely excludes references to other litigations involving the parties, while still allowing the parties to refer to comparable agreements resulting

- 10 -

from litigation without discussing the underlying litigation. *See, e.g.*, *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *6-7 (E.D. Tex. Feb. 26, 2021) ("Neither party will be permitted to refer to other litigations or parallel proceedings. … This order … does not prohibit references to licenses or settlement agreements resulting from previous litigations.*"); Mobile Telecomms. Techs., LLC v. Zte (USA) Inc.*, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016) ("The parties SHALL NOT introduce any references, evidence, testimony (including expert testimony), or argument regarding unrelated litigations, investigations, or accusations involving the parties or their affiliates or principles.  This ruling does not preclude relevant patent license agreements resulting from these unrelated litigations."); *Freeny v. Murphy Oil Corp.,* 2015 WL 11108703, at *1 (E.D. Tex. May 29, 2015) (granting motion to "preclude evidence regarding any prior litigations involving [a] third-party" "except as to the offering of settlement licenses resulting from these litigation matters."); *Alexam, Inc.*, 2013 WL 12154832, at *1 (precluding plaintiff "from referring to events in any other litigation involving other defendants in this case," but allowing one of the defendants' license agreements to "be referenced without mention of the underlying litigation").

The preclusion on referencing other litigations should extend to those in parallel forums, including *inter partes* review and *ex parte* reexamination of the patents in suit. *Intell. Ventures*, 2018 WL 10638138, at *4 (precluding reference to "any post-issuance proceedings without leave of the Court."); *Silver State Intell. Techs., Inc. v. Garmin Int'l, Inc.*, 2015 WL 2152658, at *8 (D. Nev. May 7, 2015) (excluding evidence of ex parte reexaminations because that evidence "may significantly influence the jury's determination of the issues of infringement and invalidity").

## IX.    MIL NO. 9: EXCLUDE DR. ALMEROTH FROM TESTIFYING THAT ANY MELLANOX-BASED ACCUSED PRODUCTS SATISFY THE "IN SAID PACKET MEMORY" LIMITATION ('880 PATENT, CLAIM 41).

"An expert witness may not testify to subject matter beyond the scope of the witness's expert report."  *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d

██████████████████████████████████████

1377, 1381 (Fed. Cir. 2013). The parties have already agreed to this broad principle in an agreed

motion *in limine*, but Defendants believe further clarification is warranted for this narrow issue.

Claim 41 of the '880 Patent requires, *inter alia*, "a packet memory, disposed in the network

interface, configured to store said first packet" and "a packet batching module, disposed in the

network interface, configured to determine whether another packet *in said packet memory* belongs

to said communication flow" Dkt. 1-7 ['880 Patent], Claim 41 (emphasis added). And yet, for the

Mellanox-based accused products, Alacritech's expert did not include *any analysis* that the packet

batching module was configured to determine whether "another packet *in said packet memory*"

allegedly "belongs to said communication flow." Ex. 8 [Almeroth 2017 Rpt.] Appx. C-1, ¶¶ 274-

76; Ex. 9 [Almeroth 2023 Rpt.], Appx. C-1, ¶¶ 96-99. Dr. Almeroth even skipped the "in said

packet memory" requirement in his ████████████████████████████

███████████████



*Id.* Moreover, Dr. Almeroth's failure to analyze this claim element is not substantially justified or

harmless. As shown by Dell's expert, Dr. Jones, ████████████████████████████

██████████████████████████████████████. Ex. 10

[Jones June 9, 2023 Rpt.], ¶¶ 210-14. Despite being aware of this clear omission since June 9,

2023, Dr. Almeroth has never attempted to amend or supplement his opinions, and it is too late to

do so now. *Id.* In contrast, Dr. Almeroth did provide opinions that ████████████████

████████████████████████████████████████

████████████████. Ex. 1 [Almeroth Oct. 23, 2017 Rpt.], Appx. A, ¶ 73; Ex.

2 [Almeroth 2023 Rpt.], Appx. B, ¶ 91.  Accordingly, Alacritech should be precluded from offering

any testimony by Dr. Almeroth that the "in said packet memory" limitation is met by the Mellanox-

based accused products.  Fed. R. Civ. P. 26(a)(2)(B)(i); 37(c)(1).

## X.    MIL NO. 10: EXCLUDE REFERENCE TO THE IDENTITY, PAYMENT AMOUNT, OR ROYALTY AMOUNT OF ANY LICENSE AGREEMENT THAT ALL PARTIES AGREE ARE NOT COMPARABLE

The Federal Circuit has made clear that a party can introduce prior licenses only after

establishing that they are technologically and economically comparable to the hypothetical

negotiation at issue.  *See LaserDynamics,* 694 F.3d at 80 (disallowing non-comparable licenses

because such licenses "simply [had] no place in [the] case"); *Elbit Sys. Land & C4I Ltd. v. Hughes

Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019) ("[P]rior licenses or settlements need to

be 'sufficiently comparable' for evidentiary purposes and any differences in circumstances must

be soundly accounted for.").

In his expert report, Alacritech's damages expert Mr. Gunderson references a number of

licenses, but ultimately ***agrees*** with Defendants that these licenses are ***not*** economically or

technologically comparable to the hypothetical licenses in this case, and does not use them in

reaching his royalty rate: (███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████ Ex. 11 [Gunderson Second Amended Suppl. Rpt.] ¶ 328 ██████████

████████████████████████████████████████████████

███████████████████"), *id.* ¶ 339 ████████████████████████

██████████████████████████████████

████████████████████████████████████████████████████████████████

███████████ ].”);  *id.*  ¶  256 ██████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████ Alacritech  and  Mr.

Gunderson should be precluded from offering evidence or argument regarding the identity or

amount of what both parties ***agree*** are ***non***-comparable licenses, which are not probative of the

hypothetical negotiation in this case, present a high risk of misleading the jury and prejudicing

Defendants, and would waste time by requiring Defendants to explain their lack of relevance.

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*, 2012 WL 4761739, at *2 (E.D. Tex. Sept. 20, 2012)

("[N]o party may introduce the amount of a settlement or royalty payment until the technical and

economic comparability of the settlement or license has been established or will not be disputed.").

Dated: August 18, 2023                    Respectfully submitted,


/s/ Kate Saxton
Taylor Gooch *(Pro Hac Vice)*
California Bar #294282
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235 1000
Fax: (628) 235-1001

Sonal N. Mehta *(Pro Hac Vice)*
California Bar # 222086
Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
Fax: (650) 858-6100

Joseph J. Mueller *(Pro Hac Vice)*
Massachusetts Bar # 647567
Joseph.Mueller@wilmerhale.com
Richard O'Neill *(Pro Hac Vice)*
Massachusetts Bar # 638170
Richard.O'Neill@wilmerhale.com
Kate Saxton *(Pro Hac Vice)*
Massachusetts Bar # 655903
Kate.Saxton@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

Harry L. Gillam, Jr. (07921800)
Gillam & Smith LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257

- 15 -

gil@gillamsmithlaw.com

David Folsom
FOLSOM ADR PLLC
6002-B Summerfield Drive
Texarkana, TX 75503
Telephone: (903) 277-7303
david@folsomadr.com

*Attorneys for Intervenor Intel Corporation*

*/s/ Karineh Khachatourian*
Karineh Khachatourian
CA State Bar No. 202634
KXT Law, LLP
1775 Woodside Road, Suite 204
Redwood City, CA 94061
Telephone: (650) 379-6450
Fax:  650-249-5013
karinehk@kxtlaw.com

Melissa Richards Smith
TX State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorneys for Intervenor Cavium, Inc.*

*/s/ Michael J. Newton*
Michael J. Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
ALSTON & BIRD, LLP
2200 N Ross Avenue, Suite 2300
Dallas, Texas 75201
Tel: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Deron R Dacus (TX Bar No. 00790553)
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, Texas 75701

(903) 705-1117
(903) 581-2543 Fax
ddacus@dacusfirm.com

Kirk T. Bradley (NC Bar No. 26490)
ALSTON & BIRD, LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Tel: (704) 444-1000
Fax: (704) 444-1111
kirk.bradley@alston.com

Emily Chambers Welch
ALSTON & BIRD LLP – Atlanta
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404.881.7000
Fax: 404.881.7777
emily.welch@alston.com
*Attorneys for Defendant Dell, Inc.*

- 17 -



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 18, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system and electronic mail per Local Rule CV-5(a)(3).

*/s/ Harry L. Gillam, Jr.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on August 14 and 15, 2023, counsel for Plaintiff Alacritech, counsel for Intervenor Intel, counsel for Intervenor Cavium, and counsel for Defendant Dell met and conferred telephonically regarding the foregoing motions *in limine*, in compliance with Local Rule CV-7(h). Plaintiff Alacritech indicated that it would oppose Defendants' motions *in limine*.

*/s/ Harry L. Gillam, Jr.*