IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:16-CV-00693-RWS-RSP |
| CENTURYLINK, INC. *et al*, | § § § | (LEAD CASE) |
| *Defendants*. | § § | |

## REPORT AND RECOMMENDATION

Before the Court are two motions. The first motion is Defendant Dell, Inc.'s Motion for Partial Summary Judgment of No Willful Infringement and No Indirect Infringement ("Motion"). **Dkt. No. 604**. The second motion is Dell, Inc.'s Motion for Partial Summary Judgment of Non-infringement and In the Alternative a Motion to Strike Opinions of Dr. Almeroth. **Dkt. No. 630**. Based on representations from Dell's counsel at the September 28, 2023 Pretrial Conference, Dell's motion on Non-infringement (**Dkt. No. 630**) is hereby **DENIED AS MOOT**. Consequently, the Court need only address the remaining Motion (**Dkt. No. 604**), which should be **DENIED** for the following reasons.

### I. BACKGROUND

On June 30, 2016, Plaintiff Alacritech Inc. filed suit against Defendants CenturyLink, Inc., Tier 3, Inc., Savvis Communications Corp., CenturyLink Communications LLC, Cyxtera Communications, LLC, Winston Corporation, Wiwynn Corporation, SMS InfoComm Corporation, and Dell Inc. alleging certain server products and methods infringe eight of

1

Alacritech's patents.[1] Intel Corporation intervened in this case on November 21, 2016, and Cavium, Inc. intervened on February 14, 2017 asserting that their products were implicated in the infringement allegations. Dkt. No. 84 (Intel); Dkt. No. 127 (Cavium).

This case proceeded through discovery and was stayed pending disposition of *inter partes* review (IPR) proceedings that had been instituted by the Patent Trial and Appeal Board. Dkt. No. 451. The PTAB invalidated multiple claims challenged in IPRs, Alacritech appealed that decision, and the Court continued the stay pending resolution of the Federal Circuit appeal. Dkt. No. 482. In 2022, following the appeal proceedings, Alacritech moved to lift the stay and proceed with its case on the surviving patents and claims.

The Court lifted the stay and entered Docket Control Orders for the respective cases. *See* Dkt. No. 786 (setting February 20, 2024 trial date for certain defendants in the 2:16-CV-693 and 2:16-CV-692 cases); 2:16-CV-00695-RWS-RSP, Dkt. No. 19 (setting October 16, 2023 trial date for Dell). Now, Alacritech asserts claim 1 of U.S. Patent No. 7,124,205 (the "'205 Patent"), claims 17 and 22 of U.S. Patent No. 8,805,948 (the "'948 Patent"), and claim 41 of U.S. Patent No. 8,131,880 (the "'880 Patent") (collectively, "Asserted Patents") against Defendant Dell Inc. and Intervenor Intel Corporation of the '695 Member Case, and Defendants Winstron Corporation, Wiwynn Corporation, SMS InfoComm Corporation of the '692 Member Case.[2] *See* Dkt. No. 522 at 1.

Alacritech alleges that Dell indirectly infringes the Asserted Patents. 2:16-CV-00695-RWS-RSP, Dkt. No. 1 (Complaint) at ¶¶ 36, 105, 115. Alacritech also alleges that Dell willfully infringes the '205 Patent. *Id.* at ¶ 43. Dell now moves for partial summary judgment alleging that

---

[1] Defendants Winston Corporation, Wiwynn Corporation, and SMS InfoComm Corporation were consolidated for pretrial from Case No. 2:16-CV-692-RWS-RSP, and Defendant Dell Inc. was consolidated for pretrial from Case No. 2:16-CV-695-RWS-RSP.
[2] The other defendants and intervenor Cavium are no longer in the case or will soon be dismissed.

2

Alacritech's willful infringement and indirect infringement claims against Dell fail as a matter of law.

## II.    LAW

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case if that party bears the burden of proof on that issue. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. *Liberty Lobby*, 477 U.S. at 250. The nonmoving party must establish the existence of a genuine dispute of material fact for trial by showing that the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). A party whose claims are challenged by a properly supported motion for summary judgment may not rest on the allegations of the complaint and must articulate specific facts which meet his burden of proof. *Id.*

"Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy*, 44 F.2d at 312 (citing *Liberty Lobby*, 477 U.S. at 247).

### III.    ANALYSIS

In its Motion, Dell contends that (1) its pre-suit conduct cannot support the required mental states for willfulness or indirect infringement as a matter of law, and (2) its post-suit conduct cannot support the required mental states for willfulness or indirect infringement as a matter of law. The central issue in the motion is whether Alacritech offers evidence to create a genuine dispute as to any material fact regarding willful and indirect infringement.

"As the plain language of 35 U.S.C. § 284 makes clear, the issue of punishment by enhancement is for the court and not the jury." *Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 136 S. Ct. 1923, 1934, 195 L. Ed. 2d 278 (2016)). The first requirement for enhanced damages is a finding of willfulness, which "requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021) (citing *Eko Brands*, 946 at 1378); *see also Halo*, 579 at 105 ("The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless"). After a jury affirmatively finds willfulness, the Court considers whether the accused patent infringer's conduct was egregious or worthy of punishment in a manner that warrants enhanced damages. *Eko Brands*, 946 F.3d at 1378. "[S]uch damages are generally reserved for egregious cases of culpable behavior." *Halo*, 579 U.S. at 104.

Induced infringement under 35 U.S.C. § 271(b) "requires proof of underlying direct infringement, as well as proof that (1) 'the defendant knew of the patent,' (2) the defendant knew or should have known that 'the induced acts constitute patent infringement,' and (3) the defendant 'possessed specific intent to encourage another's infringement.'" *Bio-Rad Labs., Inc. v. Int'l Trade*

4

*Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) (citing *Sanofi, LLC v. Watson Labs. Inc.*, 875 F.3d 636, 643–44 (Fed. Cir. 2017)); *Commil*, 575 U.S. at 640 ("liability for induced infringement can only attach if the defendant knew of the patent and knew as well that 'the induced acts constitute patent infringement.'"); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 131 S. Ct. 2060, 179 L.Ed.2d 1167 (2011).

Contributory infringement under 35 U.S.C. § 271(c) "requires proof that (1) the defendant had 'knowledge of the patent in suit,' (2) the defendant had 'knowledge of patent infringement,' and (3) the accused product is not a staple article or commodity of commerce suitable for a substantial noninfringing use." *Bio-Rad Labs.*, 998 F.3d at 1335 (citing *Commil*, 575 U.S. at 639).

The Federal Circuit and Supreme Court recognize that willful blindness may supply the requisite knowledge for indirect infringement. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("*Commil*, in reaffirming *Global–Tech*, also necessarily reaffirmed that willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge.") (citing *Global-Tech*, 563 U.S. at 768, 131 S. Ct. 2060; *Commil*, 135 S. Ct. at 1926); The Supreme Court explained that willful blindness, in the context of indirect infringement, has two elements: "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech*, 563 U.S. at 768, 131 S. Ct. 2060.

The knowledge and intent requirements for indirect infringement may be established by circumstantial evidence, even in circumstances involving willful blindness. *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 408 (Fed. Cir. 2018) ("We conclude, however, that the evidence in this case, while not overwhelming, provides at least circumstantial

evidence that would allow a jury to reasonably find that Enplas had knowledge of the patents and of its customers' infringing activity and that it intended to induce their infringement."); *see also Global-Tech*, 563 U.S. at 766 ("courts applying the doctrine of willful blindness hold that defendant cannot escape the reach of these statutes by deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances."); *id.* at 770-71 (reviewing circumstantial evidence before the jury and concluding that the "evidence was more than sufficient for a jury to find" willful blindness).

### A. Dell's Pre-Suit Conduct

Dell argues Alacritech has no evidence to create a genuine dispute of material fact as to Dell's pre-suit knowledge of the Asserted Patents. Motion at 1–2. The Court disagrees.

As an initial matter, the Court recognizes that Alacritech's Complaint against Dell alleges induced and contributory infringement as to the Asserted Patents, but only alleges willful infringement as to the '205 Patent. 2:16-cv-00695-RWS-RSP, Dkt. No. 1 at ¶¶ 4, 43.

According to Alacritech, summary judgment should be denied because there is evidence in the record from which a reasonable jury could infer Dell has the requisite knowledge and intent for indirect and willful infringement. Dkt. No. 640 ("Response") at 2–4. Alacritech cites Dell's interrogatory response identifying the '205 Patent in an information disclosure statement ("IDS") submission during prosecution of a patent application, deposition testimony of Dell's corporate representative indicating Dell was monitoring Alacritech's technology, evidence suggesting Dell was monitoring and evaluating certain Alacritech technology, and evidence that Dell was aware of certain Alacritech intellectual property and licensing agreements. Alacritech argues that the IDS submission together with other evidence creates a genuine dispute of fact as to Dell's pre-suit knowledge. Response at 4–5.

Courts have held that the submission of an IDS citing a patent-in-suit, along with other evidence, can create a genuine dispute of fact as to the accused infringer's actual knowledge of that patent. *Soverain IP, LLC v. Microsoft Corp.*, No. 217-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018) (finding that citation to patent-in-suit in 11 of the defendant's patent applications, along with the fact that the patents were cited in many other patents and applications, supported a reasonable inference that the defendant had actual knowledge of the patent); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 215-CV-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *report and recommendation adopted*, No. 2:15-CV-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) (finding that defendant's citing the patent application of the patent-in-suit in its own patent application provided a reasonable basis for inferring that it had pre-filing knowledge of that patent). Similarly, when resolving the issue would require weighing facts and competing inferences, fact disputes exist that are properly presented to the jury. *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 428 (E.D. Va. 2021) (denying summary judgment as to whether the accused infringer had knowledge of an asserted patent cited in an IDS because it was unclear the degree to which in-house counsel was aware of the cited patent).

Here, the IDS submission considered together with the other evidence creates a genuine dispute of material fact as to Dell's pre-suit knowledge of the '205 Patent and its infringement. In response to an Alacritech interrogatory regarding Dell's pre-suit knowledge of Alacritech's patents, Dell identified the IDS—listing the '205 Patent—submitted on January 19, 2007 by outside counsel during patent prosecution of an application assigned to Dell Products, LP. Response Ex. 3 at 121 (Dell's First Supplemental Response to Interrogatory No. 8). The deposition testimony of Dell's 30(b)(6) witness, Mr. Bryan Kelly, provides evidence that Dell was monitoring

7

certain Alacritech stateless offload technology around the timeframe of the IDS submission. *See generally*, Response Ex. 4 (Mr. Kelly Dep. Tr. 8-31-17) at 149–59, 163–64, 169–70; Response Ex. 6 (Email correspondence regarding Alacritech technology); Response Ex. 7 (Dell technology presentation). Alacritech also cites evidence indicating that Dell was aware of Alacritech's settlement with Broadcom that resulted in an agreement to which Dell contends it is a third-party beneficiary. Response Ex. 4 at 143:13–145:25; 149:20–153:11; Response Ex. 5 (Email correspondence regarding Broadcom and Alacritech); Response Ex. 7 (Dell Technology Evaluation); Response Ex. 8 (Dell's Supplemental Interrogatory Responses) at 103; Response Ex. 9 (Email regarding Alacritech-Broadcom cross-license agreement). Finally, Alacritech cites evidence of internal correspondence at Dell pursuant to a non-disclosure agreement with Alacritech regarding Alacritech's business and plans regarding its intellectual property. Response Ex. 6 (Email Correspondence).

As for the '948 and '880 Patents, Alacritech contends "[a]ll Asserted Patents are in the same family, have a substantially similar disclosure, and are owned by the same company (Alacritech), meaning a reasonable jury could conclude that knowledge of one Asserted Patent supports a finding of knowledge of the other Asserted Patents." Response at 4 n. 3 (citing *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 610 (D. Mass. 2018)). The Court agrees. The '880 and '948 Patents originate from the same provisional application, are owned by the same company, and are substantially similar in subject matter. Viewing facts and inferences in favor of Alacritech, and the evidence previously addressed, a reasonable jury could find that Dell knew of or was willfully blind to the '948 and '880 Patents and the infringement before Alacritech filed suit.

Finally, Alacritech argues that Dell's failure to obtain an opinion of counsel, failure to investigate, failure to design-around, and failure to provide counter-evidence of any subjective belief of non-infringement or invalidity establishes a genuine dispute of material fact as to Dell's willful and indirect infringement. Dkt. No. 698 ("Sur-Reply") at 2.

However, it is improper to use the absence of an opinion of counsel as affirmative evidence of Dell's willful or indirect infringement. 35 U.S.C. § 298 ("The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent" or "that the infringer intended to induce infringement of the patent."); *Halo*, 579 U.S. at 109 (Section 298 "simply addressed the fallout from the Federal Circuit's opinion in *Underwater Devices Inc. v. Morrison–Knudsen Co.*, 717 F.2d 1380 (1983), which had imposed an "affirmative duty" to obtain advice of counsel prior to initiating any possible infringing activity, *id.*, at 1389–1390.").

Nevertheless, Dell's failure to investigate, failure to design around, and failure to provide counter-evidence of any subjective belief may be considered as part of the totality of circumstances to determine willful and indirect infringement as to the '205 Patent, and indirect infringement as to the '948 or the '880 Patents. *WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018).

Thus, genuine disputes of material fact exist as to whether Dell knew of the '205 Patent and its infringement to support allegations of pre-suit willfulness. Similarly, genuine disputes of fact exist as to whether Dell knew of or was willfully blind to the Asserted Patents and its infringement to support allegations of pre-suit indirect infringement.

### B. Dell's Post-Suit Conduct

Dell does not challenge whether it knew of the Asserted Patents as of the date the Complaint was filed. *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 217-CV-00662-JRG-RSP, 2019 WL 1987172, at *2 (E.D. Tex. Apr. 12, 2019), *report and recommendation adopted*, No. 217-CV-00661-JRG-RSP, 2019 WL 1979866 (E.D. Tex. May 3, 2019) ("As of [the date the Complaint was filed], the Defendants had sufficient notice of the patents to create a factual dispute as to willfulness") Instead, Dell argues that there is no evidence of any post-suit conduct that could support Alacritech's claim of willful or indirect infringement. Motion at 9–12. The Court disagrees.

Alacritech cites Dell's increase in annual sales of the accused products after suit was filed. Response at 11 (citing Ex. 10 (Summary of Dell Accused Unit Sales)). This Court has previously denied summary judgment on similar grounds. *GEODynamics, Inc. v. DynaEnergetics US, Inc.*, Case No. 2:17-cv-00371-RSP, Dkt. 211, slip op. at 5-6 (E.D. Tex. Sept. 17, 2018) ("Despite the possibility of infringement, the sales figures show that DYNA sold potentially infringing DPEX units at an increasing rate."). Further, viewing the facts and evidence in favor of Alacritech, as the non-movant, Dell's continuing product development and activity involving accused products after initiation of this suit may bear on the issues of willfulness and indirect infringement.

Dell separately argues that its post-suit conduct combined with Alacritech's failure to seek injunctive relief means that its willfulness claim fails as a matter of law. Motion at 11 (citing *Nexstep, Inc. v.Comcast Cable Communs., LLC*, No. 19-1031-RGA-SRF, 2021 U.S. Dist. LEXIS 177819, at *39–41 (D. Del. Aug. 20, 2021), *report and recommendation adopted in relevant part*, D.I. 314 (D. Del. Sept. 16, 2021)). The Federal Circuit does not require a plaintiff to seek a preliminary injunction before asserting willful infringement. *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017) ("We also disagree with the district court's second

decision—that Mentor could not assert willful infringement because it did not seek a preliminary injunction."). Consequently, the Court rejects Dell's argument that Alacritech's post-suit activity is insufficient to create a factual dispute since it never sought injunctive relief.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Partial Summary Judgment of No Willful Infringement and No Indirect Infringement (Dkt. No. 604) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by not later than October 9, 2023** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED** this 1st day of October, 2023.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE