IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH INC., | § | |
| | § | CIVIL ACTION NO. 2:16-CV-00693-RWS-RSP |
| *Plaintiff*, | § | (LEAD CASE) |
| | § | |
| v. | § | |
| | § | |
| CENTURYLINK, INC. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Alacritech, Inc.'s Motion for Summary Judgment on Dell's and Cavium's License and Related Patent Exhaustion Defenses and for Partial Summary Judgment that Broadcom Products are not Non-infringing Alternatives. **Dkt. No. 606.**[1] For the reasons that follow, the motion should be **DENIED**.

### I.   BACKGROUND

On June 30, 2016, Plaintiff Alacritech Inc. filed suit against Defendants CenturyLink, Inc., Tier 3, Inc., Savvis Communications Corp., CenturyLink Communications LLC, Cyxtera Communications, LLC, Winston Corporation, Wiwynn Corporation, SMS InfoComm Corporation, and Dell Inc. alleging certain server products and methods infringe eight of Alacritech's patents.[2] Intel Corporation intervened in this case on November 21, 2016, and

---

[1] The Motion, Dkt. No. 606, is fully briefed. Dkt. No. 646, the "Response"; Dkt. No. 679, the "Reply"; Dkt. No. 711, the "Sur-reply."

[2] Defendants Winston Corporation, Wiwynn Corporation, and SMS InfoComm Corporation were consolidated for pretrial from Case No. 2:16-CV-692-RWS-RSP, and Defendant Dell Inc. was consolidated for pretrial from Case No. 2:16-CV-695-RWS-RSP.

Cavium, Inc. intervened on February 14, 2017, both asserting that their products were implicated in the infringement allegations. Dkt. No. 84 (Intel); Dkt. No. 127 (Cavium).

This case proceeded through discovery and was stayed pending disposition of *inter partes* review (IPR) proceedings that had been instituted by the Patent Trial and Appeal Board. Dkt. No. 451. The PTAB invalidated multiple claims challenged in IPRs, Alacritech appealed that decision, and the Court continued the stay pending resolution of the Federal Circuit appeal. Dkt. No. 482. In 2022, following the appeal proceedings, Alacritech moved to lift the stay and proceed with its case on the surviving patents and claims.

The Court lifted the stay and entered Docket Control Orders for the respective cases. *See* Dkt. No. 786 (setting February 20, 2024 trial date for certain defendants in the 2:16-CV-693 and 2:16-CV-692 cases); 2:16-CV-00695-RWS-RSP, Dkt. No. 19 (setting October 16, 2023 trial date for Dell). Now, Alacritech asserts claim 1 of U.S. Patent No. 7,124,205 (the "'205 Patent"), claims 17 and 22 of U.S. Patent No. 8,805,948 (the "'948 Patent"), and claim 41 of U.S. Patent No. 8,131,880 (the "'880 Patent") (collectively, "Asserted Patents") against Defendant Dell Inc. and Intervenor Intel Corporation of the '695 Member Case, and Defendants Winstron Corporation, Wiwynn Corporation, SMS InfoComm Corporation of the '692 Member Case.[3] *See* Dkt. No. 522 at 1.

Relevant to this motion, is a stipulation entered by Alacritech and Dell. The stipulation provides for the withdrawal of claims and counterclaims related to the Broadcom products. Dkt. No. 573 ¶¶ 1-2. Further, the stipulation reserves the right for Alacritech and Dell to present evidence and arguments concerning non-infringing alternatives related to the Broadcom products. *Id.* ¶¶ 3-4.

---

[3] The other defendants and intervenor Cavium are no longer in the case or will soon be dismissed.

## II.   LEGAL STANDARD

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

### B. Non-infringing Alternatives

"In general, the date of the hypothetical negotiation is the date that the infringement began." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 75 (Fed. Cir. 2012) (citing *Georgia-Pacific*, 318 F.Supp. at 1123); *see, e.g., Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1363–64 (Fed.Cir.2006) ("[T]he hypothetical negotiation relates to the date of first infringement."); *State Indus., Inc. v. Mor–Flo Indus., Inc.*, 883 F.2d 1573, 1580 (Fed.Cir.1989) ("The determination of a reasonable royalty ... [is based] on what a willing licensor

3

and licensee would bargain for at hypothetical negotiations on the date infringement started."). The availability of non-infringing alternatives is a factor in the hypothetical negotiation. *Riles v. Shell Exploration and Production Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002).

### III.    ANALYSIS

#### A.    Mooted Grounds

Present in the Motion are several grounds that have been mooted based on settlement with parties or withdrawal during briefing. First, the request for summary judgment related to intervenor Cavium, now no longer a party in this case, is moot. Specifically, discussions related to the QLogic license, framed by both parties as relating to Cavium are moot. Second, Dell has represented its withdrawal of defenses based on the Microsoft license and Emulex license. Response at 12. Third, both parties agree that defenses based on the Broadcom license are moot in view of the stipulation between Dell and Alacritech. Motion at 14; Response at 12; *see* Dkt. No. 573.

Therefore, the only remaining dispute for the Court's consideration on this motion is the status of the Broadcom products as non-infringing alternatives.

#### B.    Broadcom products as Non-infringing Alternatives

Defendant asserts, and Plaintiff does not contest, that the hypothetical negotiation would have occurred no later than mid-2010. Response at 8 ¶22; *see* Reply at 3. Despite disputing the license's termination date, the parties agree that the license would have been active for the hypothetical negotiation date of mid-2010. Motion at 8 ¶ 2-3; Reply at 7. For purposes of non-infringing alternatives, Dell asserts that the parties would have known of the Broadcom license "and that Broadcom could have incorporated LRO into its products without infringing any Alacritech patents." Response at 17. Plaintiff replies that speculating that Broadcom could have produced a product based on the license is alone not sufficient factually to establish a NIA. Reply

4

at 7 (citing *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2011 WL 197869, at *4 (E.D. Tex. 2011) for the proposition that further facts are necessary to establish a NIA).

The Federal Circuit has instructed that where a product is not available on the market during the damages period, the relevant inquiry is whether "(1) the defendant could readily obtain all of the material needed to implement the non-infringing alternative; (2) the non-infringing alternative was well known in the field at the time of infringement; and (3) the defendant had all of the necessary equipment, know-how, and experience to use the non-infringing alternative." *LaserDynamincs*, 2011 WL 197869, at *3 (citing *Grain Processing Corp. v. Am. MaizeProds. Co.*, 185 F.3d 1341, 1353-54 (Fed. Cir. 1999).

First, the Court need not reach what the appropriate date of termination is for the Broadcom License for purposes of determining non-infringing alternatives since the license was active at the time of hypothetical negotiation.

Second, unlike *LaserDynamics*, there are disputed facts surrounding the market availability of Broadcom products during the relevant period and the use of the license with disputed products available at the hypothetical negotiation date. Finding that there is still a dispute regarding market availability, the Court does not reach the further inquiries present in *Grain Processing Corp*. *Cf. LaserDynamics*, 2011 WL 197869, at *3 ("[Expert] cited no facts indicating that any of the non-infringing alternatives identified in his report were on the market during the accounting period. [Defendant], therefore, bears the burden of proving that the non-infringing alternatives were [otherwise] "available" to it during the accounting period.") Weighing all inferences in favor of the non-movant, the Court finds that a dispute of material facts is still present for the availability of the Broadcom products as non-infringing alternatives.

## IV. CONCLUSION

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment on Licenses, Patent Exhaustion Defenses, and Non-infringing Alternatives be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by not later than October 9, 2023** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 2nd day of October, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE