IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-00693-RWS-RSP |
| | § | (LEAD CASE) |
| CENTURYLINK, INC. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

# REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Partial Motion for Summary Judgment of No Invalidity in View of IPR Estoppel. **Dkt. No. 607.**[1] After consideration, the Court recommends that the Motion be **GRANTED** for the Thia/Tanenbaum combination and the Rütsche32/Stevens II combination. The Court further recommends that the Motion's remaining bases be **DENIED AS MOOT**.

## I.   BACKGROUND

On June 30, 2016, Plaintiff Alacritech Inc. filed suit against Defendants CenturyLink, Inc., Tier 3, Inc., Savvis Communications Corp., CenturyLink Communications LLC, Cyxtera Communications, LLC, Winston Corporation, Wiwynn Corporation, SMS InfoComm Corporation, and Dell Inc. alleging certain server products and methods infringe eight of Alacritech's patents.[2] Intel Corporation intervened in this case on November 21, 2016, and Cavium, Inc. intervened on February 14, 2017, both asserting that their products were implicated in the infringement allegations. Dkt. No. 84 (Intel); Dkt. No. 127 (Cavium).

---

[1] The Motion, Dkt. No. 607, is fully briefed. Dkt. No. 647, the "Response"; Dkt. No. 677, the "Reply"; Dkt. No. 709 the "Sur-reply". Dell filed opposition separately but has now joined Intel's response. *See* Dkt. No. 834.

[2] Defendants Winston Corporation, Wiwynn Corporation, and SMS InfoComm Corporation were consolidated for pretrial from Case No. 2:16-CV-692-RWS-RSP, and Defendant Dell Inc. was consolidated for pretrial from Case No. 2:16-CV-695-RWS-RSP.

This case proceeded through discovery and was stayed pending disposition of *inter partes* review (IPR) proceedings that had been instituted by the Patent Trial and Appeal Board. Dkt. No. 451. The PTAB invalidated multiple claims challenged in IPRs, Alacritech appealed that decision, and the Court continued the stay pending resolution of the Federal Circuit appeal. Dkt. No. 482. In 2022, following the appeal proceedings, Alacritech moved to lift the stay and proceed with its case on the surviving patents and claims.

The Court lifted the stay and entered Docket Control Orders for the respective cases. *See* Dkt. No. 786 (setting February 20, 2024 trial date for certain defendants in the 2:16-CV-693 and 2:16-CV-692 cases); 2:16-CV-00695-RWS-RSP, Dkt. No. 19 (setting October 16, 2023 trial date for Dell). Now, Alacritech asserts claim 1 of U.S. Patent No. 7,124,205 (the "'205 Patent"), claims 17 and 22 of U.S. Patent No. 8,805,948 (the "'948 Patent"), and claim 41 of U.S. Patent No. 8,131,880 (the "'880 Patent") (collectively, "Asserted Patents") against Defendant Dell Inc. and Intervenor Intel Corporation of the '695 Member Case, and Defendants Winstron Corporation, Wiwynn Corporation, SMS InfoComm Corporation of the '692 Member Case.[3] *See* Dkt. No. 522 at 1.

## II.     LEGAL STANDARD

A.  <u>Summary Judgment</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact.

---

[3] The other defendants and intervenor Cavium are no longer in the case or will soon be dismissed.

*Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

### III.   ANALYSIS

#### A.   The Thia/Tanenbaum and Rütsche32/Stevens II Combinations

Plaintiff asserts, and Defendant does not address in response, that since the "parties agree that estoppel applies to the printed publication grounds asserted against the '880 patent" Plaintiff is entitled to "partial summary judgment of IPR estoppel as to the '880 patent based on the Thia/Tanenbaum combination and the Rütsche32/Stevens II combination." Motion at 9 (referencing Dkt. No. 607-3). Since Defendant has not put forth an opposition on this point, the Court finds that there is no material issue of disputed fact remaining and Plaintiff is entitled to judgment as a matter of law.

#### B.   Mooted Grounds for Summary Judgment

Defendant Dell and Intervenor Intel represent that invalidity grounds based on the "Intel Zero Copy prior art" against Claim 41 of the '880 Patent will not be asserted at trial. Response at 8. Further, Dell and Intel represent they will not pursue the Connery System invalidity theories at

trial. *Id*. Accordingly, the Court recommends that Plaintiff's request for Partial Summary Judgment on these grounds be denied as moot.

## IV.   CONCLUSION

For these reasons it is the Court's recommendation that the Motion be **GRANTED** for IPR estoppel of the Thia/Tanenbaum and Rütsche32/Stevens II combinations against Claim 41 of the '880 patent, with all other grounds being **DENIED AS MOOT**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **by not later than October 9, 2023** bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 2nd day of October, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4