IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:16-CV-00693-RWS-RSP |
| § | (LEAD CASE) |
| CENTURYLINK, INC. *et al*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM ORDER

Before the Court are two motions: (1) Dell Inc.'s *Daubert* Motion to Exclude Portions of the Expert Reports of Dr. Kevin C. Almeroth (**Dkt. No. 635**), and (2) Intel Corporation's *Daubert* Motion to Exclude Testimony of Dr. Kevin C. Almeroth (**Dkt. No. 645**). For the following reasons, the Dell's Motion (**Dkt. No. 635**) is **DENIED**, and Intel's Motion (**Dkt. No. 645**) is **GRANTED IN PART**.

   I.   BACKGROUND

On June 30, 2016, Plaintiff Alacritech Inc. filed suit against Defendants CenturyLink, Inc., Tier 3, Inc., Savvis Communications Corp., CenturyLink Communications LLC, Cyxtera Communications, LLC, Winston Corporation, Wiwynn Corporation, SMS InfoComm Corporation, and Dell Inc. alleging certain server products and methods infringe eight of Alacritech's patents.[1] Intel Corporation intervened in this case on November 21, 2016, and Cavium, Inc. intervened on February 14, 2017, both asserting that their products were implicated in the infringement allegations. Dkt. No. 84 (Intel); Dkt. No. 127 (Cavium).

---

[1] Defendants Winston Corporation, Wiwynn Corporation, and SMS InfoComm Corporation were consolidated for pretrial from Case No. 2:16-CV-692-RWS-RSP, and Defendant Dell Inc. was consolidated for pretrial from Case No. 2:16-CV-695-RWS-RSP.

This case proceeded through discovery and was stayed pending disposition of *inter partes* review (IPR) proceedings that had been instituted by the Patent Trial and Appeal Board. Dkt. No. 451. The PTAB invalidated multiple claims challenged in IPRs, Alacritech appealed that decision, and the Court continued the stay pending resolution of the Federal Circuit appeal. Dkt. No. 482. In 2022, following the appeal proceedings, Alacritech moved to lift the stay and proceed with its case on the surviving patents and claims.

The Court lifted the stay and entered Docket Control Orders for the respective cases. *See* Dkt. No. 786 (setting February 20, 2024 trial date for certain defendants in the 2:16-CV-693 and 2:16-CV-692 cases); 2:16-CV-00695-RWS-RSP, Dkt. No. 19 (setting October 16, 2023 trial date for Dell). Now, Alacritech asserts claim 1 of U.S. Patent No. 7,124,205 (the "'205 Patent"), claims 17 and 22 of U.S. Patent No. 8,805,948 (the "'948 Patent"), and claim 41 of U.S. Patent No. 8,131,880 (the "'880 Patent") (collectively, "Asserted Patents") against Defendant Dell Inc. and Intervenor Intel Corporation of the '695 Member Case, and Defendants Winstron Corporation, Wiwynn Corporation, SMS InfoComm Corporation of the '692 Member Case.[2] *See* Dkt. No. 522.

## II.   LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires that judges act as gatekeepers to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow*

---

[2] The other defendants and intervenor Cavium are no longer in the case or will soon be dismissed.

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). However, "[t]he inquiry envisioned by Rule 702 is ... a flexible one." *Id.* at 594; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"). While the party offering the expert bears the burden of showing that the testimony is reliable, it "need not prove to the judge that the expert's testimony is correct...." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 1999) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

Even if testimony is reliable, it may still be excluded if it relies on information that violates the rules. Rule 26(a) requires that a "party must, without awaiting a discovery request, provide to the other parties…a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." FED. R. CIV. P. 26. "If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Since a district court has "broad discretion" in imposing a sanction pursuant to Rule 37, a district court's decision "will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013); *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 294-95, 296-97 (5th Cir. 2016) (holding that Rules 26 and 37 operate jointly to create a "federal discovery scheme" that assigns "broad discretion" to district courts with respect to "their control of timing and sanctions for noncompliance").

District courts consider at least four factors when determining whether to exclude expert evidence that was not timely disclosed: "(1) the explanation for the failure to identify the [information]; (2) the importance of the [information]; (3) potential prejudice in allowing the [information]; and (4) the availability of a continuance to cure such prejudice." *Majestic Oil, Inc.*, No. 21-20542, 2023 WL 2549892, at *3 (5th Cir. Mar. 17, 2023) (brackets in original) (quoting *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020)). A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion. *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012) (affirming district court's exclusion of an expert's new affidavit purporting to supplement the original report with new methodology because the proffering party gave no justification for untimeliness); *Patterson v. Houston Indep. Sch. Dist.*, 570 F. App'x 367, 370 (5th Cir. 2014) (collecting cases affirming district court exclusions where the party offered no justification for untimeliness).

### III. DELL'S *DAUBERT* MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORTS OF DR. KEVIN C. ALMEROTH (DKT. NO. 635)

#### A. Background Facts

Alacritech hired Dr. Kevin C. Almeroth as its infringement expert. After the Court lifted the stay, Alacritech obtained additional technical information from Broadcom regarding Dell's Broadcom-based products ("Broadcom Products"). Relying on that new information, Alacritech served a supplemental Dr. Almeroth report including technical infringement analysis regarding the Broadcom Products.

Alacritech seeks to rely on Dr. Almeroth's supplemental report for four categories of testimony: (1) to explain the growing importance of the technology described in the Asserted Patents because more manufacturers have included RSC/LRO technology in their products; (2) to

4

demonstrate industry praise of the RSC/LRO technology from Broadcom representatives to support issues such as secondary considerations of non-obviousness and the value of the claimed technology; (3) to rebut Dell's argument that the Broadcom Products are non-infringing alternatives; (4) and to rebut that the Broadcom Products were licensed.

The issue presented in this motion is whether Dr. Almeroth's supplemental report and the underlying information were timely and properly disclosed to Dell under the local and Federal Rules. The following dates and events are relevant to that analysis:

1. **September 9, 2016:** Alacritech served its initial disclosures pursuant to local Patent Rule 3-1 and 3-2 (Dkt. Nos. 703-2 at 3-5);
2. **November 13, 2017:** Alacritech supplemented its response to Dell's Interrogatory No. 8 to identify Broadcom product families regarding LSO functionality(703-3 at 21);
3. **February 10, 2023:** Alacritech emailed Dell's counsel regarding Broadcom products it believed now support the accused RSC/LRO functionality;
4. **February 17, 2023:** Alacritech emailed Dell links to user guides for the Broadcom Products;
5. **March 7, 2023:** Alacritech emailed counsel for Broadcom requesting a meet & confer regarding discovery on the Broadcom Products;
6. **March 17, 2023:** Broadcom agreed to honor the original 2017 subpoena and produce technical documents regarding the Broadcom Products under that 2017 subpoena;
7. **March 31, 2023:** On the supplemental discovery deadline (Dkt. No. 549 at 2), Alacritech served a second supplemental interrogatory response to Dell's Interrogatory No. 8 identifying additional Broadcom products (Dkt. No. 703-3 at 24);
8. **April 4, 2023:** Alacritech and Dell filed a Stipulation dismissing claims of infringement against Dell concerning Dell's Broadcom-based products, in which (1) Dell reserved rights to present evidence at trial that these products are non-infringing alternatives, and (2) Alacritech reserved rights to present evidence at trial rebutting claims that Dell's Broadcom-based products do not infringe (Dkt. No. 573);
9. **April 10, 2023:** Broadcom produced technical documentation to Alacritech regarding the Broadcom Products, and Alacritech produced the same information to Dell (Dkt. Nos. 703-7, Dkt. No. 635 at 5); and
10. **April 14, 2023:** On the supplemental expert report deadline (Dkt. No. 549 at 2), Alacritech served Dr. Almeroth's Supplemental Infringement Report.

### B. Analysis

Dell argues that certain paragraphs of Dr. Alermoth's supplemental report should be excluded under Rules 37 and 403 because (1) Alacritech's third-party discovery was conducted without notice to Dell and Alacritech is responsible for the late production (2) the Broadcom Products have been dismissed from the case and Dr. Almeroth's opinions that they infringe are irrelevant, confusing, and prejudicial, (3) Alacritech did not identify the Broadcom Products in its infringement contentions or move to supplement those contentions, and (4) Dell would be unduly prejudiced by allowing the opinions. Motion, Dkt. No. 635 at 2–6. The Court holds that Dr. Almeroth's opinions do not violate the rules in any manner that warrants exclusion.

   i. <u>Alacritech's Conduct Violated the Rules</u>

Before reaching the question of sanctions, the first question is whether Alacritech violated the rules. Dell argues that Alacritech violated the rules in three ways: (1) by failing to identify the Broadcom Products in its infringement contentions as required under P.R. 3-1; (2) by failing to notify Dell of its March communications with Broadcom regarding the supplemental document production, invoking Rule 45; and (3) by producing the documents for the first time after the close of fact discovery.

First, Dell argues that Alacritech violated P.R. 3-1 because Dr. Almeroth now presents technical infringement opinions regarding products that are not contained in Alacritech's infringement contentions. From the stipulation, both parties acknowledge that Dell's Broadcom-based products are not accused of infringement in this case. *See* Dkt. No. 573. Alacritech explains that it seeks to offer these opinions to explain the importance of the technology, for rebuttal evidence regarding invalidity, and to rebut Dell's claim that the Broadcom-based products are non-infringing alternatives. Infringement contentions are required to address accused products, which do not any longer incude the Broadcom Products.

Second, Dell argues that Alacritech was obligated under Rule 45 to notify Dell of its communications with Broadcom regarding the supplemental document production. However, Dell does not allege that it was not given notice of the subpoena when it was served in 2016. Which is what Rule 45 requires. The correspondence after the stay was lifted was not "effectively a new subpoena" as Dell argues.

Third, Dell argues that the documentation regarding the Broadcom Products was produced late in violation of Rule 26. While the discovery concerns third-party Broadcom, the production to Dell was late because it occurred after March 31, 2023, supplemental fact discovery deadline. Accordingly, the Court next assesses whether that violation was harmless or substantially justified.

>  ii.  Exclusion is Not Warranted Under Rule 37

The first factor—Alacritech's explanation for the failure to timely disclose the information—does not weigh in favor of exclusion. Alacritech notified Dell that it was considering adding Broadcom products on February 10, then provided Dell with user guides regarding those products on February 17, and then on March 7 contacted third-party Broadcom. While late in the schedule, Alacritech acted with several weeks of supplemental discovery remaining relying on Broadcom's production.

The second factor—the importance of the information—weighs against exclusion because Alacritech explains that Dr. Almeroth relies on that documentation to offer opinions to describe the value of the technology, to rebut invalidity, and to rebut Dell's argument regarding the Broadcom Products as non-infringing alternatives.

The third factor—prejudice to Dell from including the information—weighs slightly in favor of exclusion. Dell did not know of Alacritech's renewed contact with Broadcom, but Dell received the production on April 10—the same day Alacritech received the documentation. The limited scope of Dr. Almeroth's supplemental report, and the fact that the Broadcom Products are

7

not actually accused in this case, as demonstrated by the stipulation, further limits the prejudice and distinguishes this case from *Semcon IP Inc. v. ZTE Corp.*, 2018 U.S. Dist. LEXIS 83109, at *9 (E.D. Tex. Feb. 28, 2018).

The fourth factor—the availability of a continuance to cure such prejudice—hardly affects the analysis. Dell cites its oral argument that adding the Broadcom Products to the case would require a continuance, but the parties completed the stipulation regarding the Broadcom Products at the same hearing.

In sum, the factors favor allowing Dr. Almeroth's supplemental reports and testimony relying on late-produced Broadcom Product documentation. While the Court is mindful that some prejudice and confusion may result from technical testimony regarding unaccused products, under these particular facts and circumstances, exclusion under Rule 403 is also not justified. The probative value of Dr. Almeroth's opinions to address the identified issues is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time.

### C. Conclusion

For the reasons above, Dell's *Daubert* Motion to Exclude Portions of The Expert Reports of Dr. Kevin C. Almeroth (**Dkt. No. 635**) is hereby **DENIED**.

### IV. INTEL'S *DAUBERT* MOTION TO EXCLUDE TESTIMONY OF DR. KEVIN C. ALMEROTH (DKT. NO. 645)

### A. Background Facts

Alacritech hired Dr. Kevin C. Almeroth as its infringement expert. Dr. Almeroth has multiple reports in this case, including a report dated October 23, 2017 ("Dr. Almeroth's Original Report"), and another report dated April 14, 2023 ("Dr. Almeroth's Supplemental Report").

In this case, Alacritech contends that Intel willfully infringed the Asserted Patents. To prove its willful infringement allegation against Intel, Alacritech seeks to introduce evidence by way of testimony from Dr. Almeroth regarding facts and documents. There are four paragraphs in Dr. Almeroth's Original Report regarding Intel's pre-suit knowledge of the Asserted Patents. Dkt. No. 645-4 at ¶¶ 100 (citing evidence of Intel prosecution histories identifying the '205 Patent), ¶ 158 (same), ¶ 101 (citing evidence purporting to show Intel monitored Alacritech's patent portfolio), ¶ 159 (same).

In Dr. Almeroth's Supplemental Report, he offers two paragraphs that incorporate infringement opinions into his report. Dkt. No. 645-2 at ¶ 2 (incorporating analysis from Dr. Almeroth's Original Report), ¶ 61 (identifying the Stipulation (Dkt. No. 553) and indicating his original infringement opinions as to products within the same product family apply equally to other products within that family).

Intel seeks to exclude Dr. Almeroth's opinions and testimony contained in regarding Intel's pre-suit knowledge of the Asserted Patents as offering improper conclusions outside of his area of expertise without any analysis. Specifically, Intel seeks to exclude paragraphs 100–01, 158–59 of Dr. Alermoth's Original Report, and paragraphs 2 and 61 of Dr. Almeroth's Supplemental Report. The Court agrees that paragraphs 100–01, 158–59 of Dr. Alermoth's Original Report should be stricken.

### B. Analysis

Intel argues that Dr. Almeroth does not rely on any scientific, technical, or specialized knowledge in reaching his conclusions about Intel's subjective intent, and instead merely cites underlying record facts without analysis. Motion, Dkt. No. 645 at 3–4. Alacritech responds that Dr. Almeroth's opinions concern the underlying facts that Alacritech must prove for its willfulness

9

allegations. Alacritech contends that Dr. Almeroth offers opinions on evidence suggesting Intel's pre-suit knowledge that will help the jury understand the prosecution history, technical dialog between the parties, and a discussion of technology in related patent family members.

Rule 26(a)(2)(B) requires expert witnesses to provide a written report that "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them…." FED. R. CIV. P. 26(a)(2)(B). Similarly, an expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue…." FED. R. EVID. 702.

Here, Paragraphs 100 and 158 of Dr. Almeroth's Original Report are effectively identical and state, "[i]t is my opinion that Intel had pre-suit knowledge of the patents-in-suit. First, Intel cited at least the asserted '205, '036, and '241 Patents in its own patent applications:" and then proceeds to cite applications without any analysis. Dkt. No. 645-4 at ¶¶ 100, 158. Paragraphs 101 and 159 fare slightly better in that they include a few summary sentences followed by citations listing evidence. Paragraph 2 of Dr. Almeroth's Supplemental Report does not cure the analytical deficiencies in his original report, and instead merely incorporates them into his new report. Dkt. No. 645-2 at ¶ 2. Alacritech's explanations of the underlying evidence also fail to cure Dr. Almeroth's reports. *See* Dkt. No. 702 at 3.

While Dr. Almeroth's analysis of the facts *could* potentially help the jury navigate the technical aspects of the underlying evidence, that analysis is simply not in his report. FED. R. CIV. P. 26(a)(2)(B). Instead, Dr. Almeroth offers precisely the same type of conclusory opinion concerning Intel's pre-suit knowledge that has been excluded by this Court. *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 218CV00366JRGRSP, 2019 WL 6896674, at *3 (E.D. Tex. Dec. 18, 2019) (Striking paragraphs under Rule 702 because "Mr. Calman simply presents

purported evidence of willfulness without offering any expert analysis that 'will help the trier of fact understand the evidence.'"). Dr. Almeroth cannot manufacture his analysis regarding Intel's pre-suit knowledge of the Asserted Patents live, at trial for the first time based on a report that effectively contains a bare recitation of facts.

Additionally, Dr. Almeroth's opinions as to Intel's pre-suit knowledge contain factual inaccuracies—or potentially a misunderstanding of patent prosecution—which call into question their reliability and demonstrates his testimony would not be helpful to the jury. FED. R. EVID. 702. As Intel notes, Dr. Almeroth incorrectly opines that Intel cited the asserted '205 Patent as potentially prior art in its own U.S. Patent Application Publication US2005/0246443, when that reference was actually cited by the Patent Office.

### C. Conclusion

For the reasons above, Intel's Daubert Motion to Exclude Testimony of Dr. Kevin C. Almeroth (Dkt. No. 645) is hereby **GRANTED-IN-PART**. Accordingly, paragraphs 100–01 and 158–59 of Dr. Almeroth's Original Report are hereby **STRICKEN** and Dr. Almeroth is precluded from testifying as to those paragraphs. The motion is otherwise **DENIED**.

**SIGNED this 8th day of October, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE