IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-00693-RWS-RSP |
| | § | (LEAD CASE) |
| CENTURYLINK, INC. *et al*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTIONS *IN LIMINE*

At the Pretrial Conference in this case on September 28, 2023, the Court heard arguments and made rulings regarding the disputed motions *in limine* filed by Plaintiff Alacritech Inc. (Dkt. No. 798), disputed motions *in limine* filed by Defendant Dell, Inc. and Intervenor Intel Corporation ("Defendants") (Dkt. No. 797). This Order summarizes and memorializes the Court's rulings and reasons with respect to the disputed motions *in limine*, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Regardless of the rulings, each party bears the burden to make a contemporaneous objection if it believes the opposing party has violated a motion *in limine*. Accordingly, it is hereby **ORDERED** as follows:

**A. Plaintiff Alacritech's Motions *in Limine* (Dkt. No. 798)**

1. <u>Alacritech's MIL No. 1</u>: Motion to preclude evidence or argument regarding any alleged "copying" or derivation of the claimed invention from another.

This motion *in limine* is **GRANTED** to the extent of its literal scope.

1

2. <u>Alacritech's MIL No. 2</u>: Motion to preclude evidence or argument regarding dropped invalidity defenses involving Intel RSC and Intel "Zero Copy" systems.

This motion *in limine* is **DENIED** as overbroad. If Defendants imply that this earlier art invalidates Alacritech's patents, Defendants will have a valid contemporaneous objection.

3. <u>Alacritech's MIL No. 3</u>: Motion to preclude evidence or argument criticizing Alacritech's infringement analysis of post-stay products due to lack of source code or technical discovery.

This motion *in limine* is **GRANTED** as to the items in the stipulation (Dkt. No. 553 – Schedule A) but **DENIED** as to products not identified therein (including the Broadcom products).

4. <u>Alacritech's MIL No. 4</u>: Motion to preclude evidence or argument characterizing the Asserted Patents as covering or claiming only stateful offloads such as TOE.

This motion *in limine* is **DENIED**.

5. <u>Alacritech's Mil No. 5</u>: Motion to preclude evidence or argument that Alacritech was required to notify Defendants before filing suit or waited too long to file suit.

This motion *in limine* is **GRANTED**.

6. <u>Alacritech's MIL No. 6</u>: Motion to preclude evidence or argument regarding the size, scope or significance of Defendants' patent and license portfolios and companywide R&D expenditure.

This motion *in limine* is **GRANTED** to the extent that Defendants may not state a dollar-amount expenditure on R&D or a specific range or number of patents they own. Nevertheless, Defendants are permitted to elicit general testimony and argument that they are innovators in the field and have many patents of their own in this space.

7. Alacritech's MIL No. 7: Motion to preclude evidence or argument implying that a party obtained advice or opinion of counsel.

This motion *in limine* is **DENIED** because Dell's argument that it is relying on Intel's intervention in this case, and Intel's formal denial of infringement, does not implicate any opinioin of counsel.

8. Alacritech's MIL No. 8: Motion to preclude evidence or argument referring to Mr. Gunderson's 2017 report.

This motion *in limine* is **GRANTED** to the limited extent of saying Defendants are not entitled to discuss the reasons why the other patents have been dropped. Defendants may otherwise cross-examine Mr. Gunderson based on his earlier report and the analysis in it.

9. Alacritech's MIL No. 9: Motion to preclude evidence or argument regarding Alacritech's patents allegedly being assigned a value as part of a common stock valuation.

This motion *in limine* is **GRANTED** for the reasons set forth in the Memorandum Order (Dkt. No. 865) on Alacritech's related *Daubert* motion, specifically addressing the CFO Connection valuation.

**B.      Defendant Dell and Intervenor Intel's Motions *in Limine* (Dkt. No. 798)**

1. <u>Defendants' MIL No. 1</u>: Motion to preclude references to Defendants as patent holdouts or refusing to take a license outside of litigation.

This motion *in limine* is **GRANTED** to the limited extent of any suggestion that Defendants are the last or only parties who have not taken licenses. This motion is otherwise **DENIED**.

2. <u>Defendants' MIL No. 2</u>: Motion to preclude references to the asserted patents/claims as the "RSC patents/claims" or "LRO patents/claims."

This motion *in limine* is **DENIED**, with the understanding that Plaintiff will make clear to the jury that it uses those labels *only* because such products are *accused* of infringing such patents..

3. <u>Defendants' MIL No. 3</u>: Motion to preclude total revenues or profits of the Defendants' products at issue.

This motion *in limine* is **DENIED** for the reasons set forth in the Memorandum Order (Dkt. No. 865) addressing the *Daubert* motions regarding Mr. Gunderson. Specifically addressing the figure ($544 million) called out during the oral argument, the Court finds that the figure is not included merely to "skew the damages horizon," but rather is a legitimate part of Mr. Gunderson's calculations.

4. <u>Defendant Dell's MIL No. 4</u>: Motion to preclude evidence or argument that Alacritech brought this case for the benefit of its employees or investors.

This motion *in limine* is **GRANTED** to the extent of arguments that any verdict will be used for specific purposes, including compensating employees or investors. This does not prevent mention that the shareholders would benefit.

5. <u>Defendants' MIL No. 5</u>: Motion to preclude reference to how long the case has been pending, the parties' litigation expenses, the time and expense of enforcing patents generally, and indemnification agreements.

This motion *in limine* is **GRANTED** only as to the indemnification agreements. If Alacritech thinks Defendants have opened the door by cross-examination, then Alacritech may seek leave from the Court.

6. <u>Defendants' MIL No. 6</u>: Motion to preclude evidence or argument that Defendants purportedly stole, copied, or trespassed on Alacritech's technology.

This motion *in limine* is **GRANTED**.

7. <u>Defendants' MIL No. 7</u>: Motion to preclude reference to evidence, testimony, or argument regarding why Alacritech chose to sue Dell.

This motion *in limine* is **DENIED**.

8. <u>Defendants' MIL No. 8</u>: Motion to preclude references to evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings and EPR proceedings.

This motion *in limine* is **GRANTED** except as to a reasonable discussion of the context of the litigation underlying licenses relied upon by the experts, including in the Microsoft litigation, the bundle of four agreements that were executed at the same time.

9. <u>Defendants' MIL No. 9</u>: Motion to preclude Dr. Almeroth from testifying that any Mellanox-based accused products satisfy the "in said packet memory" limitation ('880 patent, claim 41).

This motion *in limine* is **WITHDRAWN**. *See* Dkt. No. 835 (Notice).

10. <u>Defendants' MIL No. 10</u>: Motion to preclude reference to the identity, payment amount, or royalty amount of any license agreement that all parties agree are not comparable.

This motion *in limine* is **DENIED**.

**SIGNED this 8th day of October, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE