IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH INC., | § | |
| *Plaintiff*, | § § § § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-00693-RWS-RSP |
| CENTURYLINK, INC. *et al*, | § § | (LEAD CASE) |
| *Defendants*. | § § § | |

**MEMORANDUM ORDER**

Before the Court is Alacritech Inc.'s Motion to Exclude the Expert Opinions and Testimony of Dr. Stephen B. Wicker. **Dkt. No. 626**. Defendant Dell and Intervenor Intel opposed the motion in the form of a response, Dkt. No. 696, and a sur-reply, Dkt. No. 755. Plaintiff filed a reply in support of the Motion, Dkt. No. 713. After consideration of the briefing and the record, the Motion is **GRANTED IN PART**.

I. **BACKGROUND**

On June 30, 2016, Plaintiff Alacritech Inc. filed suit against Defendants CenturyLink, Inc., Tier 3, Inc., Savvis Communications Corp., CenturyLink Communications LLC, Cyxtera Communications, LLC, Winston Corporation, Wiwynn Corporation, SMS InfoComm Corporation, and Dell Inc. alleging certain server products and methods infringe eight of Alacritech's patents.[1] Intel Corporation intervened in this case on November 21, 2016, and Cavium, Inc. intervened on February 14, 2017, both asserting that their products were implicated in the infringement allegations. Dkt. No. 84 (Intel); Dkt. No. 127 (Cavium).

---

[1] Defendants Winston Corporation, Wiwynn Corporation, and SMS InfoComm Corporation were consolidated for pretrial from Case No. 2:16-CV-692-RWS-RSP, and Defendant Dell Inc. was consolidated for pretrial from Case No. 2:16-CV-695-RWS-RSP.

1

This case proceeded through discovery and was stayed pending disposition of *inter partes* review (IPR) proceedings that had been instituted by the Patent Trial and Appeal Board. Dkt. No. 451. The PTAB invalidated multiple claims challenged in IPRs, Alacritech appealed that decision, and the Court continued the stay pending resolution of the Federal Circuit appeal. Dkt. No. 482. In 2022, following the appeal proceedings, Alacritech moved to lift the stay and proceed with its case on the surviving patents and claims.

The Court lifted the stay and entered Docket Control Orders for the respective cases. *See* Dkt. No. 786 (setting February 20, 2024 trial date for certain defendants in the 2:16-CV-693 and 2:16-CV-692 cases); 2:16-CV-00695-RWS-RSP, Dkt. No. 19 (setting October 16, 2023 trial date for Dell). Now, Alacritech asserts claim 1 of U.S. Patent No. 7,124,205 (the "'205 Patent"), claims 17 and 22 of U.S. Patent No. 8,805,948 (the "'948 Patent"), and claim 41 of U.S. Patent No. 8,131,880 (the "'880 Patent") (collectively, "Asserted Patents") against Defendant Dell Inc. and Intervenor Intel Corporation of the '695 Member Case, and Defendants Winstron Corporation, Wiwynn Corporation, SMS InfoComm Corporation of the '692 Member Case.[2] *See* Dkt. No. 522 at 1.

Relevant to this Motion is the expert report filed by Dr. Stephen B. Wicker in support of Defendant and Intervenor's invalidity case. Dkt. No. 626-2. Within this report, Dr. Wicker provides opinions on the invalidity of U.S. Patent Nos. 7,124,205, 7,237,036, 7,337,241, 7,673,072, 8,131,880, and 8,805,948. *Id.*

## II.   LEGAL STANDARD

In a suit for patent infringement, a successful plaintiff is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made

---

[2] The other defendants and intervenor Cavium are no longer in the case or will soon be dismissed.

of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. An assessment of the reasonable royalty generally involves opinions by expert witnesses.

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires that judges act as gatekeepers to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). However, "[t]he inquiry envisioned by Rule 702 is ... a flexible one." *Id.* at 594; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"). While the party offering the expert bears the burden of showing that the testimony is reliable, it "need not prove to the judge that the expert's testimony is correct...." *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 1999) (citing *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)). Ultimately, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015) (citation omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

### III. ANALYSIS

#### A. Dr. Wicker's Obviousness-Type Double Patenting Opinion

Plaintiff contends that Dr. Wicker's expert report opines "the law restricts the ability of patent applicants to get multiple patents on the same invention, by restricting claims in different patents that are obvious in view of each other." Dkt. No. 626 at 7 (quoting Ex. 1 ¶ 143). Plaintiff asserts that this opinion is flawed since the '054 Patent relied upon in the opinion was filed and issued after the asserted patents. *Id.* at 8-9. In response, Dell and Intel represent that "Dr. Wicker will not rely on the '054 Patent at trial as a reference for obviousness-type double patenting" and assert that Plaintiff's request should be denied as moot. Dkt. No. 696 at 6. In reply, Plaintiff asserts that striking the opinion would be proper since "it no longer has any relevance to any claim or defense in this case." Dkt. No. 713 at 2 n.1.

Due to Dell's and Intel's representations that they will not rely on the '054 Patent at trial, the Court finds that this issue is moot.

#### B. Dr. Wicker's Derivation Opinion

Plaintiff contends that Dr. Wicker's opinions regarding derivation are no longer being asserted in this case. Dkt. No. 626 at 9.[3] On this basis, Plaintiff asserts all of Section XVI of Dr. Wicker's report should be stricken. *Id.* Dell and Intel respond that live issues persist in Section XVI. Dkt. No. 696 at 6-7. Dell and Intel assert that portions of Section XVI are relevant to rebut willful infringement, rebut Alacritech's attempts to argue inventorship of the RSC technology, to help establish the state of the prior art, and for damages. Dkt. No. 696 at 7. Specifically, Dell and

---

[3] Plaintiff represents that a stipulation regarding these opinions was discussed, quoting an email sent by opposing counsel. Dkt. No. 626 at 9 n.5. Dell and Intel represent that Plaintiff's characterization of an offered stipulation is accurate. Dkt. No. 696 at 7. However, the record does not reflect such a stipulation, nor is there any indication an explicit agreement was reached regarding the derivation opinions. Accordingly, the Court proceeds with analyzing the remainder of the dispute provided by the parties.

Intel assert that Subsection A and B of Section XVI are still relevant to provide context for technologies still asserted in this case. Dkt. No. 755 at 4. Contesting relevance, Plaintiff replies that without the derivation defense Dell and Intel should "not be able to intimate at trial that Alacritech learned of the accused technology from Intel (or any other party)." Dkt. No. 713 at 2. Further, Plaintiff asserts that derivation opinions of the receive-side technology, based on patents no longer in suit, are not relevant for willfulness, prior invention, state of the prior art, or damages purposes. *Id.* at 3.

The Court finds that all of Section XVI was clearly represented as addressing a derivation defense. Now that the defense has unequivocally been withdrawn, the entire section is moot and Dr. Wicker will not be permitted to repackage Subsections A and B as addressing other issues in the case. Opinions untethered from issues to be decided by the jury are neither helpful nor permitted by Rule 26(a)(2). Accordingly, Section XVI is stricken and shall not form the basis for testimony by Dr. Wicker.

### C.  Dr. Wicker's Written Description and Enablement Opinions

Plaintiff asserts that Dr. Wicker's written description and enablement opinions are flawed because they are "completely untethered to the claim language of the asserted claims" and based on rejected claim constructions. Dkt. No. 626 at 10. Plaintiff contends that Dr. Wicker's analysis reads in an additional "context passing" element not supported by the patent or the claim construction. *Id.* at 10-11. Next, Plaintiff contends that Dr. Wicker errs in opining based on the reliability of the methods disclosed in Plaintiff's 1997 provisional patent. *Id.* at 11-12. Dell and Intel respond that Dr. Wickers application of "context passing" and "fast-path processing" are within the application of the plain language of the claim construction. Dkt. No. 696 at 8-9. Dell

and Intel argue that differing applications of the facts to the claim constructions are left to the jury to resolve. *Id.* at 9, 10.

Previously, this Court construed "fast-path processing" finding that the patentee defined the term to include that "the host may do some—little—transport and network layer processing" and construing the term to mean "a mode of operation in which the protocol stack of the host computer performs little or no network layer or transport layer processing." Dkt. No. 362 15-16, 21, 23 (adopted by Dkt. No. 843). Further, the Court construed "context" to mean "information summarizing various features of the connection." *Id.* at 33.

Having reviewed the briefing and Dr. Wicker's report, the Court finds that the report is not in conflict with the previous constructions of "context" and "fast-path processing." What is disputed is the application of the claims and construed terms to the facts. While disagreement may persist regarding whether the claims are present in the accused technology, that is a question reserved for the jury. Further, disagreements with the results of Dr. Wicker's application can be addressed properly through vigorous cross-examination.

For enablement, Plaintiff asserts that Dr. Wicker's opinion is flawed by limiting the scope of the claims in the 1997 Provisional to "specific operating environment or use cases." Dkt. No. 626 at 12. Further, Plaintiff asserts that Dr. Wicker is advancing a "full scope of enablement opinion" without addressing claim language or the *Wands* factors. *Id.* at 12-13. Dell and Intel respond that due to Plaintiff's contentions regarding the coverage of the claims, Dr. Wicker is permitted to rebut the assertions by explaining that the 1997 Provisional does not enable the asserted scope. Dkt. No. 696 at 10. Defendant contends that Dr. Wicker's report correctly describes the requirements for enablement pursuant to 35 U.S.C. § 112 with discussion of the *Wands* factors.

Dkt. No. 696 at 11 (referencing 626-2). Dell and Intel again conclude by asserting that the proper course for disagreement regarding the analysis is cross examination. Dkt. No. 696 at 12.

First, the Court is unconvinced that Dr. Wicker improperly applied the legal standard, including use of the *Wands* factors, as Plaintiff contends. *See* Dkt. No. 626-3 ¶¶ 50-53, 663, 665, 671, 718-20, 692, 695, 188, 682, 689, 722, 723. Second, Plaintiff's various positions that the opinions should be struck for not analyzing claim language are unpersuasive and inapposite to what is contained in the expert report. Finally, the Court finds that what is disputed is a factual dispute as to what the 1997 Provisional teaches. Those disagreements can be properly addressed through competing testimony and cross examination.

### D. Dr. Wicker's Opinions Regarding the "Intel Zero Copy" and "Connery Systems"

Plaintiff asserts that the "Intel Zero Copy" and "Connery" systems were not identified in the invalidity contentions and Dr. Wicker's opinions should be precluded due to disclosure violations of the local patent rules. Dkt. No. 626 at 14. Dell and Intel respond by contending that since they have represented that the systems will not be relied upon for invalidity purposes at trial, Plaintiff's arguments are moot. Dkt. No. 696; *see* Dkt. No. 834. Dell and Intel also assert that Dr. Wicker should be allowed to rely on the systems for non-invalidity purposes. Dkt. No. 696 at 13. Dell and Intel further contend that any prejudice suffered through "late disclosures" and purported violations of the local patent rules are predicated on the information's use as invalidating prior art systems. Dkt. No. 696 at 13-17.

First, given the joining of Dell to Intel's responses, the portion of Dell's response regarding relying on the Connery system as invalidating prior art is moot. *See* Dkt. No. 696 at 17; Dkt. No. 834. Second, the Court finds that Plaintiff's arguments related to the local rules regarding

7

disclosure of invalidity contentions are inapplicable here where the systems are not being asserted as invalidating prior art. *See* P.R. 3-3 & 3-4. Third, regarding use of the systems for purposes other than invalidity contentions, the Court heard argument at the recent pre-trial conference, specifically in discussion of Alacritech's Motion *in limine* No. 2. *See* Dkt. No. 859; Dkt. No. 842. For the reasons addressed at the hearing and memorialized in the Order (Dkt. No. 876), the Court finds that the systems can be relied on for other purposes other than invalidity.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiff Alacritech Inc.'s Motion to Exclude the Expert Opinions and Testimony of Dr. Stephen B. Wicker is **GRANTED IN PART** as set forth above.

**SIGNED this 10th day of October, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE