IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALACRITECH, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Case No. 2:16-cv-00693-RWS-RSP (LEAD CASE) |
| DELL INC., | § § § | Case No. 2:16-cv-00695-RWS-RSP |
| *Defendant*, | § § | (MEMBER CASE) |
| and | § § § | |
| INTEL CORPORATION, et al., | § § § | |
| *Intervenors*. | § | |

## ORDER

Before the Court are several motions for summary judgment filed by both parties: (1) Defendant Dell's Motion for Partial Summary Judgment of Non-Infringement and in the Alternative a Motion to Strike Unsupported Opinions of Dr. Almeroth (Docket No. 630);[1] (2) Defendant Dell's Motion for Partial Summary Judgment of No Willful Infringement and No Indirect Infringement (Docket No. 604); (3) Plaintiff Alacritech's Motion for Summary Judgment on Dell's and Cavium's License and Related Patent Exhaustion Defenses and Motion for Partial Summary Judgment that Broadcom Products are Not Non-Infringing Alternatives (Docket No. 606); (4) Intervenor Intel's Motion For Summary Judgment of No Direct Infringement and

---

[1] Unless noted otherwise, citations to the Docket reference the lead case, No. 2:16-cv-693. After the Court files its deconsolidation order, all filings in the suit against Defendant Dell should be filed in member case No. 2:16-cv-695.

Defendants Cavium[2] and Dell's Motion For Partial Summary Judgment of No Direct Infringement (Docket No. 610); and (5) and Plaintiff Alacritech's Partial Motion For Summary Judgment of No Invalidity In View of IPR Estoppel (Docket No. 607).

Plaintiff filed suit against Dell on June 30, 2016. No. 2:16-cv-695, Docket No. 1. Plaintiff alleged certain of Dell's servers, storage devices, network adapters, network controllers, other network interface devices, and converged products indirectly and directly infringed U.S. Patent Nos. 7,124,205; 7,237,036; 7,337,241; 7,673,072; 7,945,699; 8,131,880; 8,805,948; and 9,055,104. *Id.* ¶¶ 4, 6, 28, The case was referred to United States Magistrate Judge Roy S. Payne in accordance with 28 U.S.C. § 636, and proceeded through discovery and was then stayed pending *inter partes* review ("IPR") proceedings and subsequent appeals to the Federal Circuit. Docket Nos. 451, 482. After the stay was lifted, only U.S. Patent Nos. 7,124,205 (the " '205 Patent"); 8,131,880 (the " '880 Patent"); and 8,805,948 (the " '948 Patent") (collectively, "the Asserted Patents") remained. *See, e.g.*, Docket No. 514 at 4. Trial is now imminent. *See, e.g.*, Docket No. 599.

In anticipation of trial, the parties filed several motions for summary judgment. Docket Nos. 604–607, 610, 611, 630. The Magistrate Judge issued reports and recommendations on each of these motions on October 1 and 2, 2023. Docket Nos. 847–849, 851–853. The parties were given until October 9, 2023 to object. *See, e.g.*, Docket Nos. 847 at 11, 849 at 6, 851 at 12, 853 at 4. The parties objected to two of the Magistrate Judge's reports. *See* Docket Nos. 872, 873.[3] No objections to the remaining reports have been filed.

---

[2] Cavium intervened in this suit (Docket No. 127) but has since settled with Plaintiff. *See* Docket No. 806.

[3] The parties' objections will be addressed separately by the Court.

Because no objections have been received to these remaining reports (Docket Nos. 847, 849, 851, 853), the parties are barred from *de novo* review of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

First, the Magistrate Judge recommends that Dell's Motion for Partial Summary Judgment of Non-Infringement and in the Alternative a Motion to Strike Unsupported Opinions of Dr. Almeroth (Docket No. 630) should be denied-as-moot based on the parties' agreement. Docket No. 847 at 1. The Magistrate Judge did not err in making this recommendation. *See* Docket No. 858 at 227:16–20.

Second, the Magistrate Judge's report recommends that Dell's Motion for Partial Summary Judgment of No Willful Infringement and No Indirect Infringement (Docket No. 604) be denied. *See* Docket No. 847 at 1, 11. The report recommends that this motion should be denied because Plaintiff proffered sufficient evidence to show a genuine dispute of material fact for Plaintiff's pre-suit and post-suit allegations of indirect infringement for the Asserted Patents. *See generally id*. In addition, the report finds that Plaintiff only alleged Dell willfully infringed the '205 Patent and that Plaintiff proffered evidence sufficient to show Dell's pre- and post-suit willful infringement as to that patent. *Id.* at 8, 10. Upon review of this report and the record, the Court finds no clear error.

Third, the Magistrate Judge's report recommends Plaintiff's Motion for Summary Judgment on Defendants' License and Related Patent Exhaustion Defenses and Motion for Partial

Summary Judgment that Broadcom Products are Not Non-Infringing Alternatives (Docket No. 606) should be denied. Docket No. 849. The parties' surviving dispute centers on whether there is a genuine dispute of material fact as to whether certain Broadcom products are non-infringing alternatives.[4] *See* Docket No. 849 at 4–5; *see also* Docket Nos. 606 at 17–18, 646 at 16–18. Defendants proffered evidence that supports their position that the Broadcom license was active at the time of the hypothetical negotiations and that there were licensed Broadcom products being sold at the time that were capable of supporting large receive offload ("LRO"). *See* Docket No. 646 at 8–12, 16–18. Accordingly, the report finds that a dispute of material fact is still present for the availability of the Broadcom products as non-infringing alternatives. Docket No. 849 at 4–5. The Court finds no clear error in the report's analysis of the surviving dispute.

Fourth, the Magistrate Judge recommends that Intervenor Intel's Motion for Summary Judgment of No Direct Infringement and Defendants' Motion for Partial Summary Judgment of No Direct Infringement (Docket No. 610) should be denied. Docket No. 851. The report reviews Plaintiff's evidence in support of Dell and Intel's direct infringement of claim 1 of the '205 Patent and claims 17 or 22 of the '948 Patent to recommend that there is evidence sufficient to create a genuine dispute of material fact as to whether Dell and Intel's products directly infringe those patents.[5] *Id.* at 6–11. The Court finds no clear error.

Finally, the Magistrate Judge recommends that Alacritech's Partial Motion for Summary Judgment of No Invalidity in View of IPR Estoppel (Docket No. 607) be granted with respect to

---

[4] Although Plaintiff's motion was originally broader in scope, the Magistrate Judge correctly recommends that the other grounds be found moot due to settlements and stipulations. Docket No. 849 at 4.

[5] Intel and Dell did not move for summary judgment of no direct infringement with respect to U.S. Patent No. 8,131,880. Docket No. 610.

the Thia/Tanenbaum combination and the Rütsche32/Stevens II combination but denied as to the rest of the motion. Docket No. 853. Dell and Intel did not oppose Plaintiff's motion with respect to the Thia/Tanenbaum combination and the Rütsche32/Stevens II combination. *See* Docket Nos. 643, 709, 712. Accordingly, the report is correct to find Plaintiff's motions should be granted as to those references. *See* Docket No. 853. Dell and Intel also represented that they will not present invalidity arguments based on the Intel Zero Copy and Connery systems. Docket No. 709 at 5. Consistent with the Court's order on Plaintiff's second motion *in limine* (Docket No. 876 at 2), the report is also correct that this motion is moot with regard to the Intel Zero Copy and Connery systems because of Dell and Intel's agreement not present Zero Copy and Connery as bases for invalidity.

\*   \*   \*

In conclusion, the Court has reviewed the pleadings in this case and the reports of the Magistrate Judge. Upon such review, the Court has determined the reports are correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the reports of the Magistrate Judge (Docket Nos. 847, 849, 851, 853) are **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant Dell's Motion for Partial Summary Judgment of Non-Infringement and in the Alternative a Motion to Strike Unsupported Opinions of Dr. Almeroth (Docket No. 630) is **DENIED-AS-MOOT**. It is further

**ORDERED** that Dell's Motion for Partial Summary Judgment of No Willful Infringement and No Indirect Infringement (Docket No. 604) is **DENIED**. It is further

**ORDERED** that Plaintiff Alacritech's Motion for Summary Judgment on Defendants' License and Related Patent Exhaustion Defenses and Motion for Partial Summary Judgment that Broadcom Products are Not Non-Infringing Alternatives (Docket No. 606) is **DENIED**. It is further

**ORDERED** Intervenor Intel's Motion for Summary Judgment of No Direct Infringement and Defendants' Motion for Partial Summary Judgment of No Direct Infringement (Docket No. 610) is **DENIED**. It is further

**ORDERED** that Plaintiff Alacritech's Partial Motion for Summary Judgment of No Invalidity in View of IPR Estoppel (Docket No. 607) is **GRANTED-IN-PART** as to the Thia/Tanenbaum combination and the Rütsche32/Stevens II combination. The remainder of this motion is **DENIED-AS-MOOT**.

So **ORDERED** and **SIGNED** this 12th day of October, 2023.

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE